1
2
3
4
5

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON - EUGENE**

| | |
|---|---|
| WILLIAM J. PAATALO | CASE NO. 15-cv-1420 |
| Plaintiff, | |
| v. | PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT |
| WASHINGTON MUTUAL BANK, F.A. | |
| J.P. MORGAN CHASE BANK | |
| Defendant. | |

COMES NOW Plaintiff, William J. Paatalo, by and through Pacific Property Law LLC, complains and alleges:

I.      NATURE OF THE ACTION

1.   Plaintiff purchased the property at 400 East 3rd Street, Yachats, Oregon 97498 for $449,500.00 on June 23, 2004. A Warranty Deed was issued to Plaintiff and recorded as Sale Document No. 409480.

2.   Plaintiff refinanced the subject property with a simultaneous 1st & 2nd deed of trust with Washington Mutual Bank, F.A. ("WMB") on August 10, 2006. The first DOT was for $880,000.00 on an "Option Arm" loan, with the second DOT being a revolving equity line of credit (HELOC) for $109,494.00. (Aff. of WJP – Exhibit E).

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

3.    In September of 2007, Plaintiff was solicited by WMB by phone with an offer to increase his (HELOC) account by $45,000.00.  Plaintiff did not make an application, nor did Plaintiff seek a credit increase to this account prior to WMB's solicitation.

4.    Due to no requirements being made of Plaintiff, in terms of providing incomedocuments or filling out new applications, Plaintiff accepted the offer for the credit increase.

5.    Shortly after the increase to the HELOC, Plaintiff engaged in a dispute with WMB in the fall of 2007 for misapplying payments and reporting false derogatory information to the credit reporting agencies on the HELOC account.

6.    While the dispute continued with WMB for the next four months, Plaintiff began to suspect fraud, and realizing that numerous violations under the Truth-In-Lending Act (TILA) had been discovered, such as the failure to provide proper "Notices of Rescission" on the 2006 loans, the hyper-inflated 260% increase on the appraised valuation of Plaintiff's property, and the falsifying of Plaintiff's income on his "Residential Loan Application" without his knowledge and consent, Plaintiff sent a written "Notice of Rescission" on both loans via certified mail to WMB on or about March 29, 2008.

7.    Shortly after WMB received Plaintiff's notice to rescind, Plaintiff received a letter from WMB declining his rescission and attaching a "payoff quote" of just under one million dollars. The letter informed Plaintiff that in order to rescind, he would have to first "tender" back the full amount of the debt which was impossibility.

8.    After Plaintiff's rescission was declined and/or conditioned by WMB, his disputes did not end. Plaintiff entered into protracted litigation beginning in July of 2008 against WMB, but due to WMB's failure on September 25, 2008, his claims outside of the TILA violations went to the FDIC.

9.    Plaintiff did not file a TILA Rescission claim in court against WMB, or through the

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

FDIC's FEIRRA claims-process because Plaintiff was told he had to tender first; an act that was impossible for Plaintiff to perform.  WMB did not challenge the rescission letter in court nor did WMB take steps to properly rescind the transaction as was required under 15 U.S.C. § 1635(b).

10.    On April 2, 2009, while Plaintiff's claims against WMB were in the hands of the FDIC, and after his credit had been negligently destroyed by WMB, WMB declared a default by recording a "Notice of Default And  Election To Sell" document in the Lincoln County, Oregon land records as Doc. No. 2009-03840 (Aff of WJP - Exhibit A.)

11.    On July 31, 2009, a series of documents including a "Notice of Foreclosure," "Trustee's Notice of Sale," and affidavits claiming that WMB was the beneficiary of Plaintiff's Deed of Trust were recorded in the Lincoln County, Oregon land records as Doc. No. 2009-08941 (Aff of WJP - Exhibit B.)

12.    No assignments of either of Plaintiff's Deeds of Trust were recorded in the Lincoln County, Oregon land records transferring any of WMB's alleged beneficial interests to any other entity; specifically JPMorgan Chase.

13.    On August 18, 2009, a Trustee's Deed was issued to JPMorgan Chase Bank, N.A. as The purchaser of the subject property for cash consideration in the amount of $410,000.00 (Aff of WJP - Exhibit C.)

14.     In late 2010, JPMorgan Chase filed an unlawful detainer action against Plaintiff in Lincoln County State Court under Case No. 103837.

15.    Plaintiff answered the complaint with counterclaims asserting facts related to TILA violations, and recorded a "Lis Pendens" on the property in the Lincoln County Land Records on February 14, 2011 as Doc. No. 2011-01633. (Aff. of WJP – Exhibit D).

16.     In the midst of defending the unlawful detainer action, and with the Lis Pendens recorded on title of the property, JPMorgan Chase sold the subject property for $285,000.00 on July 12, 2011.

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

17.    The Lis Pendens remains on title to this day.

18.    Having reviewed the now recent U.S. Supreme Court's decision in *Jesinoski v. Countrywide*, Plaintiff sent JPMorgan Chase an additional "Notice" via certified mail on April 21, 2015 memorializing the March 29, 2008 rescission (Aff of WJP - Exhibit E.)

19.    There has been no response from JPMorgan Chase.

20.    As grounds for supporting the 2008 rescission, Plaintiff alleges the following:

## II. JURISDICTION, VENUE, AND PARTIES

**A.    JURISDICTION**

**i.    *Diversity of Citizenship***

21.    Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.  The named parties are of completely diverse citizenships.  The Property is situated in the State of Oregon and the Plaintiff is a resident of Montana.  Defendant CHASE is a national banking association with its main office located at 270 Park Avenue, Midtown, Manhattan, New York City, New York.  J.P. Morgan Chase Bank acquired certain assets of Washington Mutual Bank, F.A. in September of 2008 from the FDIC and Washington Mutual Bank F.A. no longer exists. Defendant CHASE is a citizen of New York for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).  None of the defendants are citizens of the state of Oregon.

**ii.    *Amount in Controversy***

22.    The amount in controversy exceeds $75,000, exclusive of interest and costs.  This Complaint concerns a loan with an original balance of $880,000, with a balance allegedly due and owing of $944,573.06.as of July of 2009. Therefore, the request for relief stated in this Complaint places the claim well over $75,000 in controversy, exclusive of interests and costs.

**iii.    *Supplemental Jurisdiction***

PLAINTIFF'S COMPAINT FOR DECLARATORY RELIEF,
ETC  - 4

**PACIFIC PROPERTY LAW, LLC**
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

23.     Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.  This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

### iv.     Federal Question Jurisdiction

24.     In addition, as a separate basis for jurisdiction, the United States District Court of the District of Oregon has original jurisdiction over this action under 28 U.S.C. 1331 (federal question).  As explained below, the action presents questions of federal law under the Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23, relating to rescission rights, that must be decided in order for Plaintiffs to prevail on these claims.

## B.     VENUE

25. Venue for all claims lies in the District of Oregon since Plaintiff's claims arose from acts of the Defendants perpetrated therein or perpetrated on an Oregon resident through the phone or mail system.

## C.     PARTIES

26.     Plaintiff Paatalo is now a resident of the State of Montana and the Property in question is located at 400 East 3rd Street, Yachats, OR 97498.

27.     Washington Mutual Bank, F.A. is the original lender as reflected on the Deeds of Trust dated August 10, 2006 and recorded as Doc. No. 20071101.

28.     J.P. Morgan Chase Bank acquired certain assets of Washington Mutual Bank, F.A. in September of 2008 from the FDIC, through a "Purchase and Assumption Agreement", after the FDIC seized Washington Mutual Bank, F.A. in one of the largest bank failures in U.S. History.

29.     J.P. Morgan Chase (hereafter "CHASE" organized and existing under the laws of the United States of America, has its principal executive offices at 270 Park Avenue, Midtown,

PLAINTIFF'S COMPAINT FOR DECLARATORY RELIEF, ETC  - 5

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

Manhatten, New York City, New York.  There is no recorded transfer of assignment from WAMU to JP Chase Morgan.

30.     Nonparty Northwest Trustee Services, Inc., 13555 SE 36th St., Ste. 100, Bellevue, WA 98006 (hereinafter "NTS.") conducted the illegal and unlawful sale of this property on August 18th, 2009.

### III.  ISSUES PRESENTED & CLAIMS FOR RELIEF

31.     The Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23 allow for a borrower to rescind the Note and Deed of Trust by operation of law.  This occurred in this case as of March 29, 2008 when Plaintiff sent the rescission notice and more than 20 days had elapsed without any formal response from Washington Mutual Bank.

32.     Specifically, the undisputed evidence shows that Plaintiff timely rescinded both of his 2006 notes and deeds of trust under TILA 15 U.S.C. § 1635(a) on March 29, 2008, effectively voiding all contracts and debt.  Therefore, Defendants had no standing to initiate a foreclosure or collect payments under the contracts because those contracts were extinguished by operation of law on March 29, 2008.

33.     This loan was the result of predatory lending; it was based on illegal and unfair business practices and fraud that were designed to force Plaintiff into forfeiting his property, valued at over $1,000,000 dollars. The law does not stand for such practices. Chase has no standing and has never had any valid title or legal right to Plaintiff's payments or a valid secured interest. How could it? Chase did not acquire WaMu's assets through the FDIC until  September 25, 2008; almost 6-months after Plaintiff rescinded the loans.

34.     The facts are clear and undisputed; Plaintiff 's loans were rescinded and extinguished by operation of law on March 29, 2008, and no party could obtain any rights or interest to enforce contracts that were made void after this date.

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

## PLAINTIFF IS ENTITLED TO DECALATORY RELIEF BASED ON HIS LEGAL
## RESCISSION UNDER TILA

35.      TILA gives borrowers a "right to rescind" for some kinds of consumer credit

transactions. 15 U.S.C. § 1635(a); see 15 U.S.C. § 1635(d) (right to rescind is unwaivable except in

emergency circumstances). Rescission applies to transactions in which a creditor takes a security

interest in an obligor's "principal dwelling" and in return, provides money on property the obligor uses

for non-business purposes. 15 U.S.C. § 1635(a). In 1974 TILA was amended to limit the time an

obligor had to rescind a transaction to three years after the consummation of the transaction or sale of

the property. 15 U.S.C. § 1635(f).

36.      Of primary concern, and importance, as *clarified* in the United States Supreme Court

in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 190 L. Ed. 2d 650, 574 U.S. (2015)*,*

the obligor's exercise of the rescission triggers a series of steps through which the transaction is

unwound. *See Beach*, 523 U.S. at 412-413. First, when an obligor exercises his right to rescind, he is

not liable for any finance charge or other charge, and ***any security interest given by the obligor***

***becomes void upon rescission.*** 15 U.S.C. § 1635(b). Second, within twenty days after receipt of the

notice of rescission, the creditor shall return to the obligor any money or property given as earnest

money, down payment or otherwise, and shall take any action necessary or appropriate to ***reflect***

***termination of any security interest*** created under the transaction. *Ibid*. Third, upon performance by

the creditor's obligations under this section, the obligor shall tender any property the creditor has

previously delivered (or its reasonable value). *Ibid*. Pursuant to Reg Z notice is given by mail,

telegram, or other means of written communication. 12 C.F.R.226.23(a)(2) ; See 12 C.F.R. Pt. 226,

Apps. H-8, H-9 (Model forms for excising Rescission Right); 12 C.F.R. 1026.23(a)(2).

37.      Erroneously, lower Courts have misinterpreted § 1635 as requiring the obligor to file

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

a lawsuit to effect rescission. However, the plain language of the statute puts no such requirement on the obligor. That provision "says nothing in terms of an action" or a "suit's commencement"; rather it speaks to the "duration" of the rescission right. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 417 (1998). The *Supreme Court* found that nowhere does § 1635(a) allow for a debate as to disputed or undisputed notices; simply put the transaction and its contracts are *void as a matter of law* upon mailing of the Notice of Rescission. *Jesionski, supra,* at 793 . Based on the clarification of the TILA rescission by the *Supreme Court,* Plaintiff's contracts became *void* as of March 29, 2008. Regardless to whether the creditor fulfills its legal requirement to return all funds paid on the loan and reflect the termination of the security instrument, the loan no longer exists; the contracts are void and any acts by any party based on the loan or contracts are illegal.

### Burden of Proof and Elements

38.     All Plaintiff is required to show is the loan was rescinded by virtue of written notice. Period. He has done so –providing his sworn testimony and evidence.

### Elements are by matter of law Proven by No Response to Letter

### As a Matter of Law the Rescission was Effective as of March 29, 2008.

39.     The letter was mailed on or about March 29, 2008; the creditor had 20 days to file action in dispute of the notice of rescission and chose not to do so. The loan and contracts are void and must be cancelled as a matter of law effective March 29, 2008.

### Clarification of the Rescission is substantiated as of April 21, 2015.

40.     The letter "memorializing" the March 29, 2008 Rescission was sent on April 21, 2015; Nonparty JPMorgan Chase had another opportunity file an action/response in dispute of the notice of rescission and chose not to do so. The loan and contracts were void as of March 29, 2008 and must be cancelled as a matter of law.

### IV. RELIEF REQUESTED

41.     Plaintiff re-alleges each of the previous allegations as if set forth fully herein.

PLAINTIFF'S COMPAINT FOR DECLARATORY RELIEF,
ETC  - 8

**PACIFIC PROPERTY LAW, LLC**
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

WHEREFORE, Plaintiff hereby requests Declaratory Relief per the March 29, 2008 rescissions as follows:

a.   That Plaintiff be put back in title to the subject property as sole owner as is his right.

b.   That the foreclosure of Plaintiff's void Deeds of Trust be deemed null and void.

c.   That all documents recorded on or against title to the subject property in the Lincoln County, Oregon public land records after March 29, 2008 be declared null and void.

DATED this 29th day of July, 2015.

Respectfully Submitted
By: PACIFIC PROPERTY LAW, LLC

By: */s/ John A. Cochran*_____
JOHN A. COCHRAN, WSBA # 020022
Counsel for Plaintiff William J. Paatalo

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083