38

Lincoln County, Oregon
08/24/2009 03:08:42 PM    **2009-09840**
DOC-TRD                   Cnt=1 Pgs=2 Stn=5 JINMAN
$10.00 $11.00 $10.00 $7.00 - Total =$38.00

I, Dana W. Jenkins, County Clerk, do hereby certify that the within instrument was recorded in the Lincoln County Book of Records on the above date and time. WITNESS my hand and seal of said office affixed.

Dana W. Jenkins, Lincoln County Clerk

Recorded by First American
Title Insurance Co.
Order # 1374633

## TRUSTEE'S DEED

THIS INDENTURE, made August 20, 2009, between Northwest Trustee Services, Inc., hereinafter called the Trustee and JPMorgan Chase Bank, National Association, hereinafter called the second party;

### RECITALS:

RECITALS: William John Paatalo, a single man, as grantors, executed and delivered to: Western Title & Escrow, as trustee, for the benefit of Washington Mutual Bank, FA, as beneficiary, a trust deed dated 08/10/06, duly recorded on 08/18/06 in the mortgage records of Lincoln County, Oregon in 200612722. In the trust deed, the real property described below ("Property") was conveyed by the grantor to the trustee to secure, among other things, the performance of the grantor's obligations to the beneficiary. The grantor thereafter defaulted in the performance of those obligations and such default(s) still existed at the time of the trustee's sale of the Property described below.

Because of the default(s), the record beneficiary under the trust deed or its predecessor declared all sums secured by the trust deed immediately due and owing; therefore, a Notice of Default, containing an election to sell the Property and to foreclose the trust deed by advertisement and sale to satisfy grantor's obligations owed to the beneficiary was recorded in the mortgage records of the county in which the Property is located on 04/02/09, in 2009-03840.

After recording the Notice of Default, the trustee gave notice to the grantor(s) and/or occupants pursuant to the requirements of section 20 and 21, Chapter 19, Oregon laws 2008 ("Bill") by mailing said notice by both first class and certified mail with return receipt requested. Trustee gave notice of the time for and place of sale of the Property as required by law; copies of the Trustee's Notice of Sale were served pursuant to ORCP 7D.(2) and 7D.(3) or mailed by both first class and certified mail with return receipt requested to the last known address of the persons or their legal representatives, if any, named in ORS 86.740(1) and (2)(a), at least 120 days before the date the Property was sold, and the Trustee's Notice of Sale was mailed by first class and certified mail with return receipt requested, to the last-known address of the guardian, conservator or administrator or executor of any person named in ORS 86.740(1), promptly after the trustee received knowledge of the disability, insanity or death of any such person; the Trustee's Notice of Sale was served upon occupants of the Property in the manner in which a summons is served pursuant to ORCP 7D.(2) and 7D.(3) at least 120 days before the date the Property was sold, pursuant to ORS 86.750(1). If the foreclosure was stayed and released from stay, copies of an Amended Notice of Sale in the form required by ORS 86.755(6) were mailed within thirty days after release from stay by registered or certified mail to the last-known address of those persons listed in ORS 86.740 and 86.750(1) and any person requesting notice who was present at the time and place set for the sale which was stayed. Further, the trustee published a copy of the Trustee's Notice of Sale in a newspaper of general circulation in each county in which the Property is located, once a week for four successive weeks; the last publication of Notice of Trustee's Sale occurred more than twenty days prior to the date of sale. Compliance with the Bill and the mailing, service and publication of the Trustee's Notice of Sale are evidenced by one or more affidavits or proofs of service duly recorded prior to the date of sale in the official records of the county in which the Property is located.

| | FOR COUNTY USE: |
|---|---|
| Northwest Trustee Services, Inc.<br>P.O. Box 997<br>Bellevue, WA 98009-0997<br>    Grantor's Name and Address | |
| JPMorgan Chase Bank, National Association<br>7255 BayMeadows Way<br>Jacksonville, FL 32256<br>    Grantee's Name and Address | |
| After Recording Return to:<br>Northwest Trustee Services, Inc.<br>Attn: Post Sale Dept.<br>P.O. Box 997<br>Bellevue, WA 98009-0997    7763.24527 | |
| Until a change is required all tax statements shall be sent to the following address:<br>JPMorgan Chase Bank, National Association<br>7255 BayMeadows Way<br>Jacksonville, FL 32256<br>    Name, Address, Zip | |

Consideration:    $410,000.00

EXHIBIT C

The trustee has no actual notice of any person, other than the persons identified in the affidavit(s) and proof(s) of mailing and/or service, having or claiming any lien on or interest in the Property, entitled to notice pursuant to ORS 86.740(1)(b) or (1)(c).

Pursuant to the Notice of Trustee's Sale, one or more due public proclamations of the sale's postponement and/or an Amended Notice of Trustee's Sale, the trustee -- on August 18, 2009, at 10:00 a.m. in accord with the standard of time established by ORS 187.110, and at the place so fixed for sale, in full accordance with the laws of the State of Oregon and pursuant to the powers conferred upon said trustee by the trust deed -- sold the Property in one parcel at public auction to JPMorgan Chase Bank, National Association for the sum of $410,000.00, JPMorgan Chase Bank, National Association being the highest and best bidder at the sale. The true and actual consideration paid for this transfer is the sum of $410,000.00

NOW, THEREFORE, in consideration of the sum of $410,000.00 paid by JPMorgan Chase Bank, National Association in cash, the receipt of which is acknowledged, and by the authority vested in the trustee by the laws of the State of Oregon and by the trust deed, the trustee does hereby convey JPMorgan Chase Bank, National Association all interest the grantor had or had the power to convey at the time of grantor's execution of the trust deed, together with any interest the grantor or grantor's successors in interest acquired after the execution of the trust deed in and to the Property, which is legally described as follows:

Lot 7 and the East 22 feet of Lot 6, Block 2, Yachats, in the City of Yachats, County of Lincoln and State of Oregon.

Commonly known as: 400 East 3rd Street, Yachats, OR 97498

This conveyance is made without representations or warranties of any kind. By recording this Trustee's Deed, Grantee understands, acknowledges and agrees that the Property was purchased in the context of a foreclosure, that the trustee made no representations to Grantee concerning the Property and that the trustee owed no duty to make disclosures to Grantee concerning the Property, Grantee relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property.

IN WITNESS WHEREOF, the undersigned trustee has executed this document; if the undersigned is a corporation, it has caused its corporate name to be signed and its seal affixed hereto by an officer or other person duly authorized thereunto by order of its Board of Directors.

Northwest Trustee Services, Inc., Trustee

STATE OF WASHINGTON ) 
) ss.
COUNTY OF KING )

I certify that I know or have satisfactory evidence that **Jeff Stenman** is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as an Assistant Vice President of Northwest Trustee Services, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: 8-20-09

S. L. BURNS
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
MARCH 28, 2011

NOTARY PUBLIC in and for the State of Washington, residing at King Co.
My commission expires 3/28/2011

THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930