**KEVIN H. KONO, OSB #023528**
kevinkono@dwt.com
**KALEY L. FENDALL, OSB #093509**
kaleyfendall@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

**FREDERICK B. BURNSIDE, OSB #096617**
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 757-8016
Facsimile: (206) 757-7016

      Attorneys for JP Morgan Chase Bank, N.A.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| **WILLIAM J. PAATALO,**<br><br>      **PLAINTIFF**,<br><br>v.<br><br>**WASHINGTON MUTUAL BANK, F.A.**<br>**JPMORGAN CHASE BANK NA,**<br><br>      **DEFENDANTS**. | Case No. 15-cv-01420-AA<br><br>**DEFENDANT JPMORGAN CHASE**<br>**BANK, N.A.'S MOTION TO DISMISS**<br>**PLAINTIFF'S COMPLAINT**<br><br>**<u>Request for Oral Argument</u>** |

## LOCAL RULE 7-1 CERTIFICATION STATEMENT

Pursuant to Local Rule 7-1(a), counsel for Defendant JPMorgan Chase Bank, N.A. has

conferred with counsel for Plaintiff William J. Paatalo via telephone on September 14, 2015, but

the parties were unable to resolve the subject matter of this motion.

Page 1 - MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant JPMorgan Chase Bank, N.A. ("Chase")[1] respectfully moves for an order dismissing Plaintiff William J. Paatalo's ("Plaintiff") Complaint with prejudice for failure to state a claim upon which relief can be granted.  In support of this motion, Chase submits the following supporting memorandum of law.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

In 2006, Plaintiff refinanced his property, receiving an $880,000 loan and a $109,494 home equity line of credit ("HELOC") from Washington Mutual Bank ("WaMu"), each secured by a Deed of Trust.  In 2009, nearly six years before Plaintiff filed his Complaint, the property was sold to Chase at a nonjudicial foreclosure sale because Plaintiff defaulted on his loan payments.  Plaintiff does not dispute that he was in default on his loan.  Nor does Plaintiff dispute that he received full notice of the trustee's foreclosure sale in compliance with Oregon's nonjudicial foreclosure statutes.  Instead, Plaintiff seeks to unwind the foreclosure sale based on Plaintiff's alleged rescission of the loans in March 2008, more than seven years ago, and seeks to be given title the property, free and clear of all liens, without mention of returning the nearly $1 million dollars he received.  Plaintiff premises his claim on the argument that because Plaintiff's rescission of his loan was both timely and valid, every subsequent transaction related to the subject property – including the notice of foreclosure and trustee's sale – was null and void.  Even assuming, for purposes of this motion, Plaintiff provided timely and valid notice of rescission of his loan, however, Plaintiff's claim fails for the following reasons:

---

[1] Plaintiff appears also to name "Washington Mutual, F.A." as a defendant.  As Plaintiff states in the Complaint, "Washington Mutual Bank, F.A. no longer exists."  Compl., ¶ 21.  As discussed herein, Washington Mutual Bank went into FDIC receivership, and "Chase acquired certain assets of Washington Mutual Bank, F.A. … from the FDIC."  Compl., ¶¶ 21, 28.

DWT 27761308v3 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*First*, because all of Plaintiff's allegations relate to a loan originated with WaMu, and Chase did not assume any liability from the FDIC for claims relating to WaMu's lending activities, Plaintiff cannot state a claim against Chase.

*Second*, even if Plaintiff could bring a claim against Chase, Oregon law bars post-sale challenges to the validity of a completed, non-judicial foreclosure.

*Third*, because Plaintiff's ability to prevail on his claim for declaratory relief hinges entirely on whether Plaintiff has a right to rescind under the Truth-in-Lending Act ("TILA"), 15 U.S.C § 1601, *et seq*., Plaintiff fails to state a claim for two additional reasons: (1) Plaintiff's alleged right to rescind under TILA was extinguished by the sale of the subject property; and (2) even if Plaintiff still had the ability to rescind, Plaintiff's TILA rescission claim is time-barred on its face.

## II.    FACTUAL BACKGROUND

**Purchase of Property**.  Plaintiff alleges that on June 23, 2004, Plaintiff purchased real property located at 400 East 3rd Street, Yachats, Oregon 97498 for $449,500.00.  Compl., ¶ 1. Plaintiff further alleges that he refinanced the subject property with WaMu on August 10, 2006. Compl., ¶ 2.  Plaintiff obtained an "Option Arm" loan in the amount of $880,000.00, which was secured by a Deed of Trust, also dated August 10, 2006.  Compl., ¶ 2, Ex. E, p. 2.  Plaintiff alleges that he also obtained a HELOC from WaMu for $109,494.00, which was secured by a second Deed of Trust.  Compl., ¶ 2.  On September 14, 2007, Plaintiff entered into a Modification Agreement with WaMu, which increased the credit limit on his HELOC account by $45,000.00, from $109,494.00 to $154,889.00.  Compl., ¶ 3, Ex. E, p. 19.

**Plaintiff's Alleged Notice of Rescission**.  Plaintiff alleges that, shortly after Plaintiff entered into a Modification Agreement with WaMu on September 14, 2007, Plaintiff got into a dispute with WaMu regarding alleged misapplication of payments to his account.  Compl., ¶ 5. Around the time of Plaintiff's dispute with WaMu, Plaintiff claims he learned of alleged violations of TILA by WaMu, including "failure to provide proper 'Notices of Rescission'" on

Page 3 - MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Plaintiff's August 10, 2006 loans, a "hyper-inflated 260% increase on the appraised valuation of Plaintiff's property, and the falsifying of Plaintiff's income on his 'Residential Loan Application.'" Compl., ¶ 6. According to Plaintiff, on or about March 29, 2008, he sent a written "Notice of Rescission," notifying WaMu that he was exercising his right to rescind both loans. Compl., ¶ 6. Plaintiff alleges that after he sent written notice of his rescission, WaMu sent Plaintiff a letter declining his rescission. Compl., ¶ 7. Plaintiff also alleges that, beginning in July of 2008, Plaintiff "entered into protracted litigation" with WaMu. Compl., ¶ 8.

**WaMu's Failure**. As acknowledged in Plaintiff's Complaint, WaMu was placed in receivership with the Federal Deposit Insurance Corporation ("FDIC") on September 25, 2008. Compl., ¶ 8, 28. Pursuant to a Purchase and Assumption Agreement ("P&A Agreement") between the FDIC and Chase, the FDIC sold many of WaMu's assets to Chase. Compl., ¶ 28. Plaintiff alleges that, after WaMu was placed into receivership with the FDIC, Plaintiff's previously initiated claims "outside of the TILA violations went to the FDIC." Compl., ¶ 8. Plaintiff affirmatively alleges that he failed to assert his known TILA claim in court or through the FDIC. Compl., ¶ 9.

**Plaintiff's Default**. Plaintiff alleges that on April 2, 2009 a "Notice of Default and Election To Sell" was recorded on the subject property. Compl., ¶ 10, Ex. A, p. 1. Plaintiff's Complaint does not dispute that he was in default of his payment obligations. Compl., ¶ 10.

**Notice of Sale and Trustee's Sale**. Plaintiff alleges that on July 31, 2009, a "Notice of Foreclosure," "Trustee's Notice of Sale," and related pre-sale affidavits were recorded on the subject property. Compl., ¶ 11, Ex. B, pp. 3-17. Thereafter, on August 18, 2009, the subject property was sold to Chase for the sum of $410,000.00. Compl., ¶ 13. A Trustee's Deed for the sale of the property was issued on August 20, 2009, which was then recorded on August 24, 2009. Compl., ¶ 13, Ex. C. Plaintiff does not allege that he did not receive proper notice of the trustee's sale. Compl., ¶ 11.

Page 4 - MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**Subsequent Sale**.  Plaintiff alleges that "JPMorgan Chase" sold the subject property for $285,000 on July 12, 2011."  Compl., ¶ 16.

## III.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion.  *Vasquez v. L. A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 545 (citations and footnote omitted).  The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Thus, Plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*).  Indeed, Plaintiff must allege facts sufficient to allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

## IV.    ARGUMENT

### A.    Plaintiff's claim against Chase for Washington Mutual Bank's alleged conduct fails as a matter of law.

Plaintiff alleges the loan transaction at issue originated with WaMu on or about August 10, 2006.  Compl., ¶¶ 2, 6.  WaMu was placed in receivership with the FDIC on September 25, 2008.  Compl., ¶ 8, 28.  Shortly thereafter, Chase acquired most of WaMu's assets pursuant to the P&A Agreement with the FDIC.  Compl., ¶ 28; *see also Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1210 (9th Cir. 2012).  Because the P&A Agreement between Chase and the

DWT 27761308v3 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

FDIC explicitly provides Chase did not assume any liability associated with borrower claims against WaMu, Plaintiff's claim should be dismissed.

The Federal Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1811, *et. seq*., governs the transfer of assets from a federal receiver to a subsequent purchaser.  Pursuant to FIRREA, when the FDIC enters into receivership for a failed bank, it succeeds to "all rights, titles, powers, and privileges" of the failed bank.  12 U.S.C. § 1821(d)(2)(A)(i).  As receiver, the FDIC "shall pay all valid obligations of the insured depository institution," *i.e.*, the failed bank.  12 U.S.C. § 1821(d)(2)(H).  Thus, the FDIC "steps into the shoes" of the failed bank, "obtaining the rights of the insured depository institution that existed prior to receivership."  *O'Melveny v. Myers v. FDIC*, 512 U.S. 79, 86 (1994).  As receiver, the FDIC is also authorized to "take any action … which [it] determines is in the best interests of the depository institution."  12 U.S.C. § 1821(d)(2)(J); *see also Sahni v. American Diversified Partners*, 83 F.3d 1054, 1058 (9th Cir. 1996) (receivership grants the FDIC the "power to take all actions necessary to resolve the problems posted by a financial institution in default").  Accordingly, the FDIC may "transfer any asset or liability of the institution in default … without any approval, assignment, or consent with respect to such transfer."  12 U.S.C. § 1821(d)(2)(G)(i)(II); *see also West Park Associates v. Butterfield Sav. & Loan Ass'n.*, 60 F.3d 1452, 1459 (9th Cir. 1995) (recognizing that the FDIC has "broad powers to allocate assets and liabilities" in order to facilitate a P&A Agreement).

Pursuant to this authority, and under the express terms of the P&A Agreement between the FDIC and Chase, "Chase did not assume any liability associated with borrower claims against [WaMu]."  *Jenkins v. JP Morgan Chase Bank*, 549 Fed. Appx. 673, 674 (9th Cir. Nov.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

19, 2013)[2]; *see also Rundgren v. Washington Mut. Bank, FA*, 760 F.3d 1056, 1059 (9th Cir. 2014) (noting that pursuant to the P&A Agreement, "FDIC retained most liabilities associated with those assets."). Indeed, Paragraph 2.5 of the P&A Agreement specifically states that Chase did not assume any liability for borrower claims relating to any loans or commitments to lend made by WaMu. Paragraph 2.5 of the P&A Agreement provides:

> **2.5 Borrower Claims**. Notwithstanding anything to the contrary in this Agreement any liability associated with borrower claims for payment of or liability to any borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable judicial or extrajudicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by [WaMu] prior to failure, or to any loan made by a third party in connection with a loan which is or was held by [WaMu], or otherwise arising in connection with [WaMu]'s lending or loan purchase activities are specifically not assumed by [Chase].

*Rundgren*, 760 F.3d at 1059 n.1.[3]

---

[2] Chase acknowledges that an unpublished opinion is not binding pursuant to 9th Cir. Rule 36-3, but that the Court may consider it for its persuasive value. *See United States v. Alvarado Martinez*, 556 F.3d 732, 735 (9th Cir. 2009) (treating post-January 1, 2007 unpublished opinions as persuasive authority); *Providence Health Plan v. Skyles*, 2012 WL 2259161, at *4 (D. Or. Apr. 9, 2012) (same).

[3] Chase requests that this Court take judicial notice of the P&A Agreement between the FDIC and Chase. As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). A district court may, however, "look beyond the complaint to matters of public record and doing so does not convert a 12(b)(6) motion to one of summary judgment." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Because the P&A Agreement is a public record, which is available on the FDIC's website (https://www.fdic.gov/about/freedom/washington_mutual_p_and_a.pdf), the P&A Agreement contains facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Moreover, several other federal district courts in this circuit have taken judicial notice of the P&A Agreement between the FDIC and Chase. *See Chancey v. Wash. Mut. Asset Backed Cert. WMABS Series 2007 – HE2 Trust Issuing Entity*, 2010 WL 3001178, at *1 (D. Or. July 27, 2010); *Danilyuk v. JP Morgan Chase Bank, N.A.*, 2010 WL 2679843, at *3 (W.D. Wash. July 2, 2010); *Allen v. United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1093-94 (N.D. Cal. 2009); *Biggins v. Wells Fargo*

Page 7 - MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Based on the express language in Paragraph 2.5 of the P&A Agreement between the FDIC and Chase, federal district courts in the Ninth Circuit – including this Court – have uniformly held that any borrower claims "for monetary relief, or … *any other form of relief* … related in any way to any loan or commitment to lend" made by WaMu prior to the date of the P&A Agreement, *i.e.*, September 25, 2008, cannot be brought against Chase. *Chancey v. Wash. Mut. Asset Backed Cert. WMABS Series 2007 – HE2 Trust Issuing Entity*, 2010 WL 3001178, *4-5 (D. Or. July 27, 2010) (emphasis added) (holding because "[P]laintiffs damages claims stem from a loan that originated with WaMu in January 2007 … claims must be brought against the FDIC and not WaMu."); *Danilyuk v. JP Morgan Chase Bank, N.A.*, 2010 WL 2679843, at *4 (W.D. Wash. July 2, 2010) (holding "Article 2.5 of the P&A Agreement relieves Chase of all liability for borrowers' claims relating to loans made by Washington Mutual prior to September 25, 2008."); *Frederici v. Monroy*, 2010 WL 1345276, at *2 (N.D. Cal. Apr. 6, 2010) (holding because "all of the claims against [Chase] are based on [WaMu's] lending activities, the liability for which was explicitly not assumed by [Chase] in its purchase of [WaMu's] assets, the [complaint] does *not* state any claims upon which relief could be granted against [Chase].") (emphasis in original); *Molina v. Washington Mutual Bank*, 2010 WL 431439, at *4 (S.D. Cal. Jan. 29, 2010) (holding that "any of Plaintiff's claims arising out of [Chase's] alleged status as successor in interest to Plaintiff's borrower claims against [WaMu] must fail.").

Here, Plaintiff's claim arises from loan transactions originated by WaMu on or about August 10, 2006, and in September 2007. Compl., ¶ 3. Moreover, Plaintiff's claim is based entirely on alleged conduct by WaMu, not Chase. Compl., ¶¶ 5-6. Specifically, Plaintiff alleges

---

*& Co.*, 266 F.R.D. 399 (N.D. Cal. 2009). The Court can properly consider the agreement on a motion to dismiss for the additional reason that Plaintiff's Complaint necessarily relies on the P&A Agreement as the basis for asserting liability against Chase. *See* Compl., ¶ 28; *Lee*, 250 F.3d at 688-89 (court can rely on documents outside the pleadings without converting to summary judgment if their authenticity is uncontested and the complaint "necessarily relies on them").

DWT 27761308v3 0036234-000408
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

that WaMu misapplied payments, reported false information to credit reporting agencies, failed to provide proper notices of rescission, relied on a hyper-inflated increase on the appraisal of Plaintiff's property, and falsified Plaintiff's income on his loan application.  Compl., ¶¶ 5-6. Because Plaintiff's claim is clearly related to a "loan or commitment to lend" by *WaMu*, and all such alleged conduct occurred *prior to the date of the P&A Agreement*, *i.e.*, September 25, 2008, the FDIC expressly retained liability for Plaintiff's claim.  Indeed, Plaintiff understood that—his claims against WaMu "went to the FDIC."  Compl., ¶ 8.  Plaintiff simply chose not to assert his TILA claim through the FDIC process.  Compl., ¶ 9.  Whether Plaintiff based that choice on a misapprehension of the law or some other reason is of no moment.  Plaintiff must live with that choice, and cannot now assert against Chase a claim that remained with the FDIC.  Plaintiff's Complaint fails as a matter of law because Plaintiff has no claim against Chase for loan purchase or related activities engaged in by WaMu, and the Court should dismiss Plaintiff's Complaint with prejudice.

**B.**    **Plaintiff's claim is statutorily barred because Plaintiff cannot challenge a completed, non-judicial foreclosure.**

Plaintiff argues that because he rescinded his loan on or about March 29, 2008, Chase "never had any valid title," or a "valid secured interest" in Plaintiff's property, and thus had "no standing to initiate a foreclosure" sale.  Compl., ¶¶ 31-33.  As set forth in Plaintiff's Complaint, however, the nonjudicial foreclosure sale was complete when the trustee issued a Trustee's Deed to Chase on or about August 18, 2009, approximately *six years* before Plaintiff's present challenge to the validity of the foreclosure sale.  Compl., ¶ 13, Ex. C.  Because Plaintiff does not allege that he was not in default or that he lacked proper notice of the trustee's sale, Plaintiff's interest in the subject property has been foreclosed and terminated, regardless of any alleged notice of rescission.  Accordingly, as a matter of law, Plaintiff cannot now challenge the sale's validity.

DWT 27761308v3 0036234-000408                    DAVIS WRIGHT TREMAINE LLP
                                              1300 S.W. Fifth Avenue, Suite 2400
                                                  Portland, Oregon  97201-5610
                                           (503) 241-2300 main · (503) 778-5299 fax

Oregon's Trust Deed Act ("OTDA"), ORS 86.705 *et. seq.*, reflects a careful balance of "protect[ing] grantors from the unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting grantor." *Staffordshire Investments, Inc. v. Cal-Western Reconveyance Corp.*, 209 Or. App. 528, 542, 149 P.3d 150 (2006).  As part of this balance, ORS 86.797(1) (*formerly* ORS 86.770(1)) provides that a "trustee's sale forecloses and terminated the interest in the property that belongs to a person to which notice of the sale was given." *See also Baggao v. Mascaro*, 77 Or. App. 627, 630-31, 714 P.2d 261 (1986) ("Under [ORS 86.797(1)], a trustee's foreclosure sale has the same effect as a judicial sale on foreclosure of a mortgage.  It terminates all interests in the property covered by the trust deed of all persons to whom notice is given.").  Thus, absent any defects to the required notice of the foreclosure sale, ORS 86.797(1) bars any post-sale challenges to the validity of a completed, nonjudicial foreclosure sale.

Courts have uniformly agreed that ORS 86.797(1) bars any post-sale challenges to a completed, nonjudicial foreclosure sale where adequate notice was provided, and have repeatedly applied ORS 86.797(1) to dismiss any attempts to challenge the validity of such a sale based on alleged OTDA violations or other procedural defects.  *See Collette v. Sutherland*, 2014 WL 203922, at *1-2 (D. Or. Jan. 15, 2014) ("[P]laintiff does not dispute that he was in default…[or] allege improper service of the Notice or any failure to provide him with information pertaining to his default or right to cure said default.  Consequently, the completed trustee's sale bars plaintiff's challenge."); *Nedelku v. Wells Fargo Bank, N.A.*, 2013 WL 3808795, at *2 (D. Or. July 19, 2013) ("[P]laintiff's challenges to the non-judicial foreclosure sale here are barred.  As plaintiff's received advance notice of the sale, their interest in the property was 'foreclosed and terminated.'"); *Hart v. Pac. Trust Bank*, 2013 WL 4829172, at *2 (D. Or. Sept. 9, 2013) ("Although plaintiff here had sufficient time to raise any of the current challenges before the sale, she chose instead to raise such challenges after the trustee's sale and recording of the trustee's deed.  Plaintiff's challenges to the trustee's sale are barred, as

Page 10 - MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

plaintiff's interest in the property was 'foreclosed and terminated.'"); *Roisland v. Flagstar Bank*, 989 F. Supp. 2d 1095, 1106 (D. Or. 2013) ("The grantor's remedy for OTDA violations in connection with the enforcement of a deed of trust is to raise any defects in the trustee's power of sale upon receipt of notice, prior to the trustee's sale and the recordation of the trustee's deed.").

Likewise, ORS 86.797(1) bars claims challenging a completed foreclosure sale where a plaintiff argues – as Plaintiff does in this case – that because a foreclosing party lacked a valid security interest in the subject property, a foreclosure sale was null and void.  In *Mikityuk v. Northwest Trustee Services, Inc.*, 952 F. Supp. 2d 958 (2013), for instance, the plaintiffs challenged the validity of a non-judicial foreclosure sale that was completed over two years before the plaintiffs filed their complaint, arguing that because Mortgage Electronic Registration Systems, Inc. ("MERS") was not a valid beneficiary under the OTDA, MERS lacked authority to appoint the successor trustee, which rendered all subsequent transactions concerning the subject property null and void.   The court disagreed, holding that "[a]nyone wishing to challenge any aspect of a non-judicial foreclosure sale must do so before the trustee's sale or, at the latest, before the recording of the trustee's deed." *Mikityuk*, 952 F. Supp. 2d at 966.   In construing the OTDA, the court noted that the "context of the OTDA demonstrate that the legislature weighed efficiency, certainty, and finality against the threat of wrongful foreclosure and, after including notice provisions intended to protect the grantor from wrongful foreclosure, came to the conclusion that the need for certainty and finality trumped the risks of wrongful foreclosure." *Id.* at 969.  Because "[v]oiding the sale here would encourage grantors who receive notice of a sale to sit on their rights, rather than compelling grantors to bring pre-sale challenges to a trustee's sale," the court held that "grantors' interest in the property was 'foreclosed and terminated' pursuant to [ORS 86.797(1)]." *Id.* at 970.  Indeed, to construe ORS 86.797(1) otherwise would allow a "lack of certainty [to] cloud every completed trustee's sale, even sales conducted years ago." *Id.* at 969; *accord Cotrell v. Central Mort. Co.*, No. 3:15-cv-0084-AA, 2015 WL 4623510 at *2 (D. Or. July 30, 2015) ("Courts within this district have consistently found that the OTDA

Page 11 - MOTION TO DISMISS PLAINTIFF'S COMPLAINT

precludes challenges to completed non-judicial foreclosures where timely statutory notice was served, even where the plaintiff asserts procedural defects due to MERS' involvement."); *Morkal v. Fed. Home Loan Mortgage Corp.*, No. 6:12-CV-01401-AA, 2014 WL 2041364, at *4 (D. Or. May 8, 2014) ("As in *Mikityuk*, plaintiff here failed to challenge the non-judicial foreclosure proceeding before the sale occurred and the trustee's deed was recorded."); *D'Ambrosio v. Sterling Sav. Bank*, No. 3:12-CV-01826-BR, 2013 WL 5744730, at *6 (D. Or. Oct. 22, 2013) (barring post non-judicial foreclosure claim for quiet title).

Relying on the reasoning set forth in *Mikityuk*, the Ninth Circuit also has held, in an unpublished opinion, that ORS 86.797(1) "bars post-sale challenges by parties to whom proper notice is given, because such a post-sale bar is consistent with the OTDA's purpose of providing lenders an efficient and final remedy against defaulting borrowers." *Angels Alliance Group, LLC v. ReconTrust Co., NA*, --- Fed. Appx. ---, 2015 WL 4071535, at *2 (9th Cir. May 4, 2015).[4] As in *Mikityuk*, the plaintiff alleged that because "MERS could not be designated as a beneficiary of a deed of trust under Oregon law," MERS could not "appoint ReconTrust as a successor trustee or assign the deed of trust," and thus the "foreclosure was not authorized under the OTDA." *Id.* at *2. The Ninth Circuit noted that plaintiff's post-sale argument was based on "MERS's role as a named beneficiary," and that any "post-sale challenge must be based on lack of notice or on some other fundamental flaw in the foreclosure proceeding, such as the sale being completed without the borrower actually being in default." *Id.* Because the plaintiff "received timely and adequate notice of the foreclosure sale," the Ninth Circuit held that the plaintiff's "interests in the property were 'foreclosed and terminated' when the sale was completed under [ORS 86.797(1)], and, as such [plaintiff] is now precluded from challenging the sale." *Id.*

As in *Mikityuk* and *Angels Alliance Group* and the many other cases in this district rejecting post-foreclosure challenges in which the plaintiffs generally alleged that because

---

[4] *See* Footnote 2, *supra*.

Page 12 - MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

MERS lacked authority to appoint a successor trustee, all subsequent transactions relating to the property were void, Plaintiff here alleges that because Chase lacked a "valid security interest" in the property, and "had no standing to initiate a foreclosure" based on Plaintiff's alleged rescission of the loans, the foreclosure sale is null and void.  Compl., ¶¶ 32-33.  Notably, Plaintiff does not dispute that he was in default of his loan.  Compl., ¶ 10.  Nor does Plaintiff deny that he received proper and sufficient notice of the trustee's sale.  Compl., ¶ 11.  Because Plaintiff's post-sale challenges do not (and cannot) allege a "lack of notice" or another "fundamental flaw in the foreclosure proceeding" – as is required to make any post-sale challenges under *Mikityuk* and subsequent authority – Plaintiff's interest in the subject property was "foreclosed and terminated" upon completion of the trustee's sale.  Pursuant to ORS 86.797(1), Plaintiff cannot – almost *six years* after the completion of the foreclosure sale – argue that the trustee's sale was invalid.  Accordingly, Plaintiff's claim should be dismissed as a matter of law.

C.    **To the extent Plaintiff's claim for declaratory relief is simply a claim for rescission under TILA, it fails for several additional reasons.**

Through his Complaint, Plaintiff seeks declaratory relief that, "per the March 29, 2008 rescissions" of his loan under TILA, (1) Plaintiff be "put back in title to the subject proper as the sole owner"; (2) the foreclosure of Plaintiff's "void Deeds of Trust be deemed null and void"; and (3) all documents recorded "against title to the subject property "be declared null and void." Compl., Prayer, ¶¶ (a)-(c).  While styled as a claim for "declaratory relief," Plaintiff acknowledges that his claim is wholly dependent on his alleged right to rescind under TILA, noting that "the action presents questions of federal law under [TILA], relating to rescission rights, that must be decided in order for Plaintiff to prevail on these claims."  Compl., ¶ 24. Although Plaintiff's claim for relief does not specifically reference or invoke TILA, to the extent Plaintiff attempts to state a claim for rescission under TILA, Plaintiff's claim should be dismissed for the following additional reasons.

Page 13 - MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1.    **Plaintiff's right of rescission under TILA was extinguished by the sale of the property.**

As discussed above, the subject property was sold at a trustee's sale on August 18, 2008, almost six years before Plaintiff filed his Complaint and then, according to Plaintiff, sold again on July 12, 2011.  Compl., ¶¶ 13, 16.  Even assuming Plaintiff's alleged notice of rescission to WaMu was both timely and valid, the subsequent sale of the property extinguished any viable claim of rescission Plaintiff may have had under TILA.

TILA's rescission provision, 15 U.S.C. § 1635(f), provides:  "*An obligor's right of rescission shall expire* three years after the date of consummation of the transaction or *upon the sale of the property*, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor…."  (Emphasis added.)  Accordingly, the sale of a property completely terminates a borrower's right to rescind under TILA with respect to that property.  *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 903 (9th Cir. 2003).  Relying on the express language of 12 C.F.R. 226.23(a)(3), which provides that "the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first," the Ninth Circuit held that "[t]he regulation is clear:  the right to rescind ends with the sale."  *Meyer*, 342 F.3d at 903.

Following *Meyer*, district courts in the Ninth Circuit have consistently held that the sale of a property – whether voluntary or involuntary – bars any right to rescission under TILA.  *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1192 (S.D. Cal. 2010) ("The Ninth Circuit has unequivocally stated that the sale of property is an absolute bar to rescission."); *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d 1176, 1183 (D. Or. 2005) ("In this case, the foreclosure sale has terminated plaintiff's right of rescission.").  "Indeed, the cases are legion that a foreclosure sale terminates a borrower's right to rescind under TILA." *Takushi v. BAC Home Loans Servicing*, L.P., 814 F. Supp. 2d 1073, 1080 (D. Hawaii 2001) (quoting *Valdez v.*

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Flexpoint Funding Corp.*, 2010 WL 3001922, at *7 (D. Hawaii July 30, 2010)).  "It does not

matter if the sale was not voluntary[.]"  *Takushi*, 814 F. Supp. 2d at 1080-81.

Moreover, even where a borrower asserts a timely TILA rescission request that predates a

sale of a property, the borrower's early notice of rescission does not preserve the borrower's

right to seek post-sale rescission.  *See Meyer*, 342 F.3d at 902-03 (holding sale of property barred

rescission, even where rescission demand was made prior to sale); *Benemie v. Countrywide*

*Home Loans, Inc.*, 2010 WL 4228339, at *1 (C.D. Cal. Oct. 26, 2010) ("[A] TILA rescission

claim is barred upon sale of the property at issue even if the sale occurs after notice of a

rescission claim.").  For instance, in *Jacobson v. Balboa Arms Drive Trust No. 5402 HSBC*

*Financial Trustee*, 2011 WL 3328487, at *1 (S.D. Cal. Aug. 1, 2011), plaintiffs obtained loans

secured by deeds of trust on their property on August 26, 2006.  On February 19, 2008, plaintiffs

sent a notice of rescission demanding cancellation of both loans.  *Id*.  On July 30, 2010,

plaintiffs' property was sold at a trustee's sale, and plaintiffs subsequently filed a lawsuit,

seeking relief in the form of both rescission and damages under TILA.  *Id*. at *2.  Although the

plaintiffs exercised their right of rescission within TILA's three-year rescission period, and

before the foreclosure sale, the court held that "any right of rescission under TILA is terminated

upon foreclosure sale of the property," and dismissed the plaintiffs' rescission claim with

prejudice.  *Id*. at *6.

Similarly, in *Ibarra v. Loan City*, 2010 WL 1573811, at *1 (S.D. Cal. Apr. 20, 2010), the

plaintiff obtained a refinancing loan on September 6, 2006.  In July 9, 2009, within three years of

the original loan consummation, plaintiff sent timely notices of rescission.  *Id*.  Thereafter, on

August 18, 2009, plaintiff initiated a lawsuit, seeking rescission of the loan agreement and

monetary damages for the defendants' alleged violation of TILA.  *Id*.  After the filing of the

lawsuit, the lender purchased the property at a trustee's sale on September 8, 2009.  *Id*.  Relying

on 15 U.S.C. § 1635(f), which provides that the right of rescission expires "three years after the

date of consummation of the transaction or upon the sale of the property, whichever occurs first,"

Page 15 - MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

the court held that plaintiff's "right to rescind under TILA expired on September 8, 2009 when the Property was sold at the trustee's sale." *Id.* at *2. Thus, the *Ibarra* court held that neither of plaintiff's pre-sale attempts to exercise his right to rescind, *i.e.*, plaintiff's timely notices of rescission, or plaintiff's filing of a lawsuit seeking rescission under TILA, could prevent plaintiff's right to rescind from terminating upon the sale of the property.

As *Meyer*, *Jacobson* and *Ibarra* make clear, even assuming Plaintiff's notice of rescission to WaMu on March 29, 2008 was both timely and valid, Plaintiff's pre-sale exercise of his conditional right to rescind does not preserve his post-sale claim for rescission under TILA. Indeed, despite any earlier attempts to rescind prior to the sale of the property, Plaintiff's right to rescind under TILA expired on August 18, 2009, when the property was sold at the trustee's sale. Accordingly, Plaintiff's claim for rescission under TILA fails as a matter of law.

**2.    Even if the sale did not terminate plaintiff's claim of rescission under TILA, it is time-barred.**

Even if the sale of the subject property on August 18, 2009 did not extinguish Plaintiff's conditional right to rescind, Plaintiff's claim for rescission under TILA is time-barred. Plaintiff alleges that he rescinded his August 10, 2006 loans on March 29, 2008, which was within the three-year period for rescission set forth in 15 U.S.C. § 1635(f). Compl., ¶ 6. Plaintiff, however, did not bring any TILA rescission claim until now, over *seven years* after Plaintiff allegedly exercised his right to rescind and almost *nine years* after the consummation of the loans at issue. Plaintiff's TILA rescission claim is untimely.

Plaintiff's Complaint cites to the U.S. Supreme Court's recent decision *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792-93 (2015), which held that pursuant to 15 U.S.C. 1635(f) "a borrower need only provide written notice to a lender in order to exercise his right to rescind," and that the "statute does not also require him to sue within three years." Although the Court clarified that filing suit within three years of the date the loan was consummated was not required to timely exercise a borrower's conditional right to rescind, the

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Court did not specifically address the time period in which a borrower must file any action seeking rescission where the lender contests the right to rescind under TILA. However, nothing in *Jesinoski* suggests the Court intended to remove any time limitation on a borrower's right to file a claim based on his TILA rescission rights, or intended a borrower to have an unlimited time period in which to enforce rescission rights. To the contrary, the Supreme Court expressly recognized that a borrower has an unconditional right to rescind for only three days, after which a borrower has a "conditional right to rescind"—the borrower "may rescind *only* if the lender failed to satisfy the Act's disclosure requirements." *Id.* at 792 (emphasis added). *Jesinoski* holds only that notice of rescission within three years of the transaction, rather than filing suit, is sufficient to timely exercise the conditional right to rescind, and does not address how to resolve a timely but contested exercise of conditional rescission rights, and on what timeline.

Courts have disagreed over the proper time period in which a borrower must bring a claim for rescission under TILA. While the Ninth Circuit holds that 15 U.S.C § 1635(f) requires dismissal of TILA rescission claims brought more than three years after the consummation of the loan, "regardless of when the borrower sends notice of rescission," *McOmie-Gray v. Bank of America Home Loans*, 667 F.3d 1325 (9th Cir. 2012) (now overruled by *Jesinoski* on that point), other circuit courts have held that the one-year statute of limitations set forth in 15 U.S.C. § 1640(e) applies to TILA rescission claims, *i.e.*, that a borrower has one-year from the date of the creditor's refusal to accept or failure to respond to rescission a rescission request to file an enforcement action. *See Palmer v. Champion Mortgage*, 465 F.3d 24, 27 (1st Cir. 2006) ("If a creditor does not respond to a rescission request within twenty days, the debtor may file suit in federal court to enforce the rescission right.")

Whether the proper statute of limitations for bringing a TILA rescission claim is three years after the date of the loan consummation pursuant to 15 U.S.C. § 1635(f), one year after the creditor has improperly denied or refused to respond to a borrower's notice of rescission pursuant to 15 U.S.C. § 1640(e), or even three years after an allegedly wrongful refusal to

Page 17 - MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

rescind, Plaintiff has far surpassed any potentially applicable limitations period for filing a claim for rescission under TILA.  Because Plaintiff's Complaint was filed almost nine years after the consummation of the loans at issue, and approximately seven years after WaMu denied Plaintiff's request for rescission, any claim brought by Plaintiff relating to his right of rescission under TILA is time-barred.

**V.    CONCLUSION**

For all the reasons stated above, Chase respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

DATED this 15th day of September, 2015.

**DAVIS WRIGHT TREMAINE** LLP

By  s/ Kevin H. Kono
Kevin H. Kono, OSB #023528
Kaley L. Fendall, OSB # 093509
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
kevinkono@dwt.com
kaleyfendall@dwt.com

Frederick B. Burnside, OSB #096617
Telephone: (206) 757-8016
Facsimile: (206) 757-7016
fredburnside@dwt.com

Attorneys for JPMorgan Chase Bank, N.A.

DWT 27761308v3 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax