IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM J. PAATALO<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, F.A.<br><br>J.P. MORGAN CHASE BANK<br><br>Defendant. | CASE NO. 15-cv-1420<br><br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JPMORGAN CHASE BANKS'S MOTION TO DISMISS |

COMES NOW Plaintiff, William J. Paatalo, by and through Pacific Property Law LLC, with its Response in Opposition to Defendant's Motion to Dismiss.

## Introduction

1. Defendant Chase has misinterpreted this action for that of a TILA rescission lawsuit, arguing that Plaintiff is just now "attempting" to rescind his loans through a "request" to the Court. Plaintiff is not seeking a determination as to whether or not he has a "right" or the "ability" to rescind the transactions years after the fact. The loans were already rescinded by operation of law on March 29, 2008, and that is the gravamen of this action.

2. Because Plaintiff's debt and security instruments were extinguished by operation of law on March 29, 2008, Defendant has no standing to challenge the already valid and effective rescission.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT JP MORGAN CHASE BANK'S MOTION
TO DISMISS - 1

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

**Arguments**

I. **Plaintiff exercised his right to rescind under TILA Section 1635(a), and that rescission was both timely and unchallenged.**

3. The facts are clear and undisputed; Plaintiff's loans were rescinded and extinguished by operation of law on March 29, 2008, and no party could subsequently obtain, through a transfer, any rights to enforce the void security interest or void transaction post this date. WAMU's obligation was to comply with TILA and unwind the transaction as TILA allows, or contest the rescission in 20 days, of which it did neither (Cmpl ¶34.) Ironically it was WAMU who allowed its rights to lapse and expire in 2008, not the Plaintiff as Defendant would argue, and even while they realize they lack standing to attempt to make this argument -

4. The recent *Jesinoski* decision states,

Section 1635(a) explains in unequivocal terms how the right to rescind is to be exercised: It provides that a borrower

"shall have the right to rescind . . . *by notifying the creditor, in accordance with regulations of the Board, of his intention to do so" Jesinoski v. Countrywide Home Loans, Inc.,* 574 U.S. ___ (2015), (**emphasis added**).

The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies the creditor within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years.

5. Defendant admits, *"Plaintiff's ability to prevail on his claim for declaratory relief hinges entirely on whether Plaintiff has a right to rescind under the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601. et se[q.]"* (MTD pg.3, ¶3.) The U.S. Supreme Court has determined Plaintiff's right.

6. Plaintiff exercised his right to rescind under § 1635(a), and that right was timely and unchallenged. Ironically, Defendant uses pages 5-9 of its Motion to Dismiss to make arguments regarding FIRREA under a false premise that makes its entire argument invalid. Namely, Defendant argues that a ruling recognizing his valid rescission is a "claim" as against the insurance fund, ***when by***

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT JP MORGAN CHASE BANK'S MOTION
TO DISMISS  - 2

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

***FIRREA's own definitions it is not a claim***, as the simple recognition of the effectiveness of the rescission is ***NOT*** something that can go through a claims process under FIRREA[1] Because Plaintiff's declaratory action is not a claim against the receiver or the former WAMU, and simply a recognition of something that both TILA and the Supreme Court recognize as an act that is effective by law, any argument that recognition of a valid rescission is a claim under FIRREA is moot and utterly without foundation.

7.   Similarly, FIRREA makes clear that void instruments cannot be acquired by the receiver, as noted by the U.S Supreme court in *Langley v. FDIC*, 484 U.S. 86 (1987)[2] Simple logic leads one to the inescapable outcome that Chase bank can neither use FIRREA as a tool to defeat the fact the transactions were void per both TILA and the Supreme Court's affirming decision in *Jesinoski*, nor can it claim that the FDIC could have acquired an interest in a void transaction as ruled upon by the Supreme Court supra in *Langley*.

8.   FIRREA is also inapposite as the FDIC only has an interest in enforcing obligations which could affect the Deposit Insurance Fund (DIF), which is not the case with Plaintiffs loan transaction. The FDIC could not transfer an interest in a void transaction to Chase under FIRREA as noted supra. Chase therefore lacks standing to enforce or contest Plaintiffs former loan. If the FDIC wished to avail

---

[1] The D.C. Circuit's decision in American National Insurance Co. v. FDIC is the most recent and comprehensive discussion of the meaning of "claim" under FIRREA.  Writing for the court, Chief Judge Sentelle explained how the structure of the Act demonstrates that the term "claim" means something very specific in the FIRREA context: The Act creates a comprehensive administrative mechanism simply for the processing and resolution of "claims." . . . For example, after establishing the "[a]uthority of [the FDIC-as-receiver] to determine claims," § 1821(d)(3), and the FDIC's "[r]ulemaking authority relating to determination of claims," § 1821(d)(4), FIRREA sets forth the "[p]rocedures for determination of claims," § 1821(d)(5), the requirements for "agency review or judicial determination of claims," § 1821(d)(6), the content of administrative "[r]eview of claims," § 1821(d)(7), the availability of "[e]xpedited determination of claims," § 1821(d)(8), the exclusion of certain "[a]greement[s] as [forming the] basis of claim[s]," § 1821(d)(9), and the authority of the FDIC to make "[p]ayment of claims," § 1821(d)(10). ***It borders on tautology, therefore, that "claims" are necessarily demands that come within the scope of FIRREA's administrative process.*** 642 F.3d at 1142. See also Bank of N.Y., 607 F.3d at 921 (***refusing to read § 1821(d)(13)(D)(ii) as an "isolated edict" divorced from its context in FIRREA***).

[2] Respondent conceded at oral argument that the real defense of fraud in the factum - that is, the sort of fraud that procures a party's signature to an instrument without knowledge of its true nature or contents, see U. C. C. 3-305(2)(c), Comment 7, 2 U. L. A. 241 (1977) - **would take the instrument out of 1823(e), because it would render the instrument entirely void**, see Restatement (Second) of Contracts 163 and Comments a, c;

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT JP MORGAN CHASE BANK'S MOTION
TO DISMISS  - 3

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

themselves of a remedy as to the transaction, they would have been the proper party to do so if FIRREA so allowed and within the appropriate statute of limitations, neither of which they elected to do. Chase now seeks the courts assistance to improperly impose FIRREA's jurisdiction where none exists, where they have no standing to make such a request, and they seek to block a ruling on something that is not even a claim under FIRREA. For all these reasons as presented supra, Chase banks arguments utterly fail.

9. Defendant cites two **pre**-*Jesinoski* cases, <u>Meyer v. Ameriquest Mortgage Co.(2003)</u>, and <u>Benemie v. Countrywide Home Loans, Inc.(2010)</u>, in an attempt to use the now barred argument that a TILA rescission is a "request" to rescind a loan transaction. Justice Scalia and a unanimous Supreme Court affirmed in *Jesinoski* that a TILA rescission is neither a "request" nor conditioned on court approval, but rather it becomes effective by operation of law upon notice *by the borrower to the creditor*.

## II.     There was no default at the time Plaintiff's loans were rescinded.

10. Defendant makes a flatly false assertion by arguing the following in its Motion to Dismiss on page 2,

"In 2009, nearly six years before Plaintiff filed his Complaint, ***the property was sold to Chase*** at a nonjudicial foreclosure sale ***because Plaintiff defaulted on his loan payments***. Plaintiff does not dispute that he was in default on his loan." (**emphasis added**)

11. This statement is rife with false assertions. First, it is documented that Plaintiff <u>was not</u> in default at the time he rescinded his loan with WAMU, and he was in fact current on his payments at the time he noticed Washington Mutual Bank of his intention to rescind on March 29, 2008 (Aff of WJP, Exhibit - 1.)

12. Second, the loan was void by operation of law. It is a basic precept of the law that one cannot acquire an interest in a null and void contract, yet Chase tries to argue it somehow acquired an interest in a nullity, attempting to set hundreds of years of contract and real property laws on their head. USC

PLAINTIFF'S RESPONSE IN OPPOSITION TO  
DEFENDANT JP MORGAN CHASE BANK'S MOTION  
TO DISMISS - 4

PACIFIC PROPERTY LAW, LLC  
10121 SE Sunnyside Rd., Ste. 300  
CLACKAMAS, OR 97015  
PHONE (503) 519-5982  
FAX (360) 953-8083

§1635(b) clearly states,

*When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission.*

13. Because Plaintiff's deeds of trust and debt were extinguished on March 29, 2008, Chase has no standing to declare there was a default, or to seek collection on a debt and security instrument that were extinguished.

14. More importantly, Chase never declared a default, nor did Chase execute the "Notice of Default" (Compl. Aff of WJP – Exhibit A).

15. The NOD was declared by "Washington Mutual Bank, F.A." on April 2, 2009 as the named "Beneficiary" of the rescinded deeds of trust; more than 6-months <u>AFTER</u> Washington Mutual Bank was seized by the FDIC on September 25, 2008 (*Emphasis added*.)

16. The recorded Trustee's Deed (Compl. Aff of WJP – Exhibit C) shows that JPMorgan Chase Bank purchased the property as a third-party purchaser from Washington Mutual Bank, F.A. on August 18, 2009 for cash consideration of $410,000.00. No assignments were ever recorded transferring beneficial interest in the rescinded deeds of trust from WaMu to Chase as was required under ORS 86.740.

17. The problems with these facts are obvious. It is well documented that JPMorgan Chase took control of Washington Mutual Bank by virtue of a Purchase & Assumption Agreement with the FDIC on September 25, 2008. Plaintiff's loans could not have been seized and controlled by the FDIC, nor transferred to Chase through the FDIC, due to the rescissions on March 29, 2008, <u>and</u> according to the affidavits and documents recorded in the public record. Chase hid behind defunct WaMu in order to run an "end around" on the FDIC, because as stated in ¶7 above, FIRREA makes clear that void instruments cannot be acquired by the receiver.

18. Chase's unclean hands are clearly visible to the Court. Chase knew it could not purchase and

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT JP MORGAN CHASE BANK'S MOTION
TO DISMISS - 5

**PACIFIC PROPERTY LAW, LLC**
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

acquire title on a void loan transaction incapable of being in default; a default mind you, that was declared by a defunct WaMu.

19. Chase cites the unpublished opinion in *Mikityuk* arguing that Plaintiff cannot challenge the non-judicial foreclosure "post-sale." Though this argument is moot for the reasons outlined above, the *Mikityuk* Court also stated, *["a] post-sale challenge must be based on lack of notice or on some other fundamental flaw in the foreclosure proceedings, such as the sale being completed without the borrower actually being in default*. See Mikityuk, 952 F. Supp. 2d at 964.

20. It is readily apparent that there is nothing more "fundamentally flawed" then a default being declared on void notes and deeds. The sale was in every sense Void Ab Initio per *Jesinoski*. The FDIC receiver inherited nothing, hence Chase inherited nothing, and Chase could not purchase Plaintiff's property via foreclosure from an incapacitated "beneficiary," who when functionally viable, chose to ignore Plaintiff's rescission on March 29, 2008.

### III.    No party exists with standing, or a valid claim to Plaintiff's title due to statute of limitations.

21. After receiving Plaintiff's written notice, the ball was in WaMu's court. Instead of waiting for the Plaintiff to file suit, which *Jesinoski* confirms was not required, WaMu could have verified whether the disclosures were valid, or chosen to negotiate, or file suit challenging the rescission with a request to reinstate the loans.

22. The preceding being the case, Plaintiffs uncontested rescission is effective by law. The Lis Pendens (Compl. Aff. of WJP – Exhibit D) was placed upon title to the subject property prior to Chase's sale of the property, and has remained on title to this day. The reason is obvious. No party with legal standing has come forward to challenge the lis pendens.

23. If any party believed it had a valid claim to Plaintiff's extinguished debt after the rescission on March 29, 2008, it had six years to file the claim (ORS §12.080.)

24. Though FIRREA does not apply in this case, it also contains the applicable statute of

PLAINTIFF'S RESPONSE IN OPPOSITION TO  
DEFENDANT JP MORGAN CHASE BANK'S MOTION  
TO DISMISS - 6

PACIFIC PROPERTY LAW, LLC  
10121 SE Sunnyside Rd., Ste. 300  
CLACKAMAS, OR 97015  
PHONE (503) 519-5982  
FAX (360) 953-8083

limitations for actions brought by the FDIC as receiver. Under FIRREA, the statute of limitations on contract claims is the longer of "the 6-year period beginning on the date the claim accrues" or "the period applicable under state law." 12 U.S.C. § 1821(d)(14)(A)(*emphasis added*).

25. The statute of limitations begins to run on a contract claim on the date the FDIC is appointed receiver or the date the cause of action accrues, whichever is later. 12 U.S.C. § 1821(d)(14)(B).

26. While Plaintiff has detailed Chase's unclean hands to a certain degree, it should be noteworthy that the law firm hired by Chase to conduct the UD action in *JPMorgan Chase v. William J. Paatalo, Lincoln Co. Case No. 103837*, was "McCarthy & Holthus" out of Poulsbo, Washington. Chase claims to have purchased Plaintiff's "$1,000,000" property for $410,000 cash, and then "flipped" the property for $285,000 to an individual in Washington State by the name of "Norman McCarthy."

27. Plaintiff would note that the nature of this transaction is highly unusual. JPMorgan Chase attempted to flip a desirable property for an immediate loss in the midst of litigation, and with a lis pendens attached, something that gives further credence to the fact that Chase knew it was acting with unclean hands in a transaction it knew it had no legal right to partake in.

## Conclusion

28. Defendant admits that the relief Plaintiff seeks hinges <u>entirely</u> on whether Plaintiff had a right to rescind. That right has now been confirmed by the U.S. Supreme Court in *Jesinoski*.

29. Plaintiff exercised his right by rescinding his loans on March 29, 2008 under §1635(a), and that right was timely and unchallenged. Plaintiff's notes and security instruments were extinguished by operation of law, and Plaintiff was no longer obligated for any finance or other charge per §1635(b).

30. Defendant could not and did not, acquire any rights in title to the subject property either directly or indirectly, and thus, Defendant has no standing to challenge the valid rescission.

31. Plaintiff is entitled to immediate declaratory relief declaring that the loans were rescinded

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT JP MORGAN CHASE BANK'S MOTION
TO DISMISS - 7

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

on March 29, 2008 by operation of law which voided the security interests, and that all documents recorded on or against title to Plaintiff's property after March 29, 2008 be deemed null and void putting Plaintiff back in title as sole owner.

DATED this 25th day of September, 2015.

>                     Respectfully Submitted
>                     By: PACIFIC PROPERTY LAW, LLC
>
>
>                     By: _/s/ John A. Cochran_____
>                     JOHN A. COCHRAN, WSBA # 020022
>                     Counsel for Plaintiff William J. Paatalo

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT JP MORGAN CHASE BANK'S MOTION
TO DISMISS  - 8

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083