**KEVIN H. KONO, OSB #023528**
kevinkono@dwt.com
**KALEY L. FENDALL, OSB # 093509**
kaleyfendall@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**FREDERICK B. BURNSIDE, OSB #096617**
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone:  (206) 757-8016
Facsimile:  (206) 757-7016

Attorneys for JPMorgan Chase Bank NA

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| **WILLIAM J. PAATALO,**<br><br>                    **PLAINTIFF**,<br><br>v.<br><br>**WASHINGTON MUTUAL BANK, F.A.**<br>**JPMORGAN CHASE BANK NA,**<br><br>                    **DEFENDANTS**. | Case No. 15-cv-01420-AA<br><br>**REPLY IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## INTRODUCTION

Plaintiff's response fails to address several important points of law that are fatal to his ability to state his claim. Plaintiff does not deny that Chase did not assume any liability arising out of WaMu's lending activities, thus barring Plaintiff's claim against Chase. Nor does Plaintiff dispute the overwhelming authority from this district holding that, under ORS 86.797(1) (*formerly* ORS 86.770(1)), his interest in the subject property was "foreclosed and terminated" upon completion of the trustee's sale. Plaintiff also does not refute Chase's contention that, to the extent Plaintiff's claim is a rescission enforcement action under TILA, any right to rescind Plaintiff once had was extinguished by the sale of the subject property, and that any claim brought under TILA to enforce such right is barred by the statute of limitations.

Instead, Plaintiff's response relies entirely on his erroneous presumption that he had a right to rescind in 2008 and on his mistaken understanding of the Supreme Court's decision in *Jesinoski v. Countrywide Home Loans*. *But Plaintiff had no right to rescind in 2008.* Any ability to rescind was *conditional*, *i.e.*, it existed only if the lender violated TILA requirements in a way that supports conditional rescission, but Plaintiff fails to allege facts that support any conditional right to rescind. Plaintiff nonetheless argues that, under *Jesinoski*, Plaintiff's loan transactions became void upon Plaintiff's alleged mailing of a notice of rescission more than seven years ago, thus rendering every subsequent transaction relating to the subject property null and void. *Jesinoski*, however, does not support Plaintiff's novel theory that rescission is automatic and complete upon a borrower's notice to the lender, particularly without a showing that the lender did not provide the required disclosures.

Because Plaintiff offers no viable theory under which his loan transactions were automatically voided upon the alleged sending of his notice of rescission, Plaintiff is not entitled to the declaratory relief sought in his Complaint, *i.e.*, that Plaintiff's loans were rescinded upon his alleged notice of rescission "by operation of law," which voided the security interests and all actions taken against title on Plaintiff's property. Accordingly, for the reasons described below,

Page 1 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

as well as for the reasons discussed in Chase's opening memorandum, the court should dismiss Plaintiff's claim with prejudice.

# I.    ARGUMENT

## A.    Plaintiff is not entitled to a declaration that his loans were automatically void upon Plaintiff's alleged notice of rescission.

Plaintiff's primary argument in response to Chase's motion to dismiss is that his "loans were rescinded and extinguished by operation of law on March 29, 2008," when he allegedly rescinded his loans pursuant to § 1635(a), and that thereafter "no party could subsequently obtain, through a transfer, any rights to enforce the void security interest or void transaction." Pl.'s Resp. at 2.  To support his argument, Plaintiff misreads and improperly attempts to expand the Supreme Court's decision in *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790, 190 L. Ed. 2d 650 (2015), by arguing *Jesinoski* stands for the proposition that a loan becomes void upon a borrower's mailing of a notice of rescission.  As described below, however, the Supreme Court said no such thing, and *Jesinoski* cannot be read to support Plaintiff's theory.

### 1.    *Jesinoski* addressed only *timing* of notice of rescission, not its effect.

*Jesinoski* resolved only the narrow question of whether a borrower must file a lawsuit before the three-year period for rescission lapses to exercise the borrower's conditional right to rescind, or whether written notice to a lender is sufficient to meet the three-year timing requirement.  As noted by the Court, where no disclosures are given, TILA "gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated." *Jesinoski*, 135 S. Ct. at 791.  Thus, the "question presented [was] whether a borrower exercises this right by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses." *Id*.  In *Jesinoski*, Larry and Cheryle Jesinoski refinanced the mortgage on their home with Countrywide on February 23, 2007. *Id*.  Exactly three years later, on February 23, 2010, the Jesinoskis mailed Countrywide and Bank of America Home Loans, who had acquired Countrywide, a letter purporting to rescind the loan. *Id*.  Thereafter, on March

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

12, 2010, Bank of America Home Loans replied, refusing to acknowledge the validity of the notice of rescission. *Id*. On February 24, 2010, one year and one day after mailing the notice of rescission, the Jesinoskis filed suit, seeking a declaration of rescission and statutory damages. *Id*. The district court concluded that TILA "requires a borrower seeking rescission to file a lawsuit within three years of the transaction's consummation," and because the Jesinoskis did not file their complaint "until four years and one day after the loan's consummation," their rescission claim was time-barred. *Id*.

Reasoning that § 1635(a) explains in "unequivocal terms how the right to rescind is to be exercised," which is "by notifying the creditor, in accordance with regulations of the Board, of his intention to do so," the Court concluded that "so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely." *Id*. at 792.  In addressing the narrow issue before it, the Court held "a borrower need only provide written notice to a lender in order to exercise his right to rescind" pursuant to § 1635(a); the "statute does not also require him to sue within three years." *Id*. at 792, 793.  In other words, a "borrower need only provide written notice to the lender" within three years of consummation of the loan to properly exercise his right to rescind. *Id*. at 792.  *Jesinoski* did not at all address the *effect* of a borrower's notice of rescission on the validity of the loan or on the borrower or lender's obligations in unwinding the transaction upon receipt of a notice of rescission. *See In re Brown*, 2015 WL 5586849, *2 (E.D. Va. Sept. 21, 2015) ("The sole issue in [*Jesinoski*] was whether the borrowers timely rescinded the loan, not the effect of the rescission notice on the borrowers' obligations when they rescinded the transaction.").

### 2.    Plaintiff's misinterpretation of *Jesinoski* would lead to absurd results.

*Jesinoski* did not hold that the process of unwinding a loan is automatic and complete upon a borrower's written notice of rescission.  To construe *Jesinoski* in the way Plaintiff urges would lead to an illogical and inequitable result, whereby a borrower's mere notice of rescission—without any regard to a borrower's actual right to rescind (*i.e.*, a lender's failure to

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

satisfy the disclosure requirements giving rise to a right to rescind) or ability to tender the loan proceeds—automatically converts a secured lender into an unsecured lender, leaving the lender with no other remedy but to file suit to challenge the validity of a borrower's rescission. Moreover, even if *Jesinoski* so held—which it does not—*Jesinoski* does not void loans *retroactively*. Nothing in *Jesinoski* remotely suggests that all notices of rescission mailed within three years of the date of consummation of a loan since the enactment of TILA now suddenly have effect and render the underlying transaction void. Yet, under Plaintiff's mistaken theory, notices of rescission timely sent in 1975, or 1980, or 1985, or any other time, magically rendered the underlying transactions void the moment the ink of the Supreme Court's opinion was set to paper, irrespective of whether there was any violation that supports rescission (indeed, under Plaintiff's misconstruction, even where there has been a finding of *no* violation) and irrespective of what has happened to the property securing those loans.

  *Jesinoski* has no such effect, and this is not and cannot be the law. As the Ninth Circuit has held, "it cannot be that the security interest vanishes immediately upon the giving of notice. Otherwise, a borrower could get out from under a secured loan simply by claiming TILA violations, whether or not the lender had actually committed any." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003). Such a result is not only unsustainable, but is also inconsistent with one of the goals of statutory rescission under TILA, which is "to return the parties most nearly to the position they held prior to entering into the transaction." *Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023, 1030 (9th Cir. 2014).

  In sum, there is nothing in *Jesinoski*—and Plaintiff cites to no other authority—to support Plaintiff's argument that a loan transaction immediately becomes void upon a borrower's notice of rescission—and certainly not one purportedly mailed more than seven years ago. Accordingly, Plaintiff is not entitled to a declaration that his alleged March 29, 2008 notice of rescission voided his loan transactions "by operation of law," thus rendering every subsequent action taken against the property—including the notice of foreclosure and trustee's sale—null

Page 4 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

and void.  Pl.'s Resp. at 7-8.

3. ***Jesinoski* makes clear that any right to rescind after the initial 3-day "cooling off" period is *conditional*; the borrower may rescind only if the lender failed to satisfy TILA's disclosure requirements.**

a. **The right to rescind after the first three days is conditional.**

As discussed above, by holding that a borrower's written notice of rescission is sufficient to exercise a borrower's right to rescind for the purposes of TILA's three-year statute of limitations, the Court's decision in *Jesinoski* did *not* hold that such written notice automatically rendered the borrower's loan void.  In fact, the Court specifically recognized that—but for one limited exception—a borrower's right to rescind is a conditional one.  TILA "grants borrowers an unconditional right to rescind for three ***days***, *after which they **may** rescind **only** if the lender failed to satisfy [TILA's] disclosure requirements*."  *Jesinoski*, 135 S. Ct. at 792 (emphasis added).  As *Jesinoski* makes clear, a borrower has no automatic right to rescind after the three-day period following a loan transaction.  *Id*.  Indeed, after the three-day period expires, a borrower has merely a "conditional right to rescind," and may do so only where the lender has violated TILA's disclosure requirements.  *Id*.  Given the Court's express recognition that a borrower has only a *conditional* right to rescind after the three-day period for automatic rescission has expired, *Jesinoski* cannot reasonably be read to hold that a lender's security interest becomes automatically void upon a borrower's notice of rescission, regardless of whether the lender violated TILA's disclosure requirements (*i.e.*, regardless of whether the condition has been met).  Such a holding would expand the three-day absolute right to rescind into a three-year right, and eliminate the requirement that there be an actual failure to make the required disclosures.  The Supreme Court could not and did not rewrite the statute in that way.

b. **Plaintiff has not alleged facts to show that he has met the condition for rescission, *i.e.*, that WaMu failed to meet its disclosure requirements.**

Plaintiff has not alleged facts sufficient to show any TILA violation sufficient to support a conditional right to rescind under TILA.  Plaintiff alleges that he entered into the loan

Page 5 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

transactions at issue on August 10, 2006, and that he rescinded those loans on March 29, 2008.
Compl., ¶¶ 2, 6.[1]  Because Plaintiff rescinded his loan transactions outside of the three-day
period that grants borrowers an unconditional right to rescind, Plaintiff "*may* rescind *only if* the
lender failed to satisfy [TILA's] disclosure requirements."  *Jesinoski*, 135 S. Ct. at 792 (emphasis
added).  Plaintiff bases his alleged right to rescind under TILA on only three allegations:
(1) "failure to provide proper Notices of Rescission"; (2) a "hyper-inflated 260% increase on the
appraised valuation of Plaintiff's property"; and (3) the "falsifying of Plaintiff's income on his
'Residential Loan Application' without his knowledge or consent."  Compl., ¶ 6.  As a matter of
law, none of these allegations is sufficient to show Plaintiff had a right to rescind.

       Not every alleged TILA violation extends the conditional right to rescind.  To establish a
right to rescind, Plaintiff must show that WaMu either (1) failed to provide the required notice of
a right to rescind; or (2) failed to make a "material disclosure."  *See* 12 C.F.R. § 226.23(a)(3).
Plaintiff's conclusory allegation regarding WaMu's alleged "failure to provide proper Notices of
Rescission"—without more specificity as to how the notices (which Plaintiff does not deny
receiving) were improper—is inadequate to establish that Plaintiff had a right to rescind after the
three-day period.  *See* Compl., ¶ 6.  Indeed, Plaintiff does not allege that the notices of right to
rescind failed to "clearly and conspicuously disclose" ***any*** of the required contents of the notice,
such as the "consumer's right to rescind the transaction," "[h]ow to exercise the right to rescind,"
the "effects of rescission," or the "date the rescission period expires."  12 C.F.R. § 226.23(b)(1).
Indeed, Plaintiff's mere allegation that the notices were not "proper" is not "enough to raise a
right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545,

---

[1] Although this Court must accept as true Plaintiff's allegation that he sent a notice of rescission
on March 29, 2008, Plaintiff did not attach the March 29, 2008 notice of rescission to his
Complaint.  While Plaintiff attached several other documents to his Complaint, including
Plaintiff's "Notice" of April 21, 2015, "memorializing the March 29, 2008 rescission," Plaintiff
omitted the alleged notice of rescission sent on March 29, 2008.  *See* Compl., ¶ 18, Ex. E;
Compl., Exs. A-E.  Notably, Chase has been unable to locate any copy of Plaintiff's alleged
March 29, 2008 notice of rescission in Plaintiff's loan file.

Page 6 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Plaintiff also has not alleged that WaMu failed to make a "material disclosure" that entitled Plaintiff to rescind his loans. *See* 12 C.F.R. § 226.23(a)(3).  Regulation Z, which implements TILA, provides that "[t]he term 'material disclosures' means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32(c) and (d)." 12 C.F.R. § 226.23 n. 48.  Where a lender "fails to make the required 'material disclosures' listed in Regulation Z, the right to rescind is extended to three years." *Conder v. Home Savings of America*, 680 F. Supp. 2d 1168, 1173 (C.D. Cal. Jan. 27, 2010).  If, however, a borrower's "alleged deficiencies [are] not among the 'material disclosures' listed in Regulation Z, rescission is not available after the three day period." *Id*. (citing *King v. State of Cal*., 784 F.2d 910, 913 (9th Cir. 1986)).  Plaintiff's other alleged deficiencies, *i.e*., the hyper-inflated valuation on Plaintiff's property and the falsifying of Plaintiff's income on his Residential Loan Application, are not listed as one of the "material disclosures" that give rise to an extended time period within which a borrower may rescind.  To the contrary, the statement of income in his loan application is a representation *Plaintiff* made to WaMu, not a lender disclosure.  Accordingly, as a matter of law, these alleged violations cannot serve as the basis of an alleged right to rescind.

As noted in *Jesinoski*, Plaintiff only has a right to rescind his loan transactions if he alleges—and later proves—that the lender violated TILA by failing to provide material disclosures. *Jesinoski*, 35 S. Ct. at 792.  Because Plaintiff did not rescind his loans within the three-day period following the consummation of his loan, Plaintiff had no automatic right to rescind his loan, and must allege facts sufficient to show that WaMu failed to provide the requisite TILA disclosures in order to show he had a right to rescind.  As Plaintiff has not alleged any TILA violation that would give rise to an extended right to rescind, Plaintiff is not entitled to the relief he seeks, *i.e*., a declaration "recognizing his valid rescission under TILA."

Page 7 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

B.    **Plaintiff's claim for declaratory relief fails for several independent, additional reasons.**

Plaintiff's claim for declaratory relief also fails for several additional reasons, most of which Plaintiff fails to address: (1) Chase did not assume any liability associated with borrower claims against WaMu; (2) ORS 86.797(1) bars Plaintiff from challenging the completed foreclosure; and (3) Plaintiff cannot state a viable TILA rescission claim for several reasons in addition to the failure, discussed above, to allege violations that could conceivably entitle Plaintiff to rescission.

1.    **Plaintiff cannot state a claim against Chase based on WaMu's past lending activities.**

As described in Chase's motion, pursuant to the P&A Agreement between the FDIC and Chase, Chase did not assume any liability for borrower claims relating to any loans or commitments to lend made by WaMu. Def.'s Mot. at 7. Indeed, the P&A agreement specifically provides that any borrower claims for "monetary relief, or…any other form of relief…related in any way to any loan or commitment to lend" made by WaMu prior to September 25, 2008, "are specifically not assumed by Chase." *Chancey v. Wash. Mut. Backed Cert. WMABS Series 2007 – HE2 Trust Issuing Entity*, 2010 WL 3001178, *4-5 (D. Or. 2010).

Plaintiff does not dispute that Chase did not assume any liability for borrower claims arising out of WaMu's lending activities, and also does not refute the numerous decisions of courts in the Ninth Circuit holding that the "P&A Agreement relieves Chase of all liability for borrowers' claims relating to loans made by [WaMu] prior to September 25, 2008." *Danilyuk v. JPMorgan Chase Bank, N.A.*, 2010 WL 2679843, *4 (W.D. Wash. July 2, 2010); *see also Jenkins v. JPMorgan Chase Bank*, 549 Fed. Appx. 673, 674 (9th Cir. Nov. 19, 2013); *Frederici v. Monroy*, 2010 WL 1345276, *2 (N.D. Cal. Apr. 6, 2010); *Molina v. Washington Mutual Bank*, 2010 WL 431439, *4 (S.D. Cal. Jan. 29, 2010). Instead, Plaintiff attempts to argue that his claim for declaratory relief, which seeks a declaration "recognizing his valid rescission" under TILA, is not a "claim" within the meaning of FIRREA. Pl.'s Resp. at 2-3. According to Plaintiff, because

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

his claim for declaratory relief is "not a claim against the receiver or the former [WaMu], and simply a recognition of something that both TILA and the Supreme Court recognize as an act that is effective by law," Plaintiff's claim for declaratory relief is not "something that can go through a claims process under FIRREA." Pl.'s Resp. at 3.[2]

In support of his argument, Plaintiff relies on *American Nat. Ins. Co. v. F.D.I.C.*, 642 F.3d 1138 (2011) (D.C. Cir. 2011). Plaintiff's reliance is misplaced. In *American Nat. Ins. Co.*, several insurance companies that held bonds of WaMu, as well as bonds and stocks of Washington Mutual, Inc. ("WMI") filed suit against Chase, bringing claims for tortious interference, breach of confidentiality agreement, and unjust enrichment. 642 F.3d at 1140. Plaintiffs alleged that Chase engaged in an "elaborate scheme designed to improperly and illegally take advantage of the financial difficulties of WMI," and "strip away valuable assets of [WaMu] without properly compensating the company or its stakeholders." *Id.* at 1139. The DC Circuit held FIRREA did not bar the plaintiffs' claims in *American Nat. Ins. Co.* because the plaintiffs' suit sought "relief from [Chase] for its own conduct; the mere fact that [Chase] now owns assets that [WaMu] once owned does not render this suit one against or seeking a determination of rights with respect to those assets." *Id.*

Unlike plaintiffs' claims at issue in *American Nat. Ins. Co.*, which arose out of Chase's own alleged wrongdoing, Plaintiff's claim in this case arises entirely out of alleged conduct by

---

[2] Relying on *Langley v. FDIC*, 484 U.S. 86 (1987), Plaintiff argues that FIRREA "makes clear that void instruments cannot be acquired by the receiver." Pl.'s Resp. at 3. The Supreme Court's decision in *Langley*, however, does not support Plaintiff's argument. At issue in *Langley* was whether, in an action brought by the FDIC in its corporate capacity for payment of a note, 12 U.S.C. § 1823(e), which provides that "[n]o agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it…, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC]," bars a defense that a note was procured by fraud in the inducement. *Langley*, 484 U.S. at 90. Even if *Langley* could be read to support Plaintiff's argument, however, for the reasons described above, Plaintiff has not established—and indeed, cannot establish—that his loan transaction and the security interest was void at the time it was received by the FDIC.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

WaMu, not Chase.  Compl., ¶¶ 5-6.  Specifically, Plaintiff alleges that *WaMu* misapplied payments, reported false information to credit reporting agencies, failed to provide proper notices of rescission, relied on a hyper-inflated increase on the appraisal of Plaintiff's property, and falsified Plaintiff's income on his loan application.  Compl., ¶ 6.  Accordingly, Plaintiff's claim is clearly one that "relat[es] to an[ ] act or omission of [WaMu]" and thus is one that FIRREA bars.  12 U.S.C. § 1821(d)(13)(D)(ii).  Moreover, because Plaintiff seeks a declaration that his loans originated by WaMu were rescinded, thereby voiding any subsequent transaction with respect to the subject property, Plaintiff's claim also constitutes an "action seeking a determination of rights with respect to…the assets of [WaMu]," another category of claim FIRREA bars.  12 U.S.C. § 1821(d)(13)(D)(i).

Because Plaintiff's claim arises out of WaMu's lending activities, and all of the alleged conduct of WaMu occurred prior to the date of the P&A Agreement between Chase and the FDIC, the FDIC expressly retained liability for Plaintiff's claim.  Accordingly, Plaintiff cannot state a claim against Chase "for monetary relief, *or…any other form of relief*" arising out of WaMu's lending activities.  *Chancey*, 2010 WL 3001178, *4-5 (emphasis added); *see also Moldenhauer v. F.D.I.C., et al.*, 2010 WL 1064422, *2 (D. Utah March 18, 2010) (holding that all plaintiff's claims against Chase, including plaintiff's for rescission under TILA, were barred because such "claims all related to a loan made before September 25, 2008); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 960 (N.D. Cal. 2010) (dismissing all of plaintiff's claims against Chase arising out of the origination of a loan with WaMu, including a claim for TILA rescission, since the "FDIC was and remains the appropriate party in interest.")

### 2.    ORS 86.797(1) bars Plaintiff's claim for declaratory relief.

Plaintiff does not dispute the well-established principle that ORS 86.797(1) "precludes challenges to completed non-judicial foreclosures where timely statutory notice was served." *Cotrell v. Central Mort. Co.*, 2015 WL 4623510, *2 (D. Or. July 30, 2015); *see also Angels Alliance Group, LLC v. ReconTrust Co., NA*,  --- Fed. Appx. ---, 2015 WL 4071535, *2 (9th Cir.

Page 10 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

May 4, 2015) (ORS 86.797(1) "bars post-sale challenges by parties to whom proper notice is given, because such a post-sale bar is consistent with the OTDA's purpose of providing lenders an efficient and final remedy against defaulting borrowers."); *Mikityuk v. Northwest Trustee Services, Inc.*, 952 F. Supp. 2d 958, 966 (D. Or. 2013) ("Anyone wishing to challenge any aspect of a non-judicial foreclosure sale must do so before the trustee's sale or, at the latest, before the recording of the trustee's deed."); *Morkal v. Fed. Home Loan Mortgage Corp.*, 2014 WL 2041364, *4 (D. Or. May 8, 2014) ("As in *Mikityuk*, plaintiff here failed to challenge the non-judicial foreclosure proceeding before the sale occurred and the trustee's deed was recorded."); *Nedelku v. Wells Fargo Bank, N.A.*, 2013 WL 3808795, *2 (D. Or. July 19, 2013) ("[P]laintiffs' challenges to the non-judicial foreclosure sale here are barred. As plaintiffs received advance notice of the sale, their interest in the property was 'foreclosed and terminated.'").

Plaintiff instead attempts to argue that ORS 86.797(1) does not apply to bar Plaintiff's post-sale challenge to the completed judicial foreclosure because (1) Plaintiff was not in default of his loans at the time he allegedly sent his notice of rescission to WaMu on March 29, 2008;[3] and (2) Chase could not have "acquire[d] title on a void loan transaction incapable of being in default." Pl.'s Resp. at 4-5. Neither of Plaintiff's contentions, however, supports a conclusion that ORS 86.797(1) is inapplicable. First, it does not matter that Plaintiff was allegedly not in default of his loan at the time he provided WaMu with notice "of his intention to rescind on March 29, 2008." Pl.'s Resp. at 4. Whether a borrower was in default at the time of foreclosure is the only relevant inquiry under ORS 86.797(1). *See Staffordshire Investments, Inc. v. Cal-*

_____

[3] Plaintiff filed an "Affidavit" along with his response, attaching excerpts purportedly from one credit reporting agency. The court should ignore the Affidavit because (1) it is improper to submit evidence in connection with an FRCP 12(b)(6) motion to dismiss; (2) it is inadmissible hearsay; and (3) it is irrelevant for the reasons described in this section. Moreover, and notably, Plaintiff does not allege in his complaint nor aver in his Affidavit that he was not in fact in default prior to March 2008. The first "reported" default and the first default (*i.e.*, failure to abide by the terms of the Note and Deed of Trust, such as by making payments late) are not the same thing.

Page 11 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Western Reconveyance Corp.*, 209 Or. App. 528, 534, 149 P.3d 150 (2006) ("[I]n Oregon, as a precondition to the trustee's exercise of the power of sale, there must be a present default by the grantor for which sale is authorized by the terms of the deed."). Plaintiff does not and cannot dispute that he was in default at the time of the *foreclosure*. Second, and as described at length above, there is no authority to support Plaintiff's position that a loan transaction—and the lender's security interest—becomes automatically void upon a borrower's notice of rescission. Thus, Plaintiff has no argument that the foreclosure and trustee's sale was "fundamentally flawed" because "default [was] declared on void notes and deeds." Pl.'s Resp. at 6. Even if Plaintiff had such an argument, the whole point of ORS 86.797(1) is that finality of the sale trumps belated arguments like the one Plaintiff now tries to raise.

Because there is no question that Plaintiff received adequate notice of the foreclosure and the trustee's sale, ORS 86.797(1) bars Plaintiff's post-sale challenge to the sale's validity, first raised nearly six years after the completion of the foreclosure sale. Accordingly, the Court should dismiss Plaintiff's claim for declaratory relief.

### 3.      To the extent plaintiff's claim is a rescission enforcement action under TILA, Plaintiff fails to state a viable TILA claim.

Plaintiff argues that "Chase has misinterpreted this action for that of a TILA rescission lawsuit." Pl.'s Resp. at 1. Plaintiff's position, however, is inconsistent with other statements in his response, which generally assert Plaintiff's right to rescind under TILA, and with any fair reading of his Complaint. Pl.'s Resp. at 2, 29. Plaintiff also argues that Chase "admits that the relief Plaintiff seeks hinges entirely on whether Plaintiff had a right to rescind." Pl.'s Resp. at 7. Of course, because Plaintiff bases his claim entirely on the incorrect notion that his alleged March 2008 notice of rescission rendered the underlying loan transaction void, the claim necessarily fails if Plaintiff did not effectively rescind in 2008. The converse—that Plaintiff *does* have a claim if he did have a right to rescind in 2008—is not true, and Chase has made no such admission. To the contrary, and as discussed above and below, Chase argues that Plaintiff's

Page 12 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

claims fail for several other reasons, regardless of whether Plaintiff's purported rescission was valid under TILA. Because Plaintiff cannot state a viable TILA claim, Plaintiff cannot establish he is entitled to the declaratory relief he seeks.

### a.    Plaintiff has no TILA rescission rights after the sale of the property.

Plaintiff does not dispute that the sale of the subject property, whether voluntary or involuntary, bars any right to rescission under TILA. *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 903 (9th Cir. 2003) ("[T]he regulation is clear: the right to rescind ends with the sale."); *Takushi v. BAC Home Loans Servicing, L.P.*, 814 F. Supp. 2d 1073, 1080 (D. Hawaii 2001) ("Indeed, the cases are legion that a foreclosure sale terminates a borrower's right to rescind under TILA."); *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1192 (S.D. Cal. 2010) ("The Ninth Circuit has unequivocally stated that the sale of property is an absolute bar to rescission."); *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d 1176, 1183 (D. Or. 2005) ("In this case, the foreclosure sale has terminated plaintiff's right of rescission."). Here, Plaintiff does not dispute that, even assuming his notice of rescission was valid, his right to rescind under TILA terminated on August 18, 2009, when the subject property was sold at the trustee's sale. Plaintiff thus has conceded the argument. *See, e.g.*, *Bojorquez v. Wells Fargo Bank, NA*, 2013 WL 6055258, *5 (D. Or. Nov 7, 2013) (citing cases for proposition that court may treat arguments raised in motion as conceded if responding party does not counter them). For that reason alone, the court should dismiss plaintiff's Complaint with prejudice.

### b.    Plaintiff's claim to enforce his purported rescission under TILA is barred by the statute of limitations.

As discussed in Chase's opening motion, the statute of limitations bars Plaintiff's claim to enforce his alleged rescission under TILA. Def.'s Mot. at 16-18. While *Jesinoski*, 135 S. Ct. 790, clarified that filing suit within three years of the date of loan consummation was not required to timely exercise a borrower's conditional right to rescind, *Jesinoski* "does not support a never-ending right to rescind or an extension of the three-year period prescribed by TILA." *In*

Page 13 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*re Jensen-Edwards*, 535 B.R. 336, 347 (D. Id. 2015).

At least one court decision subsequent to the filing of Chase's motion supports Chase's argument that *Jesinoski* did not remove the statute of limitations applicable to a borrower's rescission enforcement action under TILA.  Def.'s Mot. at 16-18.   In *Jackson v. Bank of America, N.A.*, 2015 WL 5684121, *3 (M.D. Ga. Sept. 28, 2015), plaintiff originated a loan with the lender on January 16, 2009, and provided written notice that he was exercising his right to rescind under TILA on January 19, 2009, within the three-day period in which a borrower has an unconditional right to rescind.  Plaintiff, however, did not file suit to enforce his rescission rights under TILA until May 29, 2014.  *Id.*  In holding that the statute of limitations barred plaintiff's rescission claim , the court reasoned that the "lender had twenty days from January 19, 2009, or by February 8, 2009, in which to respond," and that plaintiff "thereafter was required to file suit within one year," or by February 8, 2010.  Because plaintiff did not file his lawsuit until May 29, 2014, "more than four years after the expiration of the statute of limitations," the court held that plaintiff "failed to state a viable claim for rescission."  *Id.*  *Jackson* thus confirms that, even where a borrower has exercised his *automatic* right to rescind within the three-day period following loan consummation (let alone the conditional right under which a borrower must prove a TILA violation), a borrower's must timely bring a claim to enforce his TILA rescission rights.

Plaintiff's response does not deny that to the extent Plaintiff brings a claim to enforce his asserted rescission rights under TILA, it would be barred by the statute of limitations, but denies that his claim is "that of a TILA rescission lawsuit."  Pl.'s Resp. at 1.  Plaintiff's response, however, makes clear that he is seeking a "ruling recognizing his valid rescission" under TILA.  Pl.'s Resp. at 2.  Plaintiff cannot use semantics to avoid the statute of limitations.  Regardless of how Plaintiff attempts to characterize his claim for relief, Plaintiff brings his claim nearly *nine years* after consummation of the loan transactions at issue, over *seven years* after his purported notice of rescission under TILA on March 29, 2008, and almost *six years* after the completion of the trustee's sale of the subject property on August 18, 2009.  Accordingly, the court should

Page 14 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

dismiss Plaintiff's claim as untimely.

> **c.    Plaintiff fails to allege facts sufficient to state a plausible claim that WaMu violated TILA in any way that could support a conditional right to rescind.**

As discussed above, TILA rescission is available only for *certain* alleged violations relating to the notice of right to rescind and certain material disclosures.  For the reasons stated above, Plaintiff's complaint fails to allege facts to support the entitlement to rescind.  For this additional reason, Plaintiff fails to state a viable TILA claim.

## II.    CONCLUSION

For all the reasons stated above, and for all the reasons discussed in Chase's opening memorandum, Chase respectfully requests that this court dismiss Plaintiff's Complaint with prejudice.

DATED this 13th day of October, 2015.

**DAVIS WRIGHT TREMAINE** LLP


By  s/ Kevin H. Kono
      Kevin H. Kono, OSB #023528
      Kaley L. Fendall, OSB # 093509
      Telephone: (503) 241-2300
      Facsimile: (503) 778-5299
      kevinkono@dwt.com
      kaleyfendall@dwt.com

      Frederick B. Burnside, OSB #096617
      Telephone: (206) 757-8016
      Facsimile: (206) 757-7016
      fredburnside@dwt.com

      Attorneys for JPMorgan Chase Bank, NA

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax