**KEVIN H. KONO, OSB #023528**
kevinkono@dwt.com
**KALEY L. FENDALL, OSB # 093509**
kaleyfendall@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**FREDERICK B. BURNSIDE, OSB #096617**
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone:  (206) 757-8016
Facsimile:  (206) 757-7016

Attorneys for JPMorgan Chase Bank, N.A.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

|  |  |
|---|---|
| **WILLIAM J. PAATALO,**<br><br>      **PLAINTIFF**,<br><br>v.<br><br>**WASHINGTON MUTUAL BANK, F.A.**<br>**JPMORGAN CHASE BANK NA,**<br><br>      **DEFENDANTS**. | Case No. 15-cv-01420-AA<br><br>**ANSWER AND AFFIRMATIVE**<br>**DEFENSES OF DEFENDANT**<br>**JPMORGAN CHASE BANK, N.A.** |

Defendant JPMorgan Chase Bank, N.A., ("Chase")[1] answers Plaintiff's Complaint as follows, with each answer in **bold** immediately following the respective allegation:

---

[1] Plaintiff appears also to name "Washington Mutual, F.A." as a defendant.  As Plaintiff states in the Complaint, "Washington Mutual Bank, F.A. no longer exists."  Compl., ¶ 21.  That is because Washington Mutual Bank went into FDIC receivership, and "Chase acquired certain assets of Washington Mutual Bank, F.A. … from the FDIC."  Compl., ¶¶ 21, 28.

Page 1 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

## I.   NATURE OF THE ACTION

1.     Plaintiff purchased the property at 400 East 3rd Street, Yachats, Oregon 97498 for $449,500.00 on June 23, 2004.  A Warranty Deed was issued to Plaintiff and recorded as Sale Document No. 409480.

**Answer:  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and on that basis denies them.**

2.     Plaintiff refinanced the subject property with a simultaneous 1st & 2nd deed of trust with Washington Mutual Bank, F.A. ("WMB") on August 10, 2006.  The first DOT was for $880,000.00 on an "Option Arm" loan, with the second DOT being a revolving equity line of credit (HELOC) for $109,494.00.  (Aff. of WJP – Exhibit E).

**Answer:  In response to the allegations contained in Paragraph 2, Chase admits that Plaintiff obtained a loan from Washington Mutual Bank in the amount of $880,000.00, which was secured by a Deed of Trust, dated August 10, 2006, and that the Deed of Trust, which is attached to Plaintiff's Complaint as a part of Exhibit E, speaks for itself.  To the extent the allegations contained in Paragraph 2 vary or seek to vary the contents of the Deed of Trust, which is attached to Plaintiff's Complaint as a part of Exhibit E, Chase denies the allegations.  In further response to the allegations contained in Paragraph 2, Chase admits that Plaintiff obtained an equity line of credit from Washington Mutual Bank in the amount of $109,889.00, which was secured by a Deed of Trust dated August 14, 2006 and recorded on August 18, 2006 in Lincoln County, Oregon.  Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 2.**

3.     In September of 2007, Plaintiff was solicited by WMB by phone with an offer to increase his (HELOC) account by $45,000.00.  Plaintiff did not make an application, nor did Plaintiff seek a credit increase to this account prior to WMB's solicitation.

**Answer:  In response to the allegations contained in Paragraph 3, Chase admits that Plaintiff entered into a Modification Agreement with Washington Mutual Bank on or**

Page 2 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

**about September 14, 2007 that increased Plaintiff's home equity line of credit from $109,889.00 to $154,889.00, and that the Modification Agreement, which is attached to Plaintiff's Complaint as a part of Exhibit E, speaks for itself.  To the extent the allegations contained in Paragraph 3 vary or seek to vary the contents of the Modification Agreement, which is attached to Plaintiff's Complaint as a part of Exhibit E, Chase denies the allegations.  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3, and on that basis denies them.  Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 3.**

4.      Due to no requirements being made of Plaintiff, in terms of providing income documents or filling out new applications, Plaintiff accepted the offer for the credit increase.

**<u>Answer</u>:  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and on that basis denies them.**

5.      Shortly after the increase to the HELOC, Plaintiff engaged in a dispute with WMB in the fall of 2007 for misapplying payments and reporting false derogatory information to the credit reporting agencies on the HELOC account.

**<u>Answer</u>:  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and on that basis denies them.**

6.      While the dispute continued with WMB for the next four months, Plaintiff began to suspect fraud, and realizing that numerous violations under the Truth-In-Lending Act (TILA) had been discovered, such as the failure to provide proper "Notices of Rescission" on the 2006 loans, the hyper-inflated 260% increase on the appraised valuation of Plaintiffs property, and the falsifying of Plaintiff's income on his "Residential Loan Application" without his knowledge and consent, Plaintiff sent a written "Notice of Rescission" on both loans via certified mail to WMB on or about March 29, 2008.

Page 3 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main ∙ (503) 778-5299 fax

DWT 28389525v2 0036234-000408

**Answer:  In response to the allegations contained in Paragraph 6, Chase denies that Washington Mutual Bank failed to provide proper Notices of Rescission, or any other required notice or material disclosure, in connection with Plaintiff's 2006 loans.  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6, and on that basis denies them.**

7.    Shortly after WMB received Plaintiffs notice to rescind, Plaintiff received a letter from WMB declining his rescission and attaching a "payoff quote" of just under one million dollars.  The letter informed Plaintiff that in order to rescind, he would have to first "tender" back the full amount of the debt which was impossibility.

**Answer:  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and on that basis denies them.**

8.    After Plaintiff's rescission was declined and/or conditioned by WMB, his disputes did not end.  Plaintiff entered into protracted litigation beginning in July of 2008 against WMB, but due to WMB's failure on September 25, 2008, his claims outside of the TILA violations went to the FDIC.

**Answer:  In response to the allegations contained in Paragraph 8, Chase admits that Washington Mutual Bank was placed in receivership with the Federal Deposit Insurance Corporation ("FDIC") on September 25, 2008, and that any claims Plaintiff had against Washington Mutual Bank went to the FDIC.  Chase denies that claims based on alleged TILA violations did not go to the FDIC.  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8, and on that basis denies them.**

9.    Plaintiff did not file a TILA Rescission claim in court against WMB, or through the FDIC's FEIRRA claims-process because Plaintiff was told he had to tender first; an act that was impossible for Plaintiff to perform.  WMB did not challenge the rescission letter in court nor did WMB take steps to properly rescind the transaction as was required under 15 U.S.C.

Page 4 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28389525v2 0036234-000408

§ 1635(b).

**Answer: Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 9, and on that basis denies them. Plaintiff's allegations contained in the second sentence of Paragraph 9 consist of a legal conclusion to which no response is required. To the extent a response is required, Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 9, and on that basis denies them.**

10.    On April 2, 2009, while Plaintiff's claims against WMB were in the hands of the FDIC, and after his credit had been negligently destroyed by WMB, WMB declared a default by recording a "Notice of Default And Election To Sell" document in the Lincoln County, Oregon land records as Doc. No. 2009-03840 (Aff of WJP - Exhibit A).

**Answer: In response to the allegations contained in Paragraph 10, Chase admits that the Notice of Default and Election To Sell attached to Plaintiff's Complaint as Exhibit A bears a recording stamp that reflects that Exhibit A was recorded in Lincoln County, Oregon on April 2, 2009 as Document Number 2009-03840, and that the Notice of Default and Election To Sell, which is attached to Plaintiff's Complaint as Exhibit A, speaks for itself. To the extent the allegations contained in Paragraph 10 vary or seek to vary the contents of the Notice of Default and Election To Sell, which is attached to Plaintiff's Complaint as Exhibit A, Chase denies the allegations. Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 10.**

11.    On July 31, 2009, a series of documents including a "Notice of Foreclosure," "Trustee's Notice of Sale," and affidavits claiming that WMB was the beneficiary of Plaintiff's Deed of Trust were recorded in the Lincoln County, Oregon land records as Doc. No. 2009-08941 (Aff of WJP - Exhibit B).

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**Answer:  In response to the allegations contained in Paragraph 11, Chase admits that the Notice of Foreclosure, Trustee's Notice of Sale, Proof of Service, Affidavits of Mailing, and an Affidavit of Publication attached to Plaintiff's Complaint as Exhibit B bears a recording stamp that reflects that Exhibit B was recorded in Lincoln County, Oregon on July 31, 2009 as Document Number 2009-08941, and that these documents, which are attached to Plaintiff's Complaint as Exhibit B, speak for themselves.  To the extent the allegations contained in Paragraph 11 vary or seek to vary the contents of the documents attached to Plaintiff's Complaint as Exhibit B, Chase denies the allegations. Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 11.**

12.    No assignments of either of Plaintiffs Deeds of Trust were recorded in the Lincoln County, Oregon land records transferring any of WMB's alleged beneficial interests to any other entity; specifically JPMorgan Chase.

**Answer:  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12, and on that basis denies them. Chase further denies that any formal assignment or recordation of assignment was necessary to transfer any of Washington Mutual Bank's alleged beneficial interests to any other entity, including the FDIC or Chase.**

13.    On August 18, 2009, a Trustee's Deed was issued to JPMorgan Chase Bank, N.A. as The [sic] purchaser of the subject property for cash consideration in the amount of $410,000.00 (Aff of WJP - Exhibit C).

**Answer:  In response to the allegations contained in Paragraph 13, Chase admits that it purchased the property on August 18, 2009 for the sum of $410,000.00 for which a Trustee's Deed was issued on August 20, 2009 and recorded on August 24, 2009, and that the Trustee's Deed, which is attached to Plaintiff's Complaint as Exhibit C, speaks for itself.  To the extent the allegations contained in Paragraph 13 vary or seek to vary the**

Page 6 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

contents of the Trustee's Deed, which is attached to Plaintiff's Complaint as Exhibit C, Chase denies the allegations.  Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 13.

14.    In late 2010, JPMorgan Chase filed an unlawful detainer action against Plaintiff in Lincoln County State Court under Case No. 103837.

**Answer:  Chase admits the allegations contained in Paragraph 14.**

15.    Plaintiff answered the complaint with counterclaims asserting facts related to TILA violations, and recorded a "Lis Pendens" on the property in the Lincoln County Land Records on February 14, 2011 as Doc. No. 2011-01633.  (Aff. of WJP – Exhibit D).

**Answer:  In response to the allegations contained in Paragraph 15, Chase admits that the "Notice of Lis Pendens" attached to Plaintiff's Complaint as Exhibit D bears a recording stamp that reflects that Exhibit D was recorded in Lincoln County, Oregon on February 14, 2011 as Document Number 2011-01633, and that the Notice of Lis Pendens, which is attached to Plaintiff's Complaint as Exhibit D, speaks for itself.  To the extent the allegations contained in Paragraph 15 vary or seek to vary the contents of the Notice of Lis Pendens, which is attached to Plaintiff's Complaint as Exhibit D, Chase denies the allegations.  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15, and on that basis denies them.  Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 15.**

16.    In the midst of defending the unlawful detainer action, and with the Lis Pendens recorded on title of the property, JPMorgan Chase sold the subject property for $285,000.00 on July 12, 2011.

**Answer:  Chase admits the "Notice of Lis Pendens" attached to Plaintiff's Complaint as Exhibit D bears a recording stamp that reflects that Exhibit D was recorded in Lincoln County, Oregon on February 14, 2011 as Document Number 2011-01633, and**

Page 7 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

that the Notice of Lis Pendens, which is attached to Plaintiff's Complaint as Exhibit D, speaks for itself.  Chase further admits that it sold the property located at 400 East 3rd Street, Yachats, Oregon 97498 for a contract sales price of $285,000.00 and that the sale closed on or about July 12, 2011.  Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 16.

17.    The Lis Pendens remains on title to this day.

**Answer:  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17, and on that basis denies them.**

18.    Having reviewed the now recent U.S. Supreme Court's decision in *Jesinoski v. Countrywide*, Plaintiff sent JPMorgan Chase an additional "Notice" via certified mail on April 21, 2015 memorializing the March 29, 2008 rescission (Aff of WJP - Exhibit E).

**Answer:  In response to the allegations contained in Paragraph 18, Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff "reviewed the now recent U.S. Supreme Court's decision in *Jesinoski v. Countrywide*," and on that basis denies it.  In further response to the allegations contained in Paragraph 18, Chase admits that it received the "Notice Sent Via U.S. Certified Mail," which is attached to Plaintiff's Complaint as a part of Exhibit E, and that the "Notice Sent Via U.S. Certified Mail" speaks for itself.  To the extent the allegations contained in Paragraph 18 vary or seek to vary the contents of the "Notice Sent Via U.S. Certified Mail," which is attached to Plaintiff's Complaint as a part of Exhibit E, Chase denies the allegations.  Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 18.**

19.    There has been no response from JPMorgan Chase.

**Answer:  In response to the allegations contained in Paragraph 19, Chase admits that it did not directly respond to Plaintiff's April 21, 2015 letter.  Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 19.**

Page 8 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

20.    As grounds for supporting the 2008 rescission, Plaintiff alleges the following:

**Answer:  Paragraph 20 does not contain any factual allegations to which a response is required.  To the extent a response is required, Chase denies that Plaintiff was entitled to rescind his loan.**

## II.    JURISDICTION, VENUE, AND PARTIES

### A.    JURISDICTION

#### i.    *Diversity of Citizenship*

21.    Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.   The named parties are of completely diverse citizenships.   The Property is situated in the State of Oregon and the Plaintiff is a resident of Montana.   Defendant CHASE is a national banking association with its main office located at 270 Park Avenue, Midtown, Manhatten [sic], New York City, New York.  J.P. Morgan Chase Bank acquired certain assets of Washington Mutual Bank, F.A. in September of 2008 from the FDIC and Washington Mutual Bank F.A. no longer exists.  Defendant CHASE is a citizen of New York for purposes of diversity jurisdiction.  See 28 U.S.C. § 1332(c)(1).  None of the defendants are citizens of the state of Oregon.

**Answer:  In response to the allegations contained in the third sentence of Paragraph 21, Chase admits that the subject property is located in the State of Oregon, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Plaintiff is a resident of Montana," and on that basis denies it.  In response to the allegations contained in the fourth sentence of Paragraph 21, Chase admits that its principal place of business is located at 270 Park Avenue, New York, New York, 10017.  In response to the allegations contained in the fifth sentence of Paragraph 21, Chase admits that the FDIC sold many of Washington Mutual Bank's assets to Chase pursuant to a Purchase and Assumption Agreement, and that Washington Mutual Bank no longer exists.**

Page 9 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

**Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the seventh sentence of Paragraph 21. All remaining allegations contained in the first, second, and sixth sentences of Paragraph 21 consist of jurisdictional allegations to which no response is required. To the extent a response is required, Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the first and second sentences of Paragraph 21, and on that basis denies them, and admits the remaining allegations contained in the sixth sentence of Paragraph 21. Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 21.**

  *ii. Amount in Controversy*

22. The amount in controversy exceeds $75,000, exclusive of interest and costs. This Complaint concerns a loan with an original balance of $880,000, with a balance allegedly due and owing of $944,573.06 as of July of 2009. Therefore, the request for relief stated in this Complaint places the claim well over $75,000 in controversy, exclusive of interests and costs.

  <u>**Answer**</u>**: Paragraph 22 contains jurisdictional allegations to which no response is required. To the extent a response is required, Chase admits the allegations contained in Paragraph 22.**

  *iii. Supplemental Jurisdiction*

23. Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

  <u>**Answer**</u>**: Paragraph 23 contains jurisdictional allegations to which no response is required. To the extent a response is required, Chase admits the allegations contained in Paragraph 23.**

  *iv. Federal Question Jurisdiction*

24. In addition, as a separate basis for jurisdiction, the United States District Court of

Page 10 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

the District of Oregon has original jurisdiction over this action under 28 U.S.C. 1331 (federal question). As explained below, the action presents questions of federal law under the Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23, relating to rescission rights, that must be decided in order for Plaintiffs to prevail on these claims.

**Answer: Paragraph 24 contains jurisdictional allegations to which no response is required. To the extent a response is required, Chase admits that Plaintiff's Complaint presents questions of law under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, but specifically denies that Plaintiff is entitled to the relief he seeks even if such questions are resolved in Plaintiff's favor.**

**B.    VENUE**

25.    Venue for all claims lies in the District of Oregon since Plaintiff's claims arose from acts of the Defendants perpetrated therein or perpetrated on an Oregon resident through the phone or mail system.

**Answer: Paragraph 25 contains jurisdictional allegations to which no response is required. To the extent a response is required, Chase admits that venue lies in the District of Oregon because the subject property is located in Oregon. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25, and on that basis denies them.**

**C.    PARTIES**

26.    Plaintiff Paatalo is now a resident of the State of Montana and the Property in question is located at 400 East 3rd Street, Yachats, OR 97498.

**Answer: In response to the allegations contained in Paragraph 26, Chase admits that the subject property is located at 400 East 3rd Street, Yachats, OR 97498, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff is "now a resident of the State of Montana," and on that basis**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

denies it.  Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 26.

27.    Washington Mutual Bank, F.A. is the original lender as reflected on the Deeds of Trust dated August 10, 2006 and recorded as Doc. No. 20071101.

**Answer:  Chase admits that Washington Mutual Bank, F.A. was the original lender of the loans secured by Deeds of Trust dated August 10, 2006 and August 14, 2006.  Except as expressly admitted herein, Plaintiff denies the allegations contained in Paragraph 27.**

28.    J.P. Morgan Chase Bank acquired certain assets of Washington Mutual Bank, F.A. in September of 2008 from the FDIC, through a "Purchase and Assumption Agreement", after the FDIC seized Washington Mutual Bank, F.A. in one of the largest bank failures in U.S. History.

**Answer:  In response to the allegations contained in Paragraph 28, Chase admits that Washington Mutual Bank was placed into receivership with the FDIC, and that Chase acquired certain assets of Washington Mutual Bank through a Purchase and Assumption Agreement with the FDIC dated September 25, 2008.  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28, and on that basis denies them.  Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 28.**

29.    J.P. Morgan Chase (hereafter "CHASE" organized and existing under the laws of the United States of America, has its principal executive offices at 270 Park Avenue, Midtown, Manhatten [sic], New York City, New York. There is no recorded transfer of assignment from WAMU to JP Chase Morgan.

**Answer:  In response to the allegations contained in Paragraph 29, Chase admits that its principal place of business is located at 270 Park Avenue, New York, New York, 10017, and that it is organized under the National Bank Act, 12 U.S.C. § 38 *et. seq.*  Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the**

Page 12 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

**remaining allegations contained in Paragraph 29, and on that basis denies them, and
further denies that any formal assignment or recordation of assignment was necessary to
transfer any of Washington Mutual Bank's alleged beneficial interests to any other entity,
including the FDIC or Chase.  Except as expressly admitted herein, Chase denies the
allegations contained in Paragraph 29.**

30.    Nonparty Northwest Trustee Services, Inc., 13555 SE 36th St., Ste. 100, Bellevue,
WA 98006 (hereinafter "NTS.") conducted the illegal and unlawful sale of this property on
August 18th, 2009.

**Answer:  Chase admits that Northwest Trustee Services, Inc. was the Trustee who
conducted a Trustee's sale of the subject property on or about August 18, 2009, but denies
that such sale was illegal or unlawful.  Chase lacks knowledge or information sufficient to
form a belief as to the truth or falsity of the remaining allegations contained in Paragraph
30, and on that basis denies them.**

### III.    ISSUES PRESENTED & CLAIMS FOR RELIEF

31.    The Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23 allow
for a borrower to rescind the Note and Deed of Trust by operation of law.  This occurred in this
case as of March 29, 2008 when Plaintiff sent the rescission notice and more than 20 days had
elapsed without any formal response from Washington Mutual Bank.

**Answer:  Paragraph 31 contains legal conclusions to which no response is required.
To the extent a response is required, Chase denies the allegations contained in
Paragraph 31.**

32.    Specifically, the undisputed evidence shows that Plaintiff timely rescinded both of
his 2006 notes and deeds of trust under TILA 15 U.S.C. § 1635(a) on March 29, 2008,
effectively voiding all contracts and debt.  Therefore, Defendants had no standing to initiate a
foreclosure or collect payments under the contracts because those contracts were extinguished by
operation of law on March 29, 2008.

Page 13 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

DWT 28389525v2 0036234-000408

**Answer:  Chase denies the allegations contained in Paragraph 32.**

33.    This loan was the result of predatory lending; it was based on illegal and unfair business practices and fraud that were designed to force Plaintiff into forfeiting his property, valued at over $1,000,000 dollars.  The law does not stand for such practices. Chase has no standing and has never had any valid title or legal right to Plaintiff's payments or a valid secured interest.  How could it?  Chase did not acquire WaMu's assets through the FDIC until September 25, 2008; almost 6-months after Plaintiff rescinded the loans.

**Answer:  Chase denies the allegations contained in Paragraph 33.**

34.    The facts are clear and undisputed; Plaintiff's loans were rescinded and extinguished by operation of law on March 29, 2008, and no party could obtain any rights or interest to enforce contracts that were made void after this date.

**Answer:  Chase denies the allegations contained in Paragraph 34.**

35.    TILA gives borrowers a "right to rescind" for some kinds of consumer credit transactions.  15 U.S.C. § 1635(a); see 15 U.S.C. § 1635(d) (right to rescind is unwaivable except in emergency circumstances).  Rescission applies to transactions in which a creditor takes a security interest in an obligor's "principal dwelling" and in return, provides money on property the obligor uses for non-business purposes.  15 U.S.C. § 1635(a).  In 1974 TILA was amended to limit the time an obligor had to rescind a transaction to three years after the consummation of the transaction or sale of the property.  15 U.S.C. § 1635(f).

**Answer:  Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations contained in Paragraph 35.**

36.    Of primary concern, and importance, as clarified in the United States Supreme Court in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 190 L. Ed. 2d 650, 574 U.S. (2015), the obligor's exercise of the rescission triggers a series of steps through which the transaction is unwound.  *See Beach*, 523 U.S. at 412-413.  First, when an obligor exercises his

Page 14 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

right to rescind, he is not liable for any finance charge or other charge, and ***any security interest given by the obligor becomes void upon rescission***.  15 U.S.C. § 1635(b).  Second, within twenty days after receipt of the notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment or otherwise, and shall take any action necessary or appropriate to ***reflect termination of any security interest*** created under the transaction.  *Ibid*.  Third, upon performance by the creditor's obligations under this section, the obligor shall tender any property the creditor has previously delivered (or its reasonable value).  *Ibid*.  Pursuant to Reg Z notice is given by mail, telegram, or other means of written communication.  12 C.F.R.226.23(a)(2); See 12 C.F.R. Pt. 226, Apps. H-8, H-9 (Model forms for excising Rescission Right); 12 C.F.R. 1026.23(a)(2).

**Answer:  Paragraph 36 contains legal conclusions to which no response is required.  To the extent a response is required, Chase denies the allegations contained in Paragraph 36.**

37.    Erroneously, lower Courts have misinterpreted § 1635 as requiring the obligor to file a lawsuit to effect rescission.  However, the plain language of the statute puts no such requirement on the obligor.  That provision "says nothing in terms of an action" or a "suit's commencement"; rather it speaks to the "duration" of the rescission right.  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998).  The *Supreme Court* found that nowhere does § 1635(a) allow for a debate as to disputed or undisputed notices; simply put the transaction and its contracts are void as a matter of law upon mailing of the Notice of Rescission.  *Jesionski* [sic], *supra*, at 793.  Based on the clarification of the TILA rescission by the *Supreme Court*, Plaintiff's contracts became *void* as of March 29, 2008.  Regardless to whether the creditor fulfills its legal requirement to return all funds paid on the loan and reflect the termination of the security instrument, the loan no longer exists; the contracts are void and any acts by any party based on the loan or contracts are illegal.

Page 15 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

**Answer:  Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations contained in Paragraph 37.**

38.    All Plaintiff is required to show is the loan was rescinded by virtue of written notice.  Period.  He has done so —providing his sworn testimony and evidence.

**Answer:  Chase denies the allegations contained in Paragraph 38.**

39.    The letter was mailed on or about March 29, 2008; the creditor had 20 days to file action in dispute of the notice of rescission and chose not to do so.  The loan and contracts are void and must be cancelled as a matter of law effective March 29, 2008.

**Answer:  In response to the allegations contained in the first sentence of Paragraph 39, Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the "letter was mailed on or about March 29, 2008," and on that basis denies it.  Plaintiff's remaining allegations contained in the first sentence of Paragraph 39, that "the creditor had 20 days to file action in dispute of the notice of rescission and chose not to do so," consists of a legal conclusion to which no response is required.  To the extent a response is required, Chase denies the allegation that the "creditor had 20 days to file action in dispute o the notice of rescission and chose not to do so."  Chase denies the remaining allegations contained in Paragraph 39.**

40.    The letter "memorializing" the March 29, 2008 Rescission was sent on April 21, 2015; Nonparty JPMorgan Chase had another opportunity file [sic] an action/response in dispute of the notice of rescission and chose not to do so.  The loan and contracts were void as of March 29, 2008 and must be cancelled as a matter of law.

**Answer:  In response to the allegations contained in Paragraph 40, Chase admits that it received the "Notice Sent Via U.S. Certified Mail," which is attached to Plaintiff's Complaint as a part of Exhibit E, that the "Notice Sent Via U.S. Certified Mail" speaks for itself, and that Chase did not to "file" anything in "dispute" of the "Notice."  To the extent**

Page 16 - ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

the allegations contained in Paragraph 40 vary or seek to vary the contents of the "Notice Sent Via U.S. Certified Mail, which is attached to Plaintiff's Complaint as a part of Exhibit E, Chase denies the allegations.  Plaintiff's remaining allegations contained in Paragraph 40 consist of legal conclusions to which no response is required.  To the extent a response is required, Chase denies the remaining allegations contained in Paragraph 40. Except as expressly admitted herein, Chase denies the allegations contained in Paragraph 40.

## IV.    RELIEF REQUESTED

41.    Plaintiff re-alleges each of the previous allegations as if set forth fully herein.

**Answer:  Chase restates and incorporates herein its responses to the allegations contained in Paragraphs 1 through 40, as if fully set forth herein.**

**General Answer:  Except as expressly admitted herein, Chase denies the allegations contained in Plaintiff's Complaint, and the whole thereof.**

### FIRST AFFIRMATIVE DEFENSE

### (Fault of Others)

42.    Plaintiff's claim for relief is barred on the basis that Plaintiff's claim is based on the alleged acts or omissions by other parties or non-parties over which Chase has no responsibility or control.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

43.    Plaintiff's claim for relief is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

44.    Plaintiff's claim for relief is barred by the doctrine of laches.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## FOURTH AFFIRMATVE DEFENSE

### (Release)

45.      Plaintiff's claim for relief is barred because Plaintiff has released in a confidential

settlement agreement dated on or about November 14, 2012, all claims for relief against Chase

relating to the property, Notes, and Trust Deeds at issue in this case.

## FIFTH AFFIRMATVE DEFENSE

### (Waiver)

46.      Plaintiff has waived his claim for relief in a confidential settlement agreement

dated on or about November 14, 2012.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

47.      Plaintiff's claim is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATVE DEFENSE

### (Unjust Enrichment)

48.      Plaintiff's claim for relief is barred because the relief sought would result in an

unjust enrichment to Plaintiff.

49.      Chase reserves the right to amend its Answer to assert or preserve affirmative

defenses that may become available or apparent during the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Chase respectfully prays

that:

1.      The Court dismiss Plaintiff's Complaint with prejudice and that Plaintiff take

nothing from this action;

2.      Chase be awarded its reasonable costs and expenses incurred in defending against

Plaintiff's Complaint; and

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

3.      Chase be granted such other and further relief as the Court may deem just and equitable.

DATED this 4th day of December, 2015.

**DAVIS WRIGHT TREMAINE** LLP

By  s/ Kevin H. Kono
                    Kevin H. Kono, OSB #023528
                    Kaley L. Fendall, OSB # 093509
                    Telephone: (503) 241-2300
                    Facsimile: (503) 778-5299
                    kevinkono@dwt.com
                    kaleyfendall@dwt.com

                    Frederick B. Burnside, OSB #096617
                    Telephone: (206) 757-8016
                    Facsimile: (206) 757-7016
                    fredburnside@dwt.com

                    Attorneys for JPMorgan Chase Bank, N.A.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28389525v2 0036234-000408