**KEVIN H. KONO, OSB #023528**
kevinkono@dwt.com
**KALEY L. FENDALL, OSB # 093509**
kaleyfendall@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**FREDERICK B. BURNSIDE, OSB #096617**
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone:  (206) 757-8016
Facsimile:  (206) 757-7016

Attorneys for JPMorgan Chase Bank, NA

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| **WILLIAM J. PAATALO,**<br><br>                    **PLAINTIFF**,<br><br>v.<br><br>**WASHINGTON MUTUAL BANK, F.A. JPMORGAN CHASE BANK NA,**<br><br>                    **DEFENDANTS**. | Case No. 15-cv-01420-AA<br><br>**DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND DEEM ANSWERS ADMITTED, AND FOR JUDGMENT ON THE PLEADINGS**<br><br><u>**Oral Argument Requested**</u> |

DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28601820v4 0036234-000408

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 1

    A.    Plaintiff's Motions Rest on the False Premise That the Court Ruled on the Merits of Plaintiff's Claim When it Denied Chase's Motion to Dismiss. .............. 1

    B.    The Court Should Deny Plaintiff's Motion to Strike Chase's Affirmative Defenses Because the Defenses Are Both Proper and Adequately Pled. ............... 3

        1.    Legal Standard Under Fed. R. Civ. P. 12(f)................................................. 4

        2.    Chase Does Not "Lack Standing" To Assert Affirmative Defenses To Plaintiff's Claim. .................................................................................... 5

        3.    This Court Has Subject Matter Jurisdiction to Adjudicate Plaintiff's Claim and Chase's Defenses.................................................... 7

        4.    Chase's Affirmative Defenses Provide Plaintiff with Fair Notice of the Grounds for Chase's Defense, and Are Not Insufficient or Immaterial. ................................................................................................... 8

            a.    Chase's Statute of Limitations Defense. ........................................ 9

            b.    Chase's Laches Defense. ............................................................... 10

            c.    Chase's Release and Waiver Defenses ......................................... 11

            d.    Chase's Res Judicata and Collateral Estoppel Defense. ............... 12

            e.    Chase's Necessary Parties Defense. ............................................. 13

            f.    Chase's Estoppel Defense.............................................................. 14

            g.    Chase's Unjust Enrichment Defense. ............................................ 15

    C.    Plaintiff Is Not Entitled to Judgment on the Pleadings........................................ 15

        1.    Legal Standard Pursuant to Fed. R. Civ. P. 12(c). ................................... 15

        2.    Plaintiff is Not Entitled to Judgment on the Pleadings Because Several Material Issues of Fact Remain........................................................ 16

CONCLUSION................................................................................................................. 19

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28601820v4 0036234-000408

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Am. Rivers, Inc. v. NOAA Fisheries*,
  2006 WL 468353 (D. Or. 2006) ........................................................................... 5, 8

*Austad v. United States*,
  386 F.2d 147 (9th Cir. 1967) ............................................................................. 16, 18

*Barnes v. AT & T Pension Ben. Plan*,
  718 F. Supp. 2d 1167 (N.D. Cal. 2010) .................................................................. 8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 8, 13

*Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th
  Cir. 2011) ......................................................................................................... 15, 17

*Complete Distribution Sers., Inc. v. All States Transport, LLC*,
  2015 WL 1393281 (D. Or. 2015) ........................................................................... 4

*Eminence Cap., LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) .............................................................................. 19

*Fajardo v. County of L.A.*,
  179 F.3d 698 (9th Cir. 1999) ................................................................................ 15

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ................................................................................ 4

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist
  Congregational Church*,
  887 F.2d 228 (9th Cir. 1989) ..................................................................... 16, 17, 18

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1990) ...................................................................... passim

*J & J Sports Prods., Inc. v. Scarce*,
  2011 WL 2132723 (S.D. Cal. 2011) ........................................................................ 8

*Jane Doe ex rel. J.M. v. Phoenix-Talent School Dist. No. 4*,
  2011 WL 704877 (D. Or. 2011) .............................................................................. 5

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Jesinoski v. Countrywide Home Loans*,
  135 S. Ct. 790 (2015) .................................................................................2, 10

*Kersh v. Scheets*,
  2004 WL 3058381 (D. Or. 2004) .........................................................................5

*Lindsey v. Normet*,
  405 U.S. 56 (1972) ...............................................................................................6

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) .......................................................................15, 18

*Perez v. Gordon & Wong Law Grp., P.C.*,
  2012 WL 1029425 (N.D. Cal. 2012) ....................................................................8

*Peterson v. Acumed, LLC*,
  2010 WL 5158542 (D. Or. 2010) .........................................................................8

*Ransom v. Gonzalez*,
  2014 WL 931793 (E.D. Cal. 2014) ..................................................................5, 12

*Rein v. Providian Fin. Corp.*,
  270 F.3d 895 (9th Cir. 2001) .........................................................................12, 13

*Trustmark Ins. Co. v. C & K Market, Inc.*,
  2011 WL 587574 (D. Or. 2011) ...........................................................................8

*Wanke Cascade Distribution, Ltd. v. Forbo Flooring, Inc.*,
  2015 WL 1757151 (D. Or. 2015) .....................................................................4, 5

*Williams v. Jader Fuel Co.*,
  944 F.2d 1388 (7th Cir. 1991) ..............................................................................5

*Wyshak v. City Nat. Bank*,
  607 F.2d 824, 827 (9th Cir. 1979) .......................................................................8

**Federal Statutes**

15 U.S.C. § 1602(g) .....................................................................................................6

**Rules**

Fed. R. Civ. P. 8 ...........................................................................................................4

Fed. R. Civ. P. 8(b)(1)(A) ............................................................................................5

Fed. R. Civ. P. 8(b)(5)...........................................................................................4, 17, 18

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28601820v4 0036234-000408

Fed. R. Civ. P. 8(c)(1) ...................................................................................................5

Fed. R. Civ. P. 12(b)(6) ..............................................................................................1, 2

Fed. R. Civ. P. 12(c) ........................................................................................15, 17, 18

Fed. R. Civ. P. 12(f) ......................................................................................................4

Fed. R. Civ. P. 19(1) ....................................................................................................14

Fed. R. Civ. P. 56(d) ....................................................................................................18

Page iv - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
DWT 28601820v4 0036234-000408
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## INTRODUCTION

Plaintiff's motions rely on a misconception of both the nature and effect of this Court's ruling on Chase's motion to dismiss.  In ruling on Chase's motion, this Court treated Plaintiff's *allegation* that he sent a notice of rescission on March 29, 2008 as true *for purposes of the motion*—as it was required to do in the procedural posture of ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  The Court did not—and could not—make the merits determination Plaintiff attempts to attribute to the Court.  Yet Plaintiff premises his motions on the mistaken notion that this Court held that upon Plaintiff's alleged notice of rescission of March 29, 2008, rescission was completed, effectively voiding the security interest in Plaintiff's property.

Building upon the flawed premise that this Court's ruling left "no doubt as to the effectiveness of Plaintiff's rescission," Plaintiff argues that Chase lacks standing to challenge Plaintiff's alleged rescission, and that Chase therefore has no basis to assert any of its affirmative defenses to defend against Plaintiff's claim.  Plaintiff further argues—also based on his false assumptions as to this Court's ruling—that because Chase purportedly can present "no set of facts or defenses" to invalidate his alleged rescission, Plaintiff is entitled to the declaratory relief he seeks on the face of the pleadings.  Because Plaintiff's motions rest on the ill-conceived notion that the Court ruled on and established the actual validity of his alleged rescission—in the absence of any evidentiary proof—the Court should deny Plaintiff's motions.

## ARGUMENT

### A.    Plaintiff's Motions Rest on the False Premise That the Court Ruled on the Merits of Plaintiff's Claim When it Denied Chase's Motion to Dismiss.

Relying on this Court's Opinion and Order on Chase's motion to dismiss, Plaintiff asserts that "there is no doubt as to the effectiveness of Plaintiff's rescission being March 29, 2008," and that Chase can set forth no "facts or defenses" to bar Plaintiff's requested relief.  Pl.'s Mot. at 7, 11.  But this Court did not hold that the "effect of Plaintiff's rescission…is clear as a matter of law."  Pl.'s Mot. at 12.  Plaintiff ignores that the Court's Opinion merely addressed the

Page 1 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

sufficiency of the *allegations* as a matter of *pleading*.  The Court—as it is required to do in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6)—construed the Complaint "in favor of the [P]laintiff," and accepted its factual allegations as true in order to decide whether Plaintiff's claim survived a motion pursuant to Fed. R. Civ. P. 12(b)(6).  Op. and Order, p. 5. The Court did not address (and could not have addressed) whether the allegations were in fact true.  Plaintiff bases his motions, however, on the false premise that this Court—in accepting Plaintiff's allegations as true ***solely*** for the purposes of Chase's motion to dismiss—actually held that the factual allegations of Plaintiff's Complaint ***are*** true, and that Plaintiff's "rescission is complete."  Pl.'s Mot. at 2.  But the Court's ruling and the law of Rule 12(b)(6) motions makes clear this is not—and cannot be—the case.

Instead, accepting Plaintiff's allegations as true, and beginning with the premise that the U.S. Supreme Court's recent decision in *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015), "directs that the rescission and voiding of the security interest are effective as a matter of law as of the date of the notice," the Court held that "***if***—as [P]laintiff alleges—WaMu failed to provide the required disclosures and [P]laintiff delivered written notice of rescission in March 2008, the rescission was effected and the security interest in [P]laintiff's property voided at that time."  Op. and Order, pp. 9-10 (emphasis added).  Thus, the Court held that Plaintiff sufficiently "stated a claim for at least some of the relief he seeks," but only after accepting as true, for purposes of deciding the motion, Plaintiff's allegations regarding (1) WaMu's failure to provide required disclosures, and (2) Plaintiff's timely and proper delivery of his notice of intent to rescind his loan.  *Id.* at 14.  The Court did not—as Plaintiff argues—hold that Plaintiff had met his burden in proving the evidence necessary to entitle Plaintiff to the declaratory relief he seeks.

In short, Plaintiff cannot avoid his burden to prove his claims by relying on his mere allegations and statements this Court made in a posture where the Court must accept the allegations as true for the limited purpose of deciding a Rule 12(b)(6) motion.  If the rule were

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

otherwise, Plaintiffs would obtain a judgment in their favor every time a motion to dismiss is denied.  No authority supports that premise.

As set forth in the Court's Opinion and Order, to show that he is entitled to a declaration that the foreclosure was null and void by virtue of his alleged rescission, Plaintiff still must prove not only that he (1) had a conditional right to rescind his loan in 2008, *i.e.*, that WaMu failed to provide the required notices or other material disclosures (because not all TILA disclosure obligations trigger a rescission right), but also that (2) he properly and timely delivered to WaMu a notice of his intent to rescind his 2006 loans.  *See* Op. and Order, pp. 9-10.  Yet tellingly absent from the attachments to Plaintiff's Complaint (or from his improper affidavit in support of his motions, discussed below) is a copy of the purported rescission, and Chase's records (and those of WaMu) do not contain any such rescission notice.  Nor has Plaintiff ever identified which TILA disclosures WaMu failed to provide (and Chase and WaMu's records show signed TILA disclosures by Plaintiff).  Given this, it is no wonder that Plaintiff now attempts to avoid actual proof of his alleged rescission, but the fact that Plaintiff avoided dismissal on the face of his pleading does not mean Plaintiff has prevailed on the merits of his claim.

### B.    The Court Should Deny Plaintiff's Motion to Strike Chase's Affirmative Defenses Because the Defenses Are Both Proper and Adequately Pled.

Plaintiff makes several arguments against Chase's affirmative defenses in arguing that they should be "stricken as improper and procedurally incorrect."  Pl.'s Mot. at 2.  First, Plaintiff argues that because the Court left "no doubt as to the effectiveness of Plaintiff's rescission" on March 29, 2008, "no set of facts or circumstances exist in which Chase could invoke standing to obtain relief."  Pl.'s Mot. at 6, 7.  Second, Plaintiff contends that Chase's pleading of affirmative defenses "is futile, as the Court lacks subject matter jurisdiction to grant Chase relief by vacating the rescission and reinstating the loans."  Pl.'s Mot. at 3.  Finally, Plaintiff asserts that all of Chase's affirmative defenses "fail to allege any facts or facial plausibility as to how [such] defenses bar Plaintiff's right to relief."  Pl.'s Mot. at 6.  Based on these arguments, Plaintiff

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

argues that "Chase's affirmative defenses should be stricken with prejudice, its amended answer deemed admitted, and Plaintiff granted immediate declaratory judgment on the pleadings as a matter of law."[1]  Pl.'s Mot. at 3.  Each of Plaintiff's arguments fails.

### 1.    Legal Standard Under Fed. R. Civ. P. 12(f).

Rule 12(f) provides that a court may "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Immaterial" matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).  "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. In addition, a pleading is "legally insufficient only if it clearly lacks merit under any set of facts the defendant might allege." *Complete Distribution Sers., Inc. v. All States Transport, LLC*, 2015 WL 1393281, *2 (D. Or. 2015).  On a motion to strike, a court must "view the challenged pleading in the light most favorable to the pleader." *Wanke Cascade Distribution, Ltd. v. Forbo Flooring, Inc.*, 2015 WL 1757151, *4 (D. Or. 2015).  Generally, a motion to strike "should be denied unless it can be shown that no evidence in support of the allegation would be admissible,

---

[1] As part of his requested relief, and as referenced above, Plaintiff requests that "Chase's amended affirmative defenses should be stricken with prejudice, [its] amended answer deemed admitted, and Plaintiff be granted immediate relief for declaratory judgment on the pleadings as a matter of law." Pl.'s Mot. at 12.  Plaintiff, however, does not raise any specific arguments, or cite any authority, in connection with his request that Chase's amended answer be "deemed admitted."  It is possible that Plaintiff inadvertently included a request that Chase's amended answer be "deemed admitted," as that request was a primary focus of Plaintiff's prior Motion to Strike Defendant's Affirmative Defenses and Deem Answers Admitted, and For Judgment on the Pleadings. *See* Pl.'s Mot. to Strike Def.'s Aff. Defenses and for J. on the Pleadings, ECF No. 18-1 (Dec. 14, 2015).  In Plaintiff's prior motion, Plaintiff argued Chase's answers should be "deemed admitted," because as (1) Chase had "no standing to speak for the now deceased [WaMu]," and thus no legal basis to deny that WaMu failed to provide all required notices and material disclosures in connection with Plaintiff's loan; and (2) could not properly "bring[] forth answers and affirmative defenses" in light of Chase's response "that it has no 'knowledge or information to form a belief'" as to the "essential facts in this case," *i.e.*, Plaintiff's alleged March 29, 2008 notice of rescission pursuant to Fed. R. Civ. P. 8(b)(5). *Id*. at 2, 4-5, 11. Plaintiff further argued that by merely asserting affirmative defenses in response to Plaintiff's claim, "Chase admits to the allegations" of Plaintiff's Complaint. *Id*. at 5-6.  To the extent Plaintiff does still intend to move this Court to deem Chase's answers admitted, Plaintiff has offered no argument or authority for such a ruling.  To the extent Plaintiff attempts to rely on any of the arguments contained in his prior motion, those  arguments are unsupported by any authority and contrary to the well-recognized rules of pleading admissions, denials, and affirmative defenses under Fed. R. Civ. P. 8.

Page 4 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main • (503) 778-5299 fax

DWT 28601820v4 0036234-000408

or those issues could have no possible bearing on the issues in the litigation." *Id.* "Motions to strike are not favored and should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Kersh v. Scheets*, 2004 WL 3058381, *2 (D. Or. 2004).

An answer "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Such defenses are stated "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). "A defense may be insufficient as a matter of law or as a matter of pleading." *Jane Doe ex rel. J.M. v. Phoenix-Talent School Dist. No. 4*, 2011 WL 704877, *1 (D. Or. 2011). Where, for instance, "a defense cannot succeed under any set of circumstances, it is insufficient as a matter of law." *Id.* To grant a motion to strike a defense as legally insufficient, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Am. Rivers, Inc. v. NOAA Fisheries*, 2006 WL 468353, *2 (D. Or. 2006); *see also Ransom v. Gonzalez*, 2014 WL 931793, *1 (E.D. Cal. 2014) ("To prevail on a motion to strike an affirmative defense, the moving party must persuade the court that there are no disputed questions of fact or law and that the defense could not succeed under any set of circumstances."). Where, on the other hand, "an affirmative defense fails to give plaintiff fair notice of the defense, it is insufficiently pled." *Jane Doe ex rel. J.M.*, 2011 WL 704877, at *1. "Affirmative defenses are stricken only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

### 2.    Chase Does Not "Lack Standing" To Assert Affirmative Defenses To Plaintiff's Claim.

Plaintiff contends that "no set of facts or circumstances exist in which Chase could invoke standing to obtain relief" against Plaintiff's Complaint. Pl.'s Mot. at 6. Further, Plaintiff contends that "Chase does not have standing to challenge [Plaintiff's] rescission," and thus assert any affirmative defenses in response to Plaintiff's claim, because "Chase is not the 'creditor' as

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

defined in 15 U.S.C. § 1602(g)." Pl.'s Mot. at 2-3. Plaintiff's argument, however, that Chase "lacks standing" to defend against Plaintiff's claim is without merit.

As an initial matter, Plaintiff cannot argue that he has a legal basis on which sue Chase based entirely on the alleged conduct of WaMu, but that Chase somehow "lacks standing" to raise affirmative defenses—or otherwise present any defense—in response to Plaintiff's claim. Pl.'s Mot. at. 2-3. Such an argument is contrary to well-established principles of due process, under which it is required that Chase be given "an opportunity to present every defense" against Plaintiff's claim. *Lindsey v. Normet*, 405 U.S. 56, 66 (1972). It cannot be that Plaintiff can assert a claim against Chase—and one where the requested relief, if granted, directly threatens Chase's legal interest in the subject property to Chase, thus causing injury to Chase—yet Chase is denied any opportunity to defend against Plaintiff's claim.

To the extent Plaintiff relies not on traditional notions of "standing," but instead on the argument that Chase is not a "creditor" pursuant to 15 U.S.C. § 1602(g) in support of his contention that Chase is unable to "challenge and contest Plaintiff's rescission," Plaintiff's argument still fails. Pl.'s Mot. at 2-3, 6. First, Plaintiff cites to no authority in support of his assertion that only an original creditor, as defined by 15 U.S.C. § 1602(g), can contest an alleged rescission in an action seeking to enforce, or establish the effectiveness of, such alleged rescission. Indeed, Plaintiff has repeatedly protested that his present claim is not under TILA and this Court has noted that he does not "assert affirmative TILA claims in this lawsuit." Op. and Order, p. 6 n. 2. Yet Plaintiff inexplicably relies on a TILA provision, 15 U.S.C. §1602(g), in asserting that Chase "does not have standing to challenge the rescission." Pl.'s Mot. at 2. Plaintiff cannot have it both ways. At bottom, Plaintiff brings an action seeking a declaratory judgment that his alleged rescission of March 29, 2008 deemed all actions taken against the subject property—including the foreclosure and subsequent sale of the property—null and void. Anyone with a legal interest in or a right to the subject property has "standing" to defend against Plaintiff's claim. Accordingly, Chase plainly has standing to defend the claims Plaintiff has

Page 6 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

brought against it, and Plaintiff's argument that Chase's defenses should be stricken because Chase lacks standing to "challenge or contest Plaintiff's rescission" is without merit.

### 3.    This Court Has Subject Matter Jurisdiction to Adjudicate Plaintiff's Claim and Chase's Defenses.

In support of his argument that Chase's assertion of affirmative defenses is improper, Plaintiff makes brief—yet unsupported—references to the idea that this Court "lacks subject matter jurisdiction to grant Chase relief by vacating the rescission and reinstating the loans." Pl.'s Mot. at 3.  Plaintiff seems to argue that because, in his view, "rescission is complete," and "no set of facts or circumstances exist in which Chase could invoke standing to obtain relief," this Court "lacks subject matter jurisdiction to now vacate the rescission and reinstate the loans." Pl.'s Mot. at 2, 6.  Plaintiff's argument, however, fails for several reasons.

First, Plaintiff offers no support for the plainly incorrect notion that the Court has subject matter jurisdiction to hear Plaintiff's claim and grant Plaintiff's requested relief—*i.e.*, a declaration that Plaintiff's alleged rescission of March 29, 2008 rendered all subsequent actions taken on the subject Property null and void—but somehow does not have jurisdiction to hear Chase's defenses to Plaintiff's claim.  Second, Plaintiff's entire argument as to this Court's lack of "subject matter jurisdiction" is again based on the incorrect notion that "there is no doubt as to the effectiveness of Plaintiff's rescission," and that the Court has decided the factual allegations of Plaintiff's Complaint.  Pl.'s Mot. at 7.  As discussed in Section A above, the Court did not hold—and could not have properly held—that Plaintiff had met his burden in proving not only that he had a conditional right to rescind, *i.e.*, that WaMu failed to provide Plaintiff with material disclosures, but also that Plaintiff properly notified WaMu of his intent to rescind.  Indeed, there is nothing in the Court's ruling that interferes with Chase's right to "challenge and contest Plaintiff's rescission," or that otherwise deprives this Court of jurisdiction to hear Chase's defenses to Plaintiff's claim.  Pl.'s Mot. at 6.  Moreover, and as described in Section B(2) above,

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Plaintiff has offered no authority in support of his contention that Chase "lacks standing to challenge [Plaintiff's] rescission. Pl.'s Mot. at 2, 3.

### 4. Chase's Affirmative Defenses Provide Plaintiff with Fair Notice of the Grounds for Chase's Defense, and Are Not Insufficient or Immaterial.

Plaintiff argues that "[a]ll eight of [Chase's] affirmative defenses fail to allege any facts or facial plausibility as to how these defenses bar Plaintiff's right to relief." Pl.'s Mot. at 6. Plaintiff argues that because "[a]ffirmative defenses are governed by the same pleading standards as claims," *Twombly* and *Iqbal* require that affirmative defenses make a "showing of facial plausibility." Pl.'s Mot. at 6. While neither the Ninth Circuit nor any other Circuit Court of Appeals has yet ruled on whether *Twombly* and *Iqbal* applies to affirmative defenses, several district courts have refused to extend *Twombly* or *Iqbal* to affirmative defenses. *Trustmark Ins. Co. v. C & K Market, Inc.*, 2011 WL 587574, *1 (D. Or. 2011) (declining to extend *Twombly* to affirmative defenses until the Ninth Circuit overrules its decision in *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979), which requires "fair notice of the defense"); *J & J Sports Prods., Inc. v. Scarce*, 2011 WL 2132723, *1 (S.D. Cal. 2011) (declining to extend *Twombly* to affirmative defenses). *But see Peterson v. Acumed, LLC*, 2010 WL 5158542, *3 (D. Or. 2010); *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 WL 1029425, *7 (N.D. Cal. 2012) (applying *Twombly* and *Iqbal* to affirmative defenses because "[a]ffirmative defenses are governed by the same pleading standards as complaints.").

Regardless of the correct pleading standard applicable to affirmative defenses, however, Chase has not only provided plaintiff with a "fair notice of the defense," *Wyshak*, 607 F.2d at 827, but has also alleged enough facts to show that each affirmative defense is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, even if this Court finds that "under no set of circumstances could [Chase's] defenses succeed," *Am. Rivers, Inc.*, 2006 WL 468353 at *2, and that Chase's defenses may therefore be stricken, the Court should grant Chase leave to amend its affirmative defenses. *See Barnes v. AT & T Pension Ben.*

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Plan*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (noting that where an affirmative defense is stricken, "leave to amend should be freely given when doing so would not cause prejudice to the opposing party.")

### a.    Chase's Statute of Limitations Defense.

Plaintiff claims that Chase "has no legal basis" to raise a statute of limitations defense because Chase "already attempted to raise this defense in its motion to dismiss, but the Court rejected this argument." Pl.'s Mot. at 6-7.  In support of his argument, Plaintiff relies on this Court's Opinion and Order, which acknowledged that while Chase's argument that the "statute of limitations has run on all affirmative TILA claims related to the 2006 loans" may be "correct as a matter of law," it did not warrant dismissal because Plaintiff "specifically disclaimed any intent to assert affirmative TILA claims in this lawsuit." Op. and Order, p. 6, n. 2.  Chase's limitations defense, however, asserts that Plaintiff's alleged rescission (if any) was untimely.

As set forth in Chase's Amended Answer and Affirmative Defenses, Chase alleges that to the extent Plaintiff relies on his April 21, 2015 notice, which purported to "memorializ[e] the March 29, 2008 rescission," this is insufficient to show that Plaintiff made a valid, timely rescission under TILA.  *See* Compl. ¶ 18; Am. Answer ¶ 42.  As described above, Plaintiff has neither attached to his Complaint nor otherwise provided Chase with a copy of the alleged March 28, 2008 notice of rescission, and Chase has been unable to locate a copy of Plaintiff's alleged notice of rescission in Plaintiff's loan file.  As a result, Chase disputes that Plaintiff ever made a timely rescission under TILA, which bars his claim for relief.  *See* Am. Answer ¶ 42.  Moreover, to the extent Plaintiff did not have a conditional right to rescind his loan under TILA, *i.e.*, WaMu provided Plaintiff with all required notices and material disclosures (many of which are signed by Plaintiff), any purported rescission notice sent on or about March 28, 2008 also would have been untimely under TILA's three-day limitations period, thus barring Plaintiff's request for declaratory relief.  Because Chase has given Plaintiff fair notice of its defense by alleging sufficient facts to be plausible, Chase's statute of limitations should not be stricken.

Page 9 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28601820v4 0036234-000408

b.      **Chase's Laches Defense.**

Plaintiff argues that Chase "lacks any basis to raise this defense" because the Court "has already rejected this argument" when it noted that "[a]lthough it has been six years since the trustee's sale, plaintiff promptly filed suit after the Supreme Court issued its decision in *Jesinoski*." Pl.'s Mot. at 8; Op. and Order, p. 17. Plaintiff further argues that Chase's laches defense "also fails because Chase has no standing to speak on behalf of [WaMu] as to any of the facts regarding Plaintiff's loans and the subsequent rescissions." Pl.'s Mot. at 7.

Contrary to Plaintiff's argument, however, Chase's laches defense does not address whether Plaintiff timely filed suit after *Jesinoski*. Instead, the laches defense challenges whether Plaintiff ever made a timely and valid TILA rescission. As alleged in Chase's Affirmative Defenses and Answer Plaintiff's claim for relief is barred by the doctrine of laches to the extent Plaintiff is unable to prove his alleged March 28, 2008 notice of rescission, and relies on his April 21, 2015 notice in support of his claim that he made both a valid and timely rescission. *See* Am. Answer ¶ 43. Moreover, to the extent that Plaintiff is unable to show that his right of rescission was extended beyond the three-day period TILA provides, *i.e.*, that WaMu failed to provide proper notices of right to rescind or other material disclosures, the doctrine of laches also bars Plaintiff's claim for relief. *See id.*

Plaintiff's argument that Chase's laches defense fails because Chase lacks "standing to speak on behalf of [WaMu] as to any of the facts" relating to Plaintiff's loan or alleged rescission is also without basis. Pl.'s Mot. at 7. Chase has more than a sufficient basis to allege facts in support of its laches defense based on WaMu's records. When Chase acquired certain assets of WaMu pursuant to a Purchase and Assumption Agreement with the FDIC, Chase not only received Plaintiff's loans, but also received any associated loan files. Plaintiff's loan file reflected that Plaintiff received all required notices and material disclosures. Notably, however, Plaintiff's loan file did not contain his alleged notice of rescission of March 29, 2008, which is not only absent from Plaintiff's Complaint, but which Plaintiff has not otherwise provided in

Page 10 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

support of his claim.  Accordingly, Chase has a valid basis to assert its laches defense, and has also pled sufficient facts in support thereof.

### c.    Chase's Release and Waiver Defenses

Plaintiff's position is that Chase's defenses of release and waiver based on a November 14, 2012 Settlement Agreement between Plaintiff and Chase is "immaterial, impertinent, and insufficient."  Pl.'s Mot. at 7.  Specifically, Plaintiff argues that because any Settlement Agreement between the parties could not "nullify Plaintiff's March 29, 2008 rescission under TILA," and "there is no doubt as to the effectiveness of Plaintiff's rescission," Chase "lacked authority to have contracted a release" of all Plaintiff's claims against Chase relating to the subject Property, Notes, and Trust Deeds at issue in this case.  Pl.'s Mot. at 7-8. The Court should reject Plaintiff's argument for several reasons.

First, and as discussed in Section A above, this Court did ***not*** hold that "Plaintiff's completed rescission in 2008…effectively voided the security instruments."  Pl.'s Mot. at 8. While Plaintiff's allegations were accepted as true for the purposes of Chase's motion to dismiss, to show that rescission was effected on or about March 28, 2008, Plaintiff still must prove not only that WaMu failed to provide the required notices and material disclosures, but also that Plaintiff timely and properly rescinded his loan.  To date, he has not done so.

Second, even assuming Plaintiff's ability to prove that he had a conditional right to rescind his loans—*i.e.*, that WaMu failed to provide the required disclosures, and that Plaintiff properly delivered timely notice of his intent to rescind his loans—this does not affect the validity of the Settlement Agreement entered into between Plaintiff and Chase.  Indeed, even if Plaintiff made both a timely and valid rescission on March 29, 2008 that voided the security interest on the subject Property, Plaintiff later entered into a Settlement Agreement with Chase relating to the ***same*** subject Property, Notes, and Trust Deeds on November 14, 2012 under which Plaintiff, after asserting numerous counterclaims against Chase, including a counterclaim seeking—as Plaintiff seeks here—a declaration that the foreclosure on the property was null and

Page 11 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

void, **knowingly and voluntarily** waived and released any claims relating to the subject Property

and loans thereon, which includes any claims relating to his March 29, 2008 rescission or his

claimed interest in the Property.  Even assuming Plaintiff's allegations as to the effectiveness of

the March 29, 2008 rescission as true, it does not matter whether there was a valid security

interest in the subject Property at the time the parties entered into the Settlement Agreement, as

Plaintiff was certainly aware he had previously purportedly rescinded his loan on the subject

Property at the time he entered into the Settlement Agreement with Chase, and willingly agreed

to release **any and all causes of action** against Chase relating to the Property.

Plaintiff has not set forth any valid argument to show that Chase's defenses of release and

waiver based on the November 14, 2012 Settlement Agreement between Plaintiff and Chase is

"immaterial, impertinent, and insufficient."  Pl.'s Mot. at 7.  Despite Plaintiff's arguments

regarding the effect of his alleged March 29, 2008 rescission on the Settlement Agreement,

Chase has alleged more than sufficient facts to provide Plaintiff with fair notice of its defense,

and has not shown that Chase's "defense could not succeed under any set of circumstances."

*Ransom*, 2014 WL 931793 at *1.

### d.    Chase's Res Judicata and Collateral Estoppel Defense.

Plaintiff asserts that Chase "fails to explain" how its res judicata and collateral estoppel

defense "bars Plaintiff's right to relief."  Pl.'s Mot. at 9.  Plaintiff argues that he did not file "any

TILA Rescission claims in Court or through the FDIC," and that "TILA rescission does not

require that Plaintiff file suit."  Pl.'s Mot. at 9.  Plaintiff misunderstands res judicata.

Res judicata, or claim preclusion, provides that a "final judgment on the merits of an

action precludes the parties from relitigating all issues connected with the action that were or

**could have been raised** in that action."  *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 898-99 (9th

Cir. 2001) (emphasis added).  Thus, contrary to Plaintiff's argument against Chase's res judicata

defense, the question is not whether Plaintiff's claim was **actually** brought or previously litigated

Page 12 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28601820v4 0036234-000408

in "Court or through the FDIC," but whether claims relating to Plaintiff's alleged rescission "***could have been raised***" in Plaintiff's prior litigation.

As discussed above, Plaintiff brought several counterclaims against Chase in 2010, all relating to the same subject Property, Notes, and Trust Deeds at issue in this action, which resulted in a final judgment on the merits. As part of his requested relief, Plaintiff sought— exactly as he does here—a declaration that the foreclosure on the subject Property was null and void. Before 2010, Plaintiff brought claims against WaMu, including claims for violation of the Fair Credit Reporting Act and Real Estate Settlement Procedures Act, that ***also*** related to the same subject Property and Notes at issue here. Plaintiff's 2010 claims—heard in front of this Court—also resulted in a final judgment on the merits. Nowhere in his July 2008 WaMu Complaint, or in his numerous 2010 counterclaims asserted against Chase, did Plaintiff allege ***any*** facts regarding his alleged March 29, 2008 loan rescission. Indeed, Plaintiff had numerous opportunities to raise rescission (or any request for declaratory relief), but he failed to do so. *See Rein*, 270 F.3d at 898-99. Accordingly, Chase has pled more than sufficient facts to show that this defense is "plausible on its face." *Twombly*, 550 U.S. at 570.

### e.    Chase's Necessary Parties Defense.

Plaintiff contends that Chase "has no legal basis to even raise this as a defense because Chase had no authority to sell and grant title to Plaintiff's [P]roperty due to the rescission." Pl.'s Mot. at 9. Plaintiff further asserts that "[t]here are no necessary parties missing in this action." Pl.'s Mot. at 9. Plaintiff's arguments, however, are without basis, for several reasons.

First, and as described in Section A above, Plaintiff has not established that Chase lacked "authority to sell and grant title to Plaintiff's [P]roperty" due to Plaintiff's alleged notice of rescission on March 28, 2009. Pl.'s Mot. at 9. In order to establish that Chase has no valid security interest to sell or otherwise grant title to the subject Property, Plaintiff still must *prove* (a) WaMu failed to provide him with material disclosures (such that Plaintiff had a conditional right to rescind) and (b) Plaintiff properly notified WaMu of his intent to rescind.

Page 13 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

Second, and regardless of whether Chase had "authority to sell and grant title" to the subject Property, there are still missing parties who are indispensable to this action.  Under Fed. R. Civ. P. 19(1), a person must be joined as a party if (1) in that person's absence, the court is unable to "accord complete relief among existing parties"; or (2) that person "claims an interest relating to the subject of the action…and disposing of that action in the person's absence may…impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(1).  Here, Plaintiff's Complaint alleges that subsequent to the foreclosure on the subject Property, "Chase sold the subject [P]roperty for $285,000.00 on July 12, 2011" to a third-party purchaser. Compl. ¶ 16.  Moreover, and as set forth in his Complaint, Plaintiff seeks a declaration that all actions taken against the subject Property after his alleged March 29, 2008 notice of rescission "be declared null and void," and that "Plaintiff be put back in title to the subject [P]roperty as sole owner."  Compl. ¶ 41.  Because the third-party purchaser presently has legal title to and interest in the subject Property, and would be divested of legal title and interest in the subject Property should Plaintiff obtain the relief sought in his Complaint, there is no question that the third-party purchaser is a necessary party pursuant to Fed. Civ. P. 19(1).

### f.  Chase's Estoppel Defense.

Plaintiff contends that Chase's defense of estoppel is "insufficient and immaterial," and also fails to "provide 'fair notice' of what the defense is and the grounds upon which it rests." Pl.'s Mot. at 9-10.   Chase's Amended Answer and Affirmative Defenses, however, set forth the specific grounds upon which its estoppel defense is based.  *See* Am. Answer ¶ 48.  Specifically, Chase asserts that Plaintiff has taken myriad actions inconsistent with his alleged March 29, 2008 notice of rescission, *after* the date Plaintiff allegedly rescinded his loan, such as repeatedly acknowledging his WaMu loan in writing (after the purported rescission) by seeking various options for repayment assistance and modifications.  *See* Am. Answer ¶ 48.  Accordingly, Chase has alleged sufficient facts to provide notice to Plaintiff as to the nature of its estoppel defense.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### g.    Chase's Unjust Enrichment Defense.

Plaintiff argues that "Chase has no standing to argue unjust enrichment when the effect of the rescission means Chase never acquired any interest in Plaintiff's property…and thus could not have been detrimentally damaged by Plaintiff asserting his rights." Pl.'s Mot. at 10. Plaintiff's argument does not take into the account the effect of the declaratory relief he seeks.

If Plaintiff is granted the relief he seeks, *i.e.*, a declaration that the foreclosure sale was null and void and that Plaintiff holds title to the property, Plaintiff will presumably receive title to the subject Property free and clear of the lien he asserts was extinguished by his purported rescission. *See* Am. Answer ¶ 49. As a result, Plaintiff would be unjustly enriched to the extent he receives title to the subject Property on which proper payments were not made, as well as the financial benefit of loan proceeds secured by the subject Property, which Plaintiff also did not repay. *See* Am. Answer ¶ 49. Because these facts are more than sufficient to show—at the pleading stage—that Plaintiff would be unjustly enriched if granted the relief sought by his Complaint, the Court should not strike Chase's unjust enrichment defense.

### C.    Plaintiff Is Not Entitled to Judgment on the Pleadings.

#### 1.    Legal Standard Pursuant to Fed. R. Civ. P. 12(c).

"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) ("Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.") Indeed, "[a]ll allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011) ("When considering a Rule 12(c) dismissal," a court "must

Page 15 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

accept the facts as pled by the nonmovant."). Moreover, "any allegations of the moving party which have been denied are taken as false." *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967). Accordingly, "a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Likewise, "if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Id.* In sum, "only if it appears that, on the facts so admitted, the moving party is clearly entitled to prevail can the motion be granted." *Austad*, 386 F.2d at 149.

### 2.    Plaintiff is Not Entitled to Judgment on the Pleadings Because Several Material Issues of Fact Remain.

Plaintiff argues that it is entitled to judgment on the pleadings because "Plaintiff's rescission was complete" as of March 29, 2008, and "[a]ny challenge to Plaintiff's rescission is now barred and foreclosed by statute." Pl.'s Mot. at 11. Plaintiff further argues that because Chase "acquired no interest in Plaintiff's property from [WaMu]," Chase can set forth "no set of facts or defenses which could vacate the rescission, reinstate the loans and security instruments, and bar Plaintiff's relief." Plaintiff's argument, however, is sufficient to show that Plaintiff "is entitled to judgment as a matter of law." *Hal Roach Studios*, 896 F.2d at 1550.

First, regardless of the effectiveness of Plaintiff's alleged rescission of March 29, 2008, Plaintiff cites to no authority in support of his argument that Chase – a party whose legal interest in the subject Property are directly affected by Plaintiff's requested relief – is "barred and foreclosed" from raising any defenses in response to Plaintiff's lawsuit. Moreover, and as discussed in Section A above, Plaintiff has not yet proven that his alleged notice of rescission on March 29, 2008 occurred at all, let alone is "clear as a matter of law." Pl.'s Mot. at 12. As made clear in the Court's Opinion and Order on Chase's motion to dismiss, in order to show entitlement to the declaratory relief sought by Plaintiff, Plaintiff must prove his allegations that he (1) had a conditional right to rescind in March 2008. *i.e.*, that WaMu failed to provide

Page 16 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28601820v4 0036234-000408

Plaintiff with the required disclosures in connection with his 2006 loans; and (2) that Plaintiff

provided WaMu with timely and proper notice of his intent to rescind.  Because Plaintiff still

must prove the allegations relating to his alleged right to rescission, Plaintiff has not

"establishe[d] on the face of the pleadings that no material issue of fact remains to be resolved

and that [he] is entitled to judgment as a matter of law." *Hal Roach Studios, Inc.*, 896 F.2d at

1550.  Until Plaintiff proves—through admissible evidence—he made both a valid and timely

rescission (and overcomes Chase's defenses), Plaintiff cannot establish that he is entitled to the

declaratory relief he seeks.

Second, Plaintiff cannot show that he is entitled to judgment on the pleadings because

Chase's Amended Answer and Affirmative Defenses "raises issues of fact that, if proved, would

defeat [Plaintiff's] recovery." *Gen. Conference Corp.*, 887 F.2d at 230.  Indeed, Chase has

effectively denied Plaintiff's alleged rescission of March 29, 2008. *See* Am. Answer ¶ 6; Fed. R.

Civ. P. 8(b)(5) (specifically permitting response that defendant "lacks knowledge or information

sufficient to form a belief about the truth of an allegation," and stating that such a "statement has

the effect of a denial").  As discussed above, Chase has been unable to locate any copy of

Plaintiff's alleged March 29, 2008 notice of rescission in Plaintiff's loan file.  Nor has Plaintiff

attached a copy of the alleged March 29, 2008 notice of rescission to his Complaint, or otherwise

provided Chase a copy of the alleged notice of rescission, including when Plaintiff sent his

"renewed" notice of April 21, 2015, which purported to "memorializ[e] the March 29, 2008

rescission." *See* Compl. ¶ 18, Ex. E.  Under Fed. R. Civ. P. 8(b)(5), Chase's responses have the

"effect of a denial," and in ruling on a motion for judgment on the pleadings pursuant to Fed. R.

Civ. P. 12(c), this Court "must accept the facts as pled by [Chase]." *Cafasso*, 637 F.3d at 1053.

Moreover, Chase has also denied that WaMu "failed to provide proper Notices of Rescission, or

any other required notice or material disclosure, in connection with Plaintiff's 2006 loans." Am.

Answer ¶ 6. As Chase has denied Plaintiff's allegations regarding his receipt of improper notices

or other material disclosures, Plaintiff's allegation that WaMu failed "to provide proper 'Notices

Page 17 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

of Rescission,'" Compl. ¶ 6, must "be taken as false" for purposes of a motion under Fed. R. Civ. P. 12(c). *Austad*, 386 F.2d at 149. Because Chase denies that WaMu failed to provide him with all required notices and material disclosures, and also denies under Fed. R. Civ. P. 8(b)(5) that Plaintiff properly exercised any rescission right by sending a "written 'Notice of Rescission' on both loans via certified mail to [WaMu] on or about March 29, 2008," Chase's "answer raises issues of fact that, if proved, would defeat recovery" by Plaintiff on his claim for declaratory relief. *Gen. Conference Corp.*, 887 F.2d at 230.

Finally, the Court should not consider Plaintiff's improper affidavit in connection with his motions, which simply mirrors the factual allegations of his Complaint—yet notably ***still*** does not attach Plaintiff's alleged March 29, 2008 notice of rescission. As the Ninth Circuit has made clear, "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue."[2] *Hal Roach Studios*, 896 F.2d at 1550 (holding that district court erred in granting [Plaintiff's] motion for judgment on the pleadings" where the court "went beyond the pleadings in reaching its decision" by relying on a declaration and exhibit thereto that was in dispute on the face on the pleadings). Instead, judgment on the pleadings is only "proper when the moving party clearly establishes on the ***face of the pleadings***" that he is "entitled to judgment as a matter of law." *Id*. at 1550 (emphasis added). As discussed above, in "taking all of the allegations in [Chase's] pleadings as true," *McGlinchy*, 845 F.2d at 810, and taking "any allegations of [Plaintiff's] which have been denied…as false," *Austad*, 386 F.2d at 149, Plaintiff cannot show that he is entitled to judgment on the "face of the pleadings" under Rule 12(c).[3]

---

[2] Citing Fed. R. Civ. P. 12(c), *Hal Roach Studios* further noted that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Hal Roach Studios*, 896 F.2d at 1550 n. 14. Should this Court decide to consider Plaintiff's affidavit in ruling on these motions, and therefore convert this motion as one for summary judgment pursuant to Fed. R. Civ. P. 56, Chase respectfully requests a reasonable opportunity to take discovery and to submit additional evidence pursuant to Fed. R. Civ. P. 56(d).

[3] Even if Plaintiff can somehow show he is entitled to relief on the face of the pleadings under Rule 12(c)—*i.e.*, Plaintiff shows that on the face of his Complaint and Chase's Answer and

Page 18 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax
DWT 28601820v4 0036234-000408

## CONCLUSION

For all the reasons stated above, Chase respectfully requests that this Court deny

Plaintiff's motions.

DATED this 13th day of January, 2016.

DAVIS WRIGHT TREMAINE LLP

By  s/ Kaley L. Fendall
    Kevin H. Kono, OSB #023528
    kevinkono@dwt.com
    Kaley L. Fendall, OSB # 093509
    kaleyfendall@dwt.com
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299

    Frederick B. Burnside, OSB #096617
    Telephone: (206) 757-8016
    Facsimile: (206) 757-7016
    fredburnside@dwt.com

    Attorneys for JPMorgan Chase Bank, NA

---

Affirmative Defenses that "no material issue of fact remains to be resolved," *Hal Roach Studios, Inc.*, 896 F.3d at 1550—the Court should grant Chase leave to amend its Answer and Affirmative Defenses.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the [pleading] could not be saved by amendment.").

Page 19 - DEFENDANT JPMORGAN CHASE BANK, NA'S RESPONSE TO MOTION TO STRIKE

DWT 28601820v4 0036234-000408