JOHN A. COCHRAN, WSBA # 020022
PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 519-5982
FAX (360) 953-8083

COUNSEL FOR PLAINTIFF WILLIAM J. PAATALO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM J. PAATALO<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, F.A.<br><br>J.P. MORGAN CHASE BANK<br><br>Defendant. | CASE NO. 15-cv-1420<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES PER FRCP 12(f) AND DEEM AMENDED ANSWERS ADMITTED, AND FOR JUDGMENT ON THE PLEADINGS PER FRCP 12(c) |

COMES NOW Plaintiff, William J. Paatalo, by and through Pacific Property Law LLC, hereby submit this Reply in support of their Motions to Strike Defendant's Affirmative Defenses under FRCP 12(f) and to deem amended answers admitted, and Motion for Judgment on the Pleadings under FRCP 12(c).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE ETC - 1

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 756-0299
FAX (360) 953-8083

## INTRODUCTION

*"Jesinoski revealed the majority of federal courts had "misinterpreted the will of the enacting Congress," Rivers, 511 U.S. at 313 n.12, in allocating to borrowers the burden to go to court to enforce their statutory rescission rights under TILA."* (ORD, pg.18,¶2).

The fact that Plaintiff has had to file this action is a burden Plaintiff shouldn't have to bear. Plaintiff has properly cited the authorities under 15 U.S.C. § 1601 et seq. ("TILA") and 12 C.F.R. § 226 *et seq.* ("Reg. Z") to which he relies. The Defendant has failed to argue any authority as to how Plaintiff's completed rescission 20-days after March 29, 2008 with creditor "Washington Mutual Bank, FA" (WMB) can be legally re-opened and challenged by Defendant in 2016. The reason for these failures is simple, to wit: there is no such authority and in fact, the only authorities in existence — 15 USC 1635, Reg Z, and the Supreme Court of the Untied States (*Jesinoski*) are in rare agreement that there is no room for stonewalling a mailed notice of rescission even if the recipient is certain they could dispute it because of some perceived defect.

In spite of the controlling case law (*Jesinoski*), Defendant is attempting to litigate TILA related claims that were forever waived by WMB in 2008, and which it lacks any standing to litigate in the first place.

Plaintiff is not seeking any claims or any damages against Defendant; only a declaratory acknowledgement that the rescission he mailed on March 29, 2008 effectively voided the notes and deeds, and for cancelation of the instruments on title. The consequence of the rescission under TILA means no interest in title to Plaintiff's property transferred to Defendant, and as such, Defendant cannot defend interests it never possessed.

Plaintiff concedes that the result is punitive — as it was meant to be when Congress initially passed the Truth in Lending Act 50 years ago. Like minimum mandatory sentencing the result may not be appreciated by the bench or the banks;

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE
ETC - 2

**PACIFIC PROPERTY LAW, LLC**
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 756-0299
FAX (360) 953-8083

but the law is to be followed exactly as it is written. No interpretation is allowed under the directive issued by the Supreme Court of the United States. The TILA rescission statute, as a matter of law, is <u>clear on its face, as stated by the Court of final resort</u>. (See *Jesinoski*).

## ARGUMENT

**A. Defendant Cites No Authority In Which A Completed Rescission Under TILA Can Be Re-Opened And Re-litigated Outside Of TILA's Statutory Sequence.**

The 9th Circuit noted in the case of <u>Causey v. U.S. Bank Nat 7 Ass 'n, 464 F. App'x 634 (9th Cir. 2011)</u>, referencing Yamamoto, "Although the district court is authorized to modify the default sequence, that authority ends once rescission is accomplished. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(4). In a case where the creditor disputes the consumer's asserted ground for rescission, rescission is not accomplished until a court determines that the consumer had the right to rescind. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1172 (9th Cir. 2003). **But in a case where the creditor acquiesces in the consumer's notice of rescission or fails to respond within the 20-day response period, rescission is accomplished automatically."** See id. (Emphasis in bold).

Any creditor that ignores rescission, and then tries to challenge that rescission from a defensive posture outside of 20-days, is attempting to use motion practice and the appeal as a vehicle to sidestep the basic requirements of obtaining relief in court. This presumes however that Defendant is/was the "creditor" which it has never been. Defendant's Affirmative Defenses should be stricken with prejudice as raising issues that are untimely and raising issues in which the jurisdiction of the Court have not been invoked. <u>TILA Rescission is not a claim</u>, but rather a private right of action.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE ETC  - 3

**PACIFIC PROPERTY LAW, LLC**
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 756-0299
FAX (360) 953-8083

A TILA Rescission cannot be vacated by a Court outside of a timely challenge by the creditor upon notice.

Even Plaintiff's notice to Defendant sent on April 21, 2015 "memorializing the March 29, 2008 rescission," which Defendant admits it received (AA ¶18), should have triggered Defendant to file its own action for declaratory relief if it felt it held any interest in the subject property, along with a request to expunge the *lis pendens* from the title records. However, Defendant did not do this as it would have required proof of standing; something Defendant lacks.

If a creditor contests a rescission under TILA, it needs to do the following:

(1) They must file an action within 20-days of receipt of the rescission.
(2) The creditor must be an injured party with standing — i.e., loss of finance charges on the loan, along with fees (or other charges) that they loaned or paid for.
(3) The a ction would need to allege that the borrower rescinded the loan improperly.
(4) The  prayer for relief would be to enter an order vacating the rescission for whatever reason they think it was wrong.

Defendant cites to no authority that allows for a challenge to an already completed TILA rescission. If the Court were to allow any "defenses" to a TILA rescission enforcement action AFTER the 20-day window, the goal of allowing the borrower to pay off the old lender(s) with a new loan would be impossible. Of note, Plaintiff put forth an affidavit in opposition to Defendant's motion to dismiss stating as fact that he was current on his payments to WMB at the time he rescinded, and there was no default at issue on March 29, 2008. Had WMB unwound the transactions and cancelled the instruments as required under the law, Plaintiff could have sought alternative financing with his good credit rating intact. Defendant improperly tries to argue, *"Moreover, and notably, Plaintiff does not allege in his*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE
ETC  - 4

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 756-0299
FAX (360) 953-8083

*complaint nor aver in his Affidavit that he was not in fact in default prior to March 2008."* (Reply, MTD, FN, pg.11). Though all of Defendant's arguments in defense are moot for being improper, it should be pointed out that **if** Defendant claims to hold servicing records for Plaintiff's rescinded loans, it clearly could have rebutted Plaintiff's testimony if it felt the facts were not accurate. Instead, Defendant wishes to make the inference that Plaintiff is a "deadbeat" who was in default, an inference which is simply not true or factual.

**B. Plaintiff Has Made His Prima Facie Case.**

Defendant has put forth no facts or evidence to rebut Plaintiff's affidavit of facts. "Indeed, no more than (Affidavits) is necessary to make the Prima Facie Case." *Cert Denied, 50 U.S. L.W. 2169; S.Ct. March 22, 1982.* Non Rebutted Affidavits are "Prima Facie Evidence in the Case, "*United States vs. Kis, 658 F.2d, 526, 536-337 (7th Cir. 1981)*; "uncontested allegations in affidavit must be accepted as true.", *Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982 Morris v National Cash Register*."

Defendant's responses are inaccurate, promote conclusory statements based on hearsay, and promote denials that suffer from the same defects. None of the preceding are sufficient to defeat Plaintiff's motions.

Defendant argues that Plaintiff's Affidavit is improper because it contains matters outside the pleadings, but acknowledges the affidavit "simply mirrors the factual allegations of his complaint." (Resp. p18,¶2). As such, Defendant argues that Plaintiff's motion for judgment on the pleadings should be considered a summary judgment motion under Rule 56, and thus Defendant should be allowed more time to respond.

Plaintiff's Affidavit presents nothing outside of the pleadings, and simply serves to verify the facts in the complaint. Defendant has been aware of these facts, and has

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE ETC - 5

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 756-0299
FAX (360) 953-8083

had ample time to rebut Plaintiff's Affidavit in support of the facts with evidence of its own.

Plaintiff has met the legal standard for his requested relief, as Defendant has no standing to raise a claim upon which relief could be granted due to the rescission's completion in 2008.

In addition, Defendant cannot now rebut Plaintiff's Affidavit of facts because it states in its Amended Answer that it <u>"lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations"</u> that Plaintiff sent a written "Notice of Rescission" on both loans via certified mail to WMB on or about March 29, 2008 (AA ¶6), or that WMB responded with conditions of tender. (AA ¶7).

Aside from standing issues, Defendant was not the original creditor, was not involved in the transactions, underwriting, or closing of the loans; nor could Chase possibly have personal knowledge as to whether any disclosures were actually given to, and retained by Plaintiff at the closing. <u>Chase admittedly has no knowledge of the disputes leading up to the rescission, the voluminous phone discussions Plaintiff had with WMB's customer service, dispute, and loss mitigation departments regarding the misapplied payments, the hyper-inflated appraisal, the falsification of Plaintiff's income figures, and the actual rescission itself.</u>

Defendant takes the position that it has no knowledge and information, and "can't find anything regarding the rescission in their records." This is not enough to defeat Plaintiff's motions. Defendant's Affirmative Defenses are improper under the statutory requirements of TILA and must be stricken with prejudice. *Jesinoski* is controlling, and the law is settled. An affirmative defense may not be stricken unless "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010).

Defendant has offered no evidence which contradicts the fact that Plaintiff sent the "Notice of Rescission" to WMB on March 29, 2008. This being the case, the facts show WMB received the rescission, they failed to respond in court to contest it in the mandated 20 days as required, and no set of facts can change the outcome of the rescission or cure Defendant's lack of standing.

### C. Plaintiff Has Only Requested Declaratory Relief, And Has Brought No TILA Claims Against Defendant Requiring Proof Of Any TILA Claims.

Plaintiff does not bear a burden of proving any TILA claim(s) as Defendant asserts. Defendant argues that it must be allowed to defend itself if it is being sued on a claim. Plaintiff re-emphasizes the fact that TILA Rescission is not a claim, and he is not suing Chase for any claim(s) seeking damages for liability. Yet, Defendant continues its attempt to turn this declaratory action into that of a TILA lawsuit, arguing that Plaintiff needs to prove all of the elements of any TILA claim(s) first before the relief sought can be granted. <u>This is not the law, nor is it the nature of this action</u>.

It was the creditor (WMB), not Defendant, that had the right to defend itself from the rescission within 20-days of March 29, 2008 and failed to do so; effectively waiving all defenses to the rescission and making the rescission <u>complete</u>. This means that no interest in the title to Plaintiff's property ever passed from WMB to Defendant through the FDIC receivership, which in turn means Defendant has no standing.

### CONCLUSION

The statute, the regulations and the Supreme Court are clear: the mailing of the TILA rescission is effective by operation of law, to wit: it cancels the loan contract,

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE ETC - 7

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 756-0299
FAX (360) 953-8083

voids the note, and voids the deed of trust. All three branches of government are in complete agreement on this issue.

For the reasons set forth, Plaintiff has met his burden by establishing his prima facie case that he had a conditional right to rescind his loans, and timely did so on March 29, 2008 to which <u>the rescission was completed when no challenge was raised</u>. Therefore Defendant did not acquire any interest in the title to Plaintiff's property via the FDIC receivership. Defendant inherited nothing, and has no standing to challenge and defend rights it never possessed, and certainly has no legal authority to challenge Plaintiff's rescission outside of the statutory construction of TILA. Defendant has put forth no set of facts or evidence to rebut Plaintiff's Affidavit, nor could it. Defendant's Affirmative Defenses must be stricken for lack of standing, and Plaintiff's right for judgment on the pleadings granted.

DATED this 19th day of January, 2016.


Respectfully Submitted
By: PACIFIC PROPERTY LAW, LLC


By: /s/ John A. Cochran
JOHN A. COCHRAN, WSBA # 020022
Counsel for Plaintiff William J. Paatalo

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE
ETC  - 8

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 756-0299
FAX (360) 953-8083

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System:

> **KEVIN H. KONO, OSB #023528**
> kevinkono@dwt.com
> **KALEY L. FENDALL, OSB # 093509**
> kaleyfendall@dwt.com
> **DAVIS WRIGHT TREMAINE LLP**
> 1300 S.W. Fifth Avenue, Suite 2400
> Portland, Oregon 97201-5610
> Telephone: (503) 241-2300

Parties may access this filing through the Court's system.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE ETC - 9

PACIFIC PROPERTY LAW, LLC
10121 SE Sunnyside Rd., Ste. 300
CLACKAMAS, OR 97015
PHONE (503) 756-0299
FAX (360) 953-8083