IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM J. PAATALO,                          Case No. 6:15-cv-01420-AA
                                                  OPINION AND ORDER
            Plaintiff,

      vs.

JPMORGAN CHASE BANK,

            Defendant.

John A. Cochran
Pacific Property Law, LLC
10121 SE Sunnyside Rd., Ste. 300
Clackamas, OR 97015
      Attorney for plaintiff

Frederick B. Burnside
Davis Wright Tremaine, LLP
1201 Third Avenue, Ste. 2200
Seattle, WA 98101

Kaley L. Fendall
Kevin H. Kono
Davis Wright Tremaine, LLP
1300 SW Fifth Avenue, Ste. 2400
Portland, OR 97201
      Attorneys for defendant


PAGE 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff William J. Paatalo seeks a declaratory judgment deeming null and void the 2009 foreclosure of his home loan ("the loan") and trustee's sale of the residential property ("the property") securing the loan.  Plaintiff obtained the loan from Washington Mutual Bank, F.A. ("WaMu").  Plaintiff alleges he informed WaMu in 2008 he intended to rescind the loan.  After WaMu failed during the global financial crisis, the Federal Deposit Insurance Corporation transferred to defendant JPMorgan Chase a number of WaMu's assets and liabilities.  Defendant also purchased the property at the trustee's sale, and then later resold it to a third party.[1]

Plaintiff filed this lawsuit after the Supreme Court decided Jesinoski v. Countrywide Home Loans, 135 S. Ct. 790 (2015).  In Jesinoski, a unanimous Supreme Court interpreted the provisions of the Truth in Lending Act ("TILA") governing a borrower's right to rescind a loan to hold "rescission is effected" at the time the borrower gives notice of intent to rescind, so long as the notice is given within the statutory time period.  Jesinoski, 135 S. Ct. at 792.  Plaintiff argues Jesinoski made clear the loan was rescinded in 2008; WaMu's security interest in the property was

---

[1] The facts are set out more fully in this court's opinion and order denying defendant's motion to dismiss.  Paatalo v. JPMorgan Chase Bank, — F. Supp. 3d —, 2015 WL 7015317, *1-*2 (D. Or. Nov. 12, 2015).

PAGE 2 - OPINION AND ORDER

voided at that time; and, as a result, defendant never obtained a
valid interest in the property through the trustee's sale.   On
November 12, 2015, this court issued an opinion and order
("November 12 Opinion") denying defendant's motion to dismiss
because "if — as plaintiff alleges — WaMu failed to provide the
required disclosures and plaintiff delivered written notice of
rescission in March 2008, the rescission was effected and the
security interest in plaintiff's property voided at that time."
Paatalo, 2015 WL 7015317 at *3.

After the court issued the November 12 Opinion, defendant
filed an answer.    Plaintiff then filed a motion to strike
defendant's affirmative defenses, deem answers admitted, and for
judgment on the pleadings (doc. 16).    Defendant next filed an
amended answer, prompting plaintiff to file a second motion to
strike, deem answers admitted, and for judgment on the pleadings
(doc. 18).   For the reasons set forth below, two of defendant's
affirmative defenses are stricken, but plaintiff's motions are
otherwise denied.

    A.  The November 12 Opinion Does Not Entitle Plaintiff to
Judgment as a Matter of Law

    Throughout both motions, plaintiff asserts the November 12
Opinion was tantamount to a grant of summary judgment in his favor.
Nearly all plaintiff's other arguments rest on this assertion.   As
a threshold matter, therefore, the court clarifies the November 12

Opinion does <u>not</u> entitle plaintiff to judgment as a matter of law. As the opinion makes clear, questions of material fact remain as to (1) whether WaMu provided plaintiff deficient notice of his right to rescind, triggering the three-year rescission period; and (2) whether plaintiff communicated his intent to rescind within that period.

    B. <u>Motion to Strike</u>

A court may "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  When considering a motion to strike, a court must view the challenged pleading in the light most favorable to the pleader.  <u>Wanke Cascade Distribution, Ltd. v. Forbo Flooring, Inc.</u>, No. 3:13-cv-00768-AC, 2015 WL 1757151, *4 (D. Or. 2015).  "Motions to strike are generally viewed with disfavor and are not frequently granted." <u>Id.</u>  Nonetheless, "[a] court should grant a Rule 12(f) motion" when doing so will "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" <u>Brooks v. Caswell</u>, No. 3:14-cv-01232-AC, 2015 WL 5178080, *2 (D. Or. Sept. 3, 2015).

Plaintiff moves to strike all eight affirmative defenses asserted in the amended answer.  The court strikes two affirmative defenses.  Defendant's fifth affirmative defense alleges res judicata or collateral estoppel bars plaintiff from asserting he

PAGE 4 - OPINION AND ORDER

rescinded the loan because that claim or issue either already was
or could have been litigated in prior lawsuits. In Oregon,[2]
however, "courts usually do not apply the rule of res judicata in
a situation in which there has been an intervening change in the
law between the first and second judgments which creates an altered
situation." State ex rel. Huntington Rubber Mills v. Sulmonetti,
557 P.2d 641, 643 (Or. 1976); see also Pub. Util. Dist. No. 1 of
Snohomoish Cnty. v. Dep't of Revenue, 18 Or. Tax 199, 205 (Or. Tax
Ct. 2005) ("[T]he law in Oregon is that a judgment on one claim
does not preclude a later claim where there has been a change in
the law.") Jesinoski, an intervening change in the law, bars a
preclusion defense here. The seventh affirmative defense,
estoppel, fails for a similar reason: plaintiff's pre-Jesinoski
actions suggesting he did not subjectively believe he rescinded the
loan do not estop him from arguing, post-Jesinoski, that he did
rescind. Thus, plaintiff's motion to strike the fifth and seventh
affirmative defenses is granted.[3]

---

[2] Federal courts sitting in diversity apply state preclusion
rules. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497,
508 (2001).

[3] Defendant requested leave to amend in the event the court
granted plaintiff's motion to strike any of their affirmative
defenses. Def.'s Resp. Mot. Strike at 9. In light of the
Jesinoski decision, any amendment of the fifth affirmative
defense (res judicata/claim preclusion) would be futile;
accordingly, that defense is stricken with prejudice. In re
Rogstad, 126 F.3d 1224, 1228 (9th Cir. 1997) (listing "futility
of amendment" as a reason for denying leave to amend). It may
be, however, that defendant could plead facts sufficient to

The motion to strike is denied as to the remaining affirmative defenses.[4]  The first affirmative defense (statute of limitations) and second affirmative defense (laches) relate to whether plaintiff had a three-year right to rescind and, if so, whether and when he exercised that right.  As explained above, those are unresolved questions of fact.  The third affirmative defense (release) and the fourth affirmative defense (waiver) relate to plaintiff's purported written release in 2012 of all claims against defendant related to this property.  Even assuming the questions of fact related to rescission are resolved in plaintiff's favor, such a release might bar plaintiff from asserting his claims in this action.  The sixth affirmative defense, failure to join the subsequent third-party purchasers of the property, survives the motion to strike because plaintiff has made no legal argument regarding whether those purchasers are necessary or indispensable parties pursuant to Fed.

---

support their defense of equitable estoppel.  The seventh affirmative defense is therefore stricken without prejudice.

[4] The parties disagree over whether the pleading standards set out in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), apply to affirmative defenses.  Neither the Supreme Court nor the Ninth Circuit has answered this question, and this court has issued conflicting decisions on the issue.  Compare Trustmark Ins. Co. v. C & K Market, Inc., No. CV 10-465-MO, 2011 WL 587574, *1 (D. Or. Feb. 10, 2011) (lower notice pleading standard applies to affirmative defenses) with Gessele v. Jack in the Box, Inc., No. 3:10-cv-960-ST, 2011 WL 3881039, *2 (D. Or. Sept. 2, 2011) (higher plausibility pleading standard applies to affirmative defenses).  It is not necessary to resolve this question here, however, because the surviving affirmative defenses meet the higher Iqbal/Twombly standard.

R. Civ. P. 19.   Finally, the eighth affirmative defense (unjust enrichment) adequately states a claim by asserting reinstatement of plaintiff's title to the property would unfairly confer on him the benefit of loan proceeds he has not repaid.   See <u>Volt Servs. Grp.,</u> <u>Div. of Volt Mgmt. Corp. v. Adecco Employment Servs., Inc.,</u> 35 P.3d 329, 337 (Or. Ct. App. 2001) (reciting the elements of unjust enrichment).

   C. <u>Motion for Judgment on the Pleadings</u>

   A judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." <u>Fajardo v. Cnty. of L.A.</u>, 179 F.3d 698, 699 (9th Cir. 1999).   As explained above, a number of factual questions would have to be resolved before the court could rule on plaintiff's claims or defendant's remaining affirmative defenses. Thus, plaintiff's motion for judgment on the pleadings is denied.[5]

CONCLUSION

   Plaintiff's motions to strike the amended answer and affirmative defenses, deem answers admitted, and for judgment on

------------------------------------------

   [5] Plaintiff's motion to deem defendant's amended answers admitted also is denied.   Plaintiff cites no legal authority for his contention a denial based on a lack of knowledge should be deemed an admission under these circumstances.   Moreover, contrary to plaintiff's argument, it is well-established that a plaintiff may deny the allegations of the complaint and, in the alternative, assert affirmative defenses.   See Fed. R. Civ. P. 8(b)-(c).

PAGE 7 - OPINION AND ORDER

the pleadings (docs. 16 and 18) are GRANTED in part and DENIED in part as follows:

1.    Defendant's    fifth    affirmative    defense    (res judicata/collateral estoppel) is STRICKEN with prejudice;

2.    Defendant's  seventh  affirmative  defense  (estoppel)  is STRICKEN without prejudice;

3.    Plaintiff's  motion  to  strike  the  amended  answer  and affirmative defenses is otherwise DENIED;

4.    Plaintiff's motion to deem answers admitted is DENIED; and

5.    Plaintiff's motion for judgment on the pleadings is DENIED.

Defendant's    request    for    oral    argument    is    DENIED    as unnecessary.

Dated this 24 of February, 2016.

_____
Ann Aiken
United States District Judge