**KEVIN H. KONO, OSB #023528**
kevinkono@dwt.com
**KALEY L. FENDALL, OSB # 093509**
kaleyfendall@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**FREDERICK B. BURNSIDE, OSB #096617**
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone:  (206) 757-8016
Facsimile:  (206) 757-7016

Attorneys for JPMorgan Chase Bank, NA

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| **WILLIAM J. PAATALO,**<br><br>              **PLAINTIFF**,<br><br>v.<br><br>**WASHINGTON MUTUAL BANK, F.A. JPMORGAN CHASE BANK NA,**<br><br>            **DEFENDANTS**. | Case No. 15-cv-01420-AA<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Oral Argument Requested** |

OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 29285001v4 0036234-000408

Defendant JPMorgan Chase, N.A. ("Chase") submits the following Response in Opposition to Plaintiff William J. Paatalo's ("Plaintiff") Motion for Summary Judgment:

## I.    INTRODUCTION

Plaintiff claims entitlement to summary judgment based on incomplete Notices of Right to Cancel ("NRTC") he obtained in discovery in another matter, that he admits were never given to him, and were never intended to be given to him.  In carefully attesting to the fact that *those* NRTCs were not given to him, Plaintiff attempts to conceal the fact that he signed and initialed complete, fully compliant NRTCs for each loan transaction.  In those NRTCs, Plaintiff acknowledged his receipt of the required *completed* copies.  Plaintiff's acknowledgement is *conclusive* evidence of this receipt of the NRTCs—but at the very least, the completed and acknowledged NRTCs preclude summary judgment based on Plaintiff's unsigned, undelivered NRTC forms.

But even if Plaintiff had a right to rescind—which the completed NTRCs show is not the case—genuine issues of material fact exist as to Plaintiff's never-before-produced purported notice of rescission.  Plaintiff offers no proof of the supposed certified mailing of the strange handwritten letter on which he relies, and no such letter appears in Chase's loan files.  Yet, after receiving an $880,000 loan and a $109,494 home equity line of credit from Washington Mutual Bank ("WaMu") in 2006, after defaulting on his loans, and after Chase's foreclosure on the Property in 2009, Plaintiff now—nearly six years after the completion of the foreclosure sale—seeks to be given free and clear title to the property based entirely on irrelevant draft NRTCs and a suspect "notice of rescission."  Plaintiff's overreaching is exacerbated by his failure to confer prior to filing his motion (through which he would have been reminded of his signed NRTCs) and the fact that meaningful discovery has not yet taken place.

The Court should deny Plaintiff's motion for summary judgment for several reasons:

***First***, Plaintiff acknowledged ***complete and accurate*** NRTCs, the existence of which conclusively show Plaintiff did not have a conditional, three-year period in which to rescind, but

DWT 29285001v4 0036234-000408

at the least show Plaintiff is unable to establish the absence of any question of fact as to Plaintiff's receipt of correct NRTCs from WaMu.

*Second*, even if Plaintiff could establish he had a three-year period in which to rescind his loans based on a deficient notice, Plaintiff cannot establish that no genuine issue of fact exists as to whether Plaintiff delivered a valid notice of rescission to WaMu, because he offers no proof of mailing and there is ***no*** evidence of Plaintiff's alleged notice of rescission in March 2008 contained within Chase's loan files.

*Third*, Chase has asserted several affirmative defenses to Plaintiff's claim for declaratory relief, some of which would serve as a complete bar to Plaintiff's requested relief, ***even if*** Plaintiff could establish no issue of material fact as to both the validity and effectiveness of Plaintiff's alleged rescission.  Plaintiff has not shown—and cannot show—the absence of any genuine issue of material fact as to those defenses.

*Fourth*, although substantial issues of material fact preclude summary judgment in favor of Plaintiff, the Court should also deny his motion under LR 7-1(a)(3), based on Plaintiff's failure to properly confer prior to filing his motion, which conferral would have fundamentally altered if not altogether precluded plaintiff's motion.

## II.    BACKGROUND

### A.    Background allegations.[1]

#### 1.    Plaintiff's loans with WaMu.

Plaintiff alleges that, on June 23, 2004 he purchased real property located at 400 East 3rd Street, Yachats, Oregon 97498 (the "Property") for $449,500.  Compl., ¶ 1.  Plaintiff further alleges that, in August 2006, Plaintiff refinanced the Property with Washington Mutual Bank

---

[1] Section II(A) discusses allegations of Plaintiff's Complaint that are not material to the determination of Plaintiff's motion but that provide relevant context.  Chase cites to these allegations solely for the purpose of providing background information to the Court and, by so doing, Chase does not in any way represent or concede that the Court needs to determine whether any issue of fact exists as to the allegations contained in Section II(A).

2 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

("WaMu"). Compl., ¶ 2. Plaintiff obtained an "Option Arm" loan in the amount of $880,000.00 ("Loan No. XXXXXX9299"), which was secured by a Deed of Trust, dated August 10, 2006. Compl., ¶ 2, Ex. E, p. 2. Plaintiff also obtained a home equity line of credit ("HELOC") from WaMu for $109,494.00 ("Loan No. XXXXXX3220"), which was secured by a second Deed of Trust, also dated August 10, 2006. Compl., ¶ 2. On September 14, 2007, Plaintiff entered into a Modification Agreement with WaMu, which increased the credit limit on his HELOC account by $45,000.00, or from $109,494.00 to $154,889.00. Compl., ¶ 3, Ex. E, p. 19.

### 2.    WaMu's failure.

On September 25, 2008, WaMu was placed in receivership with the Federal Deposit Insurance Corporation ("FDIC"). Compl., ¶ 8, 28. Under a Purchase and Assumption Agreement ("P&A Agreement") between the FDIC and Chase, the FDIC sold many of WaMu's assets to Chase. Compl., ¶ 28. Through the P&A Agreement, Chase acquired both of Plaintiff's loans originated by WaMu, Loan No. XXXXXX9299 and Loan No. XXXXXX3220. Compl., ¶ 28; Declaration of Jessica Dunn ("Dunn Decl."), ¶ 3.

### 3.    Plaintiff's default and Chase's sale of the Property.

On April 2, 2009, a "Notice of Default and Election To Sell" was recorded on Plaintiff's Property. Compl., ¶ 10, Ex. A, p. 1. Thereafter, on July 31, 2009, a "Notice of Foreclosure," "Trustee's Notice of Sale," and related pre-sale affidavits were recorded on the subject property. Compl., ¶ 11, Ex. B, pp. 3-17. On August 18, 2009, Chase purchased the Property for $410,000.00. Compl., ¶ 13, Ex. C. A Trustee's Deed for the sale of the Property was issued on August 20, 2009 and recorded on August 24, 2009. Compl., ¶ 13, Ex. C. Plaintiff alleges Chase sold the Property to a third-party purchaser for $285,000 on July 12, 2011. Compl., ¶ 16.

3 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 29285001v4 0036234-000408

**B.     Disputed allegations.**

**1.     Plaintiff's allegedly deficient notice.**

Plaintiff alleges that, shortly after he entered into a Modification Agreement with WaMu to increase the credit limit on his HELOC account, he learned of alleged TILA violations, including WaMu's "failure to provide proper 'Notices of Rescission'" on Plaintiff's August 10, 2006 loans, the inclusion of a "hyper-inflated 260% increase on the appraised valuation of Plaintiff's [P]roperty, and the falsifying of Plaintiff's income on his 'Residential Loan Application.'" Compl., ¶ 6. Plaintiff alleges that he was not provided with the required NRTCs in connection with his loan transactions, relying on copies of incomplete NRTCs he claims to have received from the FDIC through discovery in a prior matter. Pl.'s Aff., "Facts 10-13." Plaintiff's loan file, however, contains a complete NRTC in connection with Loan No. XXXXXX9299, which bears Plaintiff's signature and is dated August 10, 2006. *See* Dunn Decl., Ex. 1. Plaintiff's loan file also contains two complete NRTCs in connection with Loan No. XXXXXX3220: one in connection with Plaintiff's HELOC, which bears Plaintiff's initials and is dated August 10, 2006, and the other in connection with the increase to Plaintiff's HELOC, which also bears Plaintiff's initials and is dated September 17, 2007. *See* Dunn Decl., Exs. 2-3.

**2.     Plaintiff's alleged notice of rescission of the loans.**

Plaintiff asserts that, on March 29, 2008, he sent a written "Notice of Rescission" via certified mail to WaMu, notifying WaMu that he was exercising his right to rescind both loans. Pl.'s Aff., "Fact 5"; Compl., ¶ 6. Plaintiff further asserts that, approximately one month after Plaintiff's alleged notice of rescission," WaMu responded by sending Plaintiff "a 'payoff quote' of approximately $1,000,000.00." Plaintiff's Statement of Uncontroverted Facts, ¶ 8, ECF No. 22-2 (March 25, 2016). Chase's loan file contains no evidence of Plaintiff's alleged March 29, 2008 notice of rescission to WaMu or of the referenced "response." *See* Dunn Decl., ¶ 7.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## III.    LEGAL STANDARD

Under Fed. R. Civ. P. 56(c), Plaintiff "carries the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Tillamook Country Smoker v. Tillamook County Creamery Assoc.*, 311 F. Supp. 2d 1023, 1029-30 (D. Or. 2004) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Once the moving party meets this burden, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).  In considering a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Indeed, "if direct evidence produced by the moving party conflicts with direct evidence produced by the nonmoving party," the Court "must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

## IV.    ARGUMENT

### A.    Because Plaintiff failed to properly confer, this Court may deny Plaintiff's motion pursuant to LR 7-1.

The Court should deny Plaintiff's motion pursuant to LR 7-1(a)(3) based on Plaintiff's failure to properly confer because conferral in this instance was not only required by rule, but would have made a material difference in whether Plaintiff filed his motion.  At the least, conferral would have resulted in focusing the motion on relevant issues—the effect of the completed and acknowledged NRTCs—instead of focusing on irrelevant incomplete and undelivered NRTCs.  Plaintiff's failure to confer has resulted in wasting the parties', and now the Court's, resources.

On March 2, 2016, Plaintiff's counsel stated in an email that he would be filing a motion for summary judgment, and purported to confer by email.  Declaration of Kaley L. Fendall ("Fendall Decl."), ¶ 2, Ex. 1.  Plaintiff's conferral consisted of the statement "I assume you will

5 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

oppose but just wanted to confer so I can file when we have it prepared." Fendall Decl., Ex. 1. That same day, counsel for Chase responded to Plaintiff's counsel's email, stating that to meet the parties' conferral obligation, the parties should more substantively discuss the issues presented by Plaintiff's motion. Fendall Decl. ¶ 3, Ex. 2. Counsel for Chase received no response from Plaintiff's counsel. Fendall Decl. ¶ 4.

Pursuant to LR 7-1(a)(2), when conferring on a dispositive motion, the parties must discuss "each claim, defense, or issue that is the subject of the proposed motion." LR 7-1(a)(2). Had Plaintiff's counsel properly conferred, as required under LR 7-1(a)(2), counsel for Chase would have informed Plaintiff's counsel that Plaintiff's loan files contain three copies of complete and accurate NRTCs in connection with Plaintiff's loans, all of which bear Plaintiff's initials or signature. Dunn Decl., Exs. 1-3. Further, Chase's counsel would have explained the NRTCs contained in Plaintiff's loan files conclusively show Plaintiff received the required NRTCs at the time of loan consummation, and at the very least create a genuine issue of material fact as to whether Plaintiff had a conditional right to rescind his loans. Presumably, Plaintiff would not have brought a motion for summary judgment based on unsigned, undelivered NRTCs obtained in discovery in another matter once he learned there are signed and initialed NRTCs in Plaintiff's loan file. Because Plaintiff's counsel failed to confer, as required by LR 7-1(a)(1)(A) and LR 7-1(a)(2), this Court should deny Plaintiff's motion pursuant to LR 7-1(a)(3).

### B.     Plaintiff is not entitled to judgment as a matter of law on his claim for declaratory relief.

The Court should deny Plaintiff's motion because Plaintiff's proffered unsigned, undelivered NRTCs do not and cannot show the absence of any genuine issue of material fact regarding Plaintiff's conditional right to rescind, particularly in light of the evidence of **_acknowledged and complete_** NRTCs, and the absence of any evidence that WaMu received the "notice of rescission" Plaintiff purportedly mailed by certified mail. In this case, Plaintiff seeks a declaration that, based on his alleged rescission of his loans on March 29, 2008, (1) Plaintiff is

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

the sole owner of title to the Property; (2) that Chase's foreclosure of the Property is null and void; and (3) that all other actions taken against title to the Property are null and void. Compl., ¶ 41. Plaintiff argues that he is entitled to summary judgment on his claim for declaratory relief not only because there is an "absence of any material factual dispute with regard to whether [1] WaMu provided Plaintiff deficient notice of the right to rescind or [2] as to whether Plaintiff rescinded within the three-year timeframe triggered by the deficient notice," but also because "Chase has not put forth any supportable non-rescission position." Plaintiff's Motion for Summary Judgment (Pl.'s Mot.), ECF No. 22 (March 25, 2016), p. 2.

Plaintiff, however, is not entitled to his requested declaratory relief as a matter of law for several reasons. As discussed below, the complete and acknowledged NRTCs Chase has submitted conclusively show Plaintiff received the required NRTCs, and has no conditional right to rescind. At the least, the complete NRTCs give rise to genuine issues of material fact that defeat Plaintiff's motion. Moreover, questions of material fact also exist as to whether Plaintiff delivered his alleged notice of rescission to WaMu. Finally, Plaintiff cannot show that none of Chase's affirmative defenses bars Plaintiff's requested relief.

> 1. **Plaintiff cannot establish that no question of material fact exists as to whether he had a conditional right to rescind his loans.**

Plaintiff *only* had a right to rescind his loans with WaMu outside of the three-day window if he did not receive the required NRTC and all other material disclosures at loan consummation. Under TILA, a borrower has an unconditional right to rescind a loan only "until midnight of the third business day following consummation, delivery of the [NRTC], or delivery of all material disclosures, whichever occurs last," after which time a borrower has only a *conditional* right to rescind for three years, and *only* if the "required [NRTC] or material disclosures are not delivered." 12 C.F.R. § 226.23(a)(3). In a transaction subject to rescission, as defined in 12 C.F.R. § 226.23(a)(1), TILA requires that a creditor "deliver two copies of the [NRTC] to each consumer entitled to rescind." 12 C.F.R. § 226.23(b)(1). Further, the NRTC

7 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

must "clearly and conspicuously" disclose (1) the retention or acquisition of a security interest in the consumer's principal dwelling; (2) the consumer's right to rescind the transaction; (3) how a consumer may exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business; (4) the effects of rescission[2]; and (5) the date the rescission period expires.  12 C.F.R. § 226.23(b)(1).

Here, Plaintiff cannot establish that he had a conditional right to rescind his loans, *i.e.*, that WaMu failed to provide the required notice and disclosures at loan consummation, as a matter of law for two reasons:  (1) the NRTCs produced by the FDIC in discovery during the administrative claims process on which Plaintiff exclusively relies are irrelevant; and (2) Chase's evidence of complete and accurate NRTCs contained in Plaintiff's loan file directly contradict Plaintiff's allegations that WaMu failed to provide the required NRTCs.

### a. Plaintiff's mere possession of incomplete NRTCs from the FDIC is insufficient to establish WaMu's failure to provide the required NRTCs.

Plaintiff's argument that WaMu failed to provide Plaintiff with the required NRTC at loan consummation, thus giving rise to Plaintiff's three-year right to rescind his loans, rests

---

[2] 12 C.F.R. § 226.23(d) provides that the following "effects of rescission" that must be disclosed in the NRTC:  "(1) [w]hen a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including finance charge"; "(2) [w]ithin 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest"; and "(3) [i]f the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation  under paragraph (d)(2) of this section.  When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value.  At the consumer's option, tender of property must be made at the creditor's designated place of business.  If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation."  12 C.F.R. § 226.23(d)(1)-(3).  12 C.F.R. § 226.23(d) further provides that the "procedures outlined in paragraphs (d) (2) and (3)…may be modified by court order." 12 C.F.R. § 226.23(d)(4).

8 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

entirely on copies of incomplete NRTCs Plaintiff says the FDIC produced during the course of the administrative claims process.  Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment ("Pl.'s Mem."), ECF No. 22-1 (March 25, 2016), p. 7.  But Plaintiff's mere possession of incomplete NRTCs obtained from the FDIC *in discovery*, along with Plaintiff's single conclusory assertion that *those* NRTCs were "at no point provided to [Plaintiff] by WaMu," is irrelevant.  Pl.'s Mem. at 7.  Notably, Plaintiff does not clearly say he did not receive *any* complete and accurate NRTCs.  *See* Pl.'s Aff., "Fact 14."  To the contrary, and as discussed in greater detail below, the evidence shows Plaintiff received complete and accurate NRTCs, which Plaintiff signed or initialed in confirmation of his receipt ***at the time of*** Plaintiff's loan consummation.  Dunn Decl., Exs. 1-3.

Moreover, even if Plaintiff's incomplete NRTCs obtained from the FDIC during the claims process were somehow sufficient to establish that Plaintiff was not provided NRTCs at the time of consummation of the loans, Plaintiff's proffered evidence is insufficient to establish that Plaintiff had a three-year period in which to rescind ***both*** of his loans with WaMu.  Plaintiff relies on two unsigned and undated NRTCs produced by the FDIC to argue that WaMu failed to provide the required NRTCs, but both are in connection with Plaintiff's $109,494.00 HELOC account (Loan No. XXXXXX3220).  Pl.'s Mem. at 7; Pl.'s Aff. Ex. BB.  Plaintiff offers no evidence—and makes no argument—showing that he received deficient NRTCs from WaMu in connection with Loan No. XXXXXX9299, and thus had any three-year right to rescind the $880,000.00 "Option Arm" loan originated by WaMu.  Accordingly, Plaintiff—at best—has offered evidence to show that he had a conditional right to rescind only the $109,494.00 HELOC.  Even assuming Plaintiff had the right to rescind his HELOC account and did in fact properly deliver notice of his intent to rescind his HELOC to WaMu on March 29, 2008, this would not have voided the ***entire*** security interest in the Property, but ***only*** the second-position security interest associated with Plaintiff's HELOC.  Plaintiff cannot obtain summary judgment based on that limited showing as to only one loan.  Moreover, even if Plaintiff's proffered

9 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

evidence as to the incomplete NRTC's and purported notice of rescission to WaMu was sufficient to show Plaintiff made a valid rescission of the HELOC, Chase still foreclosed on a valid security interest—the primary loan which remains unchallenged (and foreclosure of which foreclosed the HELOC in any event)—and thus Plaintiff has no basis to challenge Chase's interest in the Property.

      **b.     Complete and accurate NRTCs contained in Plaintiff's loan file preclude summary judgment in favor of Plaintiff.**

Regardless of the sufficiency of Plaintiff's offered evidence, Plaintiff's loan files contain copies of three complete NRTCs provided to Plaintiff, which directly contradict and create a genuine issue of material fact as to Plaintiff's assertions that (1) WaMu failed to provide Plaintiff with any NRTC in connection with his loan transactions; and (2) WaMu failed to provide Plaintiff with an NRTC that contained the proper disclosures.

      **(1)     NRTCs contained in Plaintiff's loan file not only create a question of fact as to Plaintiff's receipt of the required NRTCs, but also conclusively establish delivery.**

Chase's evidence of three ***complete and accurate*** NRTCs contained in Plaintiff's loan files shows the existence of genuine issues of material fact as to Plaintiff's receipt of the required NRTCs in connection with his loan transactions.  Plaintiff's loan files contain an NRTC in connection with Loan No. XXXXXX9299, which bears Plaintiff's signature and is dated August 14, 2006.  *See* Dunn Decl., Ex. 1.  Plaintiff's loan files also contain two complete NRTCs in connection with Loan No. XXXXXX3220:  one NRTC in connection with the opening of Plaintiff's HELOC account, which bears Plaintiff's initials and is dated August 14, 2006, and the other in connection with the increase to Plaintiff's HELOC account, which bears Plaintiff's initials and is dated September 17, 2007.  *See* Dunn Decl., Exs. 2-3.  Each of these complete NRTCs contains Plaintiff's express acknowledgment that he received copies of the NRTC. Plaintiff explicitly acknowledged receipt of an NRTC in connection with Loan No. XXXXXX9299 by including his signature and date of receipt, *i.e.*, August 14, 2006, directly

10 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

below a statement that the "undersigned…acknowledge[s] receipt of two copies of <u>NOTICE of RIGHT TO CANCEL</u> and one copy of the Federal Truth in Lending Disclosure Statement." Dunn Decl., Ex. 1.  Similarly, on both NRTCs in connection with Loan No. XXXXXX3220, Plaintiff included his initials and date of receipt directly below a statement that reads "I hereby acknowledge receipt of three copies of this Notice of Right to Cancel."  Dunn Decl., Exs. 2-3.

Plaintiff's signed acknowledgement of receipt not only creates genuine issues of material fact as to Plaintiff's receipt of the required NRTCs, but also conclusively establishes WaMu's delivery of the NRTCs to Plaintiff.  "[I]n any action or proceeding by or against any subsequent assignee of the original creditor without knowledge to the contrary by the assignee when he acquires the obligation, ***written acknowledgement of receipt…shall be conclusive proof of the delivery thereof***."  15 U.S.C. § 1641(b) (emphasis added).

Here, Chase is not the original creditor, but is the current assignee of Plaintiff's loans. *See Long v. JPMorgan Chase Bank, N.A.*, 848 F. Supp. 2d 1166, 1175 (D. Haw. 2012) ("Here, Chase, which acquired the assets of WaMu from the FDIC, is a current assignee of the mortgage loan."); *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1168 (W.D. Wash. 2011) (noting that Chase is "the assignee of note from FDIC").  Because Chase is an assignee, and Plaintiff explicitly acknowledged receipt of each of the three NRTCs for the loans at issue, Plaintiff's signed and initialed acknowledgements on the NRTC constitute conclusive proof of delivery.  *See Henderson v. GMAC Mortgage Corp.*, 2008 WL 1733265, at *6 (W.D. Wash. April 10, 2008) (holding, in action brought against assignee that "[b]ecause the Plaintiffs signed the Notice of Right to Cancel and a TILA disclosure, their signatures serve as proof of delivery of these documents."), *aff'd*, 347 Fed. Appx. 299 (9th Cir. 2009); *Johnston v. Lindaur*, Case No. 2:07-cv-1280-GEB-EFB, 2010 WL 147939, at *2-3 (E.D. Cal. Jan. 12, 2010) (relying on 15 U.S.C. § 1641(b) to grant defendant's motion for summary judgment where defendant provided a copy of a disclosure statement "bearing a signature of [p]laintiff's name"); *Lynch v. RKS Mortg. Inc.*, 588 F. Supp. 2d 1254, 1258 (E.D. Cal. 2008) (holding that "[w]ritten acknowledgement of

11 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

receipt by Plaintiffs is conclusive proof the delivery of such disclosure statements" in action brought against assignee).  Plaintiff cannot obtain summary judgment in face of conclusive proof of his receipt of the NRTCs at the time of loan consummation; indeed, Plaintiff's receipt of acknowledgement defeats Plaintiff's claim for declaratory relief.

### (2)    The NRTC's Plaintiff received were complete and accurate.

Although Plaintiff denies receipt of the NRTCs entirely, Plaintiff argues "WaMu also failed to satisfy 12 C.F.R. § 226.23(d)," thus "triggering the three-year rescission period."  Pl.'s Mem. at 9-10.  Specifically, Plaintiff argues WaMu failed to provide the "appropriate model form in Appendix H" and "correctly stat[e] that rescission of the loan would cancel the security interest contemplated by that loan."  Pl.'s Mem. at 8-10.  But the NRTCs in Plaintiff's loan file comply with 12 C.F.R. § 226.23(b)(1) and 12 C.F.R. § 226.23(d), and also are "substantially similar" in form to the notices contained in Appendix H, thereby satisfying the disclosure requirements set forth in 12 C.F.R. § 226.23(b)(1).  *See* 12 C.F.R. § 226.23(b)(2).

Each of the three NRTCs in connection with Plaintiff's loan transactions "clearly and conspicuously" disclose WaMu's retention of a security interest in Plaintiff's Property; Plaintiff's right to rescind the loan transaction; the process by which Plaintiff could exercise his right to rescind; the effects of rescission; and the correct date on which Plaintiff's right to rescind expired.  *See* 12 C.F.R. § 226.23(b)(1); Dunn Decl., Exs. 1-3.  Additionally, each NRTC provides specific information regarding the "effects of rescission," as required by 12 C.F.R. § 226.23(b)(1)(iv), including the specific security interest that would be affected by Plaintiff's rescission of the particular loan at issue.  Because the NRTCs in Plaintiff's loan files show WaMu made the proper disclosures, Plaintiff cannot establish the absence of questions of fact exists as to whether WaMu provided adequate NRTCs.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main ᐧ (503) 778-5299 fax

2.    **Genuine issues of material fact exist as to whether Plaintiff attempted to rescind his loans.**

Even if Plaintiff could establish that WaMu failed to provide the required NRTCs to Plaintiff in connection with his loans such that he had a three-year period in which he could exercise his right to rescind, questions of fact as to whether Plaintiff delivered his alleged notice of rescission to WaMu still preclude Plaintiff's request for summary judgment.

As discussed in Section B(1) above, Plaintiff asserts he sent, by certified mail, a notice of rescission to WaMu on March 29, 2008.  Pl.'s Aff., "Fact 5."  For the first time since the filing of his Complaint, Plaintiff provides a copy of this purported handwritten notice of rescission.  Pl's Aff., Ex. AA.  Plaintiff, however, provides *no* evidence of his alleged certified mailing, such as a certified mail receipt or a return receipt confirming that Plaintiff's alleged notice of rescission was delivered to WaMu.[3]  Moreover, Plaintiff's loan files do not contain any evidence of Plaintiff's alleged handwritten notice of rescission or any other document resembling a notice of rescission (other than Plaintiff's April 2015 "renewed" notice purporting to renew his claimed 2008 rescission).  *See* Dunn Decl., ¶ 7.  Accordingly, the Court should deny Plaintiff's motion because a genuine issue of material fact exists as to whether Plaintiff actually delivered any notice of rescission to WaMu.[4]

---

[3] Plaintiff's purported notice of rescission also was sent to the incorrect address.  As required by 12 C.F.R. § 226.23(b)(1)(iii), which requires an NRTC to provide information regarding how a borrower should exercise the right to rescind and designate the address for the creditor's place of business, each of the NRTCs contained in Plaintiff's loan provide information regarding how to cancel, including the address to which a written notice of rescission should be sent.  Dunn Decl., Dunn Decl., Exs. 1-3.  Plaintiff did not send his purported notice of rescission to either of the three specific addresses identified on his NRTCs.

[4] To the extent the Court finds that Chase's offered evidence is insufficient to create a question of material fact and to defeat Plaintiff's motion, Chase requests an opportunity to take discovery pursuant to Fed. R. Civ. P. 56(d)(1) and that the Court defer its decision on Plaintiff's motion until Chase has had the opportunity to do so.  To date, only limited document discovery has taken place.  Fendall Decl., ¶ 5.  If the Court is inclined to find the absence of genuine issues of material fact on this record, Chase requests an opportunity to take limited discovery on following issues: (1) whether Plaintiff received proper NRTCs from WaMu at the time each of his loan transactions was consummated; (2) Plaintiff's mailing and delivery of Plaintiff's alleged notice

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### 3. Plaintiff must demonstrate an ability to tender loan proceeds to be entitled to summary judgment.

Even if the Court were to find that Plaintiff has proved that he made a valid and effective rescission of his loans, *i.e.*, that WaMu failed to provide Plaintiff with the required NRTCs and Plaintiff properly provided WaMu with notice of his intent to rescind, Plaintiff still must show the ability to tender the loan proceeds in order to be entitled to a judgment enforcing his alleged rescission. *See Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1033 (9th Cir. 2014) (noting that a court may alter the statutory sequence and require tender at the summary judgment stage). Because rescission is a process that "restores the *status quo ante*," there is no support for Plaintiff's apparent position that Plaintiff somehow gets free and clear title to the Property and the benefit of nearly $1,000,000.00 in loan proceeds, without any corresponding obligation. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003). Because Plaintiff has made no showing – or even any mention – thus far of his ability to tender the nearly $1,000,000.00 in loan proceeds he has received, this is yet another reason to deny Plaintiff's motion.

### 4. Chase's affirmative defenses preclude summary judgment.

Although the Court should deny Plaintiff's motion based on the existence of several issues of material fact identified above, Plaintiff's motion also fails because Chase's affirmative defenses may bar Plaintiff's claim. Contrary to Plaintiff's assertion, Pl.'s Mem. at 22-23, at the least, questions of fact exist as to whether any of Chase's affirmative defenses may bar Plaintiff's claim for declaratory relief.

---

of rescission to WaMu on March 29, 2008; and (3) WaMu's alleged response, if any, to Plaintiff's alleged notice of rescission on March 29, 2008. Fendall Decl., ¶ 5. Chase's proposed discovery on these issues would include (1) the production of documents in Plaintiff's possession, custody, or control relating to Plaintiff's loans, including but not limited to Plaintiff's loan origination files, Plaintiff's loan and payment history, and all correspondence between Plaintiff and WaMu regarding the loans; and (2) the taking of Plaintiff's deposition. Fendall Decl., ¶ 6.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**Statute of limitations and laches.**  Plaintiff argues Chase's affirmative defenses of statute of limitations and laches cannot bar Plaintiff's claim due to the "absence of any material fact question as to [Plaintiff's] timely rescission in 2008."  Pl.'s Mem. at 16.  Chase, however, asserts that to the extent Plaintiff is unable to show his right of rescission was extended beyond the three-day period TILA provides, *i.e.*, that WaMu failed to provide proper NRTC's, the statute of limitations and doctrine of laches bar Plaintiff's claim.  As described in Section B(1)(b) above, the evidence shows Plaintiff received and acknowledged accurate NRTCs.  Plaintiff has not shown and cannot show the absence of any question of material fact as to whether WaMu delivered proper NRTCs to Plaintiff in connection with his loans, and thus had an extended three-year period in which to rescind.  If Plaintiff did not have a conditional right to rescind, then Chase's statute of limitations and laches defenses apply to bar Plaintiff's claim.

**Unjust enrichment.**  Plaintiff asserts Chase's affirmative defense of unjust enrichment is "inapplicable under the circumstances" because (1) WaMu did not challenge Plaintiff's alleged notice of rescission, and (2) Chase never obtained a security interest in the Property based on Plaintiff's alleged rescission of March 29, 2008.  Pl.'s Mem. at 19.  Plaintiff's arguments ignore that, if Plaintiff is granted the relief he seeks, *i.e.*, a declaration that Chase's foreclosure was null and void and Plaintiff holds title to the Property, Plaintiff will receive title to the Property free and clear of the lien he asserts his purported rescission extinguished.  As a result, Plaintiff would be unjustly enriched not only to the extent he receives title to the Property on which proper payments were not made, but also receives the financial benefit of loan proceeds ($880,000.00 on the Option Arm loan, and $154,889.00 for the HELOC), which Plaintiff has not repaid.  Plaintiff has not advanced *any* credible argument as to why Chase's unjust enrichment defense is "inapplicable" here.

**Necessary parties.**  Plaintiff does not dispute and in fact affirmatively alleges that a third-party purchaser has purchased the Property.  Pl.'s Mem. at 20.  Instead, Plaintiff takes the position that the third-party "purchasers at the foreclosure sale are not necessary parties because

15 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

they do not have an interest in the proceeding, will not be affected by any judgment rendered by the court, and are not needed for the court to fully dispose of the case."  Pl.'s Mem. at 21. Plaintiff, however, cannot explain how a third-party purchaser with present legal title to and interest in the Property would be unaffected "by any judgment rendered by the court," given that Plaintiff's requested relief is to "be put back in title to the subject [P]roperty as sole owner" is granted.  Compl., ¶ 41.

Under Fed. R. Civ. P. 19(1), a person must be joined as a party if (1) in that person's absence, the court is unable to "accord complete relief among existing parties"; or (2) that person "claims an interest relating to the subject of the action…and disposing of that action in the person's absence may…impair or impede the person's ability to protect the interest."  Fed. R. Civ. P. 19(1).  Should this Court determine Chase's foreclosure on the Property was null and void based on Plaintiff's alleged notice of rescission, and Plaintiff thus obtains the declaratory relief sought in his Complaint, the third-party purchaser would be divested of legal title to and interest in the Property.  There can be no question that the third-party purchaser is a necessary party pursuant to Fed. R. Civ. P. 19(1) under these circumstances.  Because the disposition of this action in the manner Plaintiff seeks would "impair or impede [the third-party purchaser's] ability to protect the interest" in the Property, Chase's necessary parties defense precludes summary judgment.

**Release and waiver.**  Plaintiff argues Chase's affirmative defenses of release and waiver based on a November 14, 2012 Settlement Agreement between Plaintiff and Chase are insufficient to bar Plaintiff's claim for declaratory relief because (1) the Settlement Agreement was "based on a mistake of law" prior to the U.S. Supreme Court's decision in *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015); and (2) Chase "lacks standing to enforce" the provisions of the Settlement Agreement in "light of evidence that effective rescission occurred in 2008."  Pl.'s Mem. at 21-22.  Plaintiff's arguments are without merit.

16 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

First, Plaintiff cannot rely on the U.S. Supreme Court's decision in *Jesinoski* to void an otherwise valid and enforceable Settlement Agreement. As an initial matter, *Jesinoski* cannot be considered a "mistake in law," but instead a clarification of what the law "had always meant." *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312-13 n. 12 (1994). Moreover, even if *Jesinoski* could be considered a "mistake in law," Plaintiff cites to no authority holding a court can void a settlement agreement on a party's "mistake of law." Pl.'s Mem. at 21. In fact, because "[r]elease agreements are favored under the law," *Graves v. Tulleners*, 205 Or. App. 267, 278, 134 P.3d 990 (2006), enforcement of a release may be barred only "under limited circumstances…[such as] if the release was the product of a misrepresentation or unconscionable conduct." *Davidson v. Deschutes Cnty.*, Case No. 6:15-CV-52-TC, 2015 WL 4464145, at *4 (D. Or. July 21, 2015). Accordingly, Plaintiff's alleged "mistake in law" is insufficient to void the parties' Settlement Agreement.

Second, even assuming Plaintiff's ability to prove that he had a conditional right to rescind his loans and that he delivered a notice of rescission to WaMu, this does not affect the validity of the Settlement Agreement. Indeed, even if Plaintiff made both a timely and valid rescission on March 29, 2008 that voided WaMu's security interest in the Property, Plaintiff later entered into a Settlement Agreement with Chase relating to the ***exact same*** Property and loans, in which Plaintiff ***knowingly and voluntarily*** released any claims relating to the Property and loans thereon.[5] Notably, Plaintiff executed such a release ***after*** asserting numerous counterclaims

---

[5] Plaintiff contends disclosure of this Settlement Agreement "would be a violation of the 2012 settlement terms that were invalid although executed." Pl.'s Mem. at 22. Chase disagrees, but, in any event, production of the settlement agreement is unnecessary to defeat summary because Plaintiff does not point to any issue of *fact*. Plaintiff ***admits*** that he executed the settlement agreement and ***does not dispute that the settlement agreement releases Plaintiff's claim***. Pl.'s Mem. at 22. Plaintiff's only argument is the legal argument that the release is based on a "mistake of law prior to the *Jesinoski* decision" and Chase did have "the legal capacity to settle an interest it never possessed." Pl.'s Mem. at 21-22. These are merely reiterations of the legal arguments this Court already rejected in connection with Plaintiff's motion to strike. Should the Court nonetheless see the need to view the Settlement Agreement, Chase reserves the right to provide it.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

against Chase, including a counterclaim seeking a declaration that the foreclosure on the Property was null and void—exactly what Plaintiff seeks here. Moreover, when Plaintiff entered into the Settlement Agreement, Plaintiff knew he had purportedly rescinded his loans several years earlier, yet voluntarily released any and all causes of action against Chase relating to Plaintiff's Property and loans. Chase's affirmative defenses of release and waiver based on the parties' Settlement Agreement cannot bar Plaintiff's claim for declaratory relief and, at the least, preclude summary judgment in Plaintiff's favor.

### 5.    Plaintiff's arguments that Chase cannot challenge Plaintiff's alleged rescission of his loans fail.

Finally, Plaintiff argues Chase is unable to challenge Plaintiff's alleged rescission because (1) WaMu failed to comply with its duties under 15 U.S.C. § 1635(b) within 20 days after receipt of Plaintiff's alleged notice of rescission; and (2) Chase "lacks standing" to challenge Plaintiff's alleged rescission because Chase is not the "original creditor" under 15 U.S.C. § 1602(g). Pl.'s Mem. at 13-15. Plaintiff's arguments are unsupported by any authority, and fail to establish that Chase—in defending Plaintiff's lawsuit—is unable to challenge Plaintiff's alleged rescission of his loans.

Plaintiff's argument that, because WaMu failed to comply with its statutory obligations under 15 U.S.C. § 1635(b) within 20 days after receiving Plaintiff's purported notice of rescission, assumes that Plaintiff (1) had a conditional three-year right to rescind his loans, *i.e.*, that WaMu failed to provide Plaintiff with the required NRTCs and that, (2) if he did have a conditional right to rescind, Plaintiff delivered a proper notice of his right to rescind to WaMu within that three year period. As described in Section B(1) and B(2) above, however, these are both issues of disputed material fact, both of which Plaintiff must prove. Moreover, even if Plaintiff could establish that he had a conditional right to rescind, and that he properly exercised that right to rescind within the three-year time period, Plaintiff cites to no authority in support of his argument that, because WaMu failed to comply with its duties under 15 U.S.C. § 1635(b),

18 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DWT 29285001v4 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Chase—an assignee of Plaintiff's loans—cannot raise any defenses to or otherwise challenge a later-filed action seeking to enforce, or establish the effectiveness of, an alleged prior rescission. *See In re Residential Capital, LLC*, Case No. 12-12020, 2015 WL 1598090, at *2-5 (S.D.N.Y. April 9, 2015) (ignoring plaintiff borrower's argument that, under *Jesinoski*, plaintiff's loan "became a nullity" after she sent a notice of rescission and creditor failed to respond within 20 days).

Plaintiff's argument that Chase lacks standing to challenge Plaintiff's alleged rescission of his loans because Chase has "never been the statutory creditor under TILA" similarly fails. Pl.'s Mem. at 14-15. First, "standing" relates to "whether the ***plaintiff's*** personal stake in the lawsuit is sufficient to make out a concrete 'case' or 'controversy' to which the federal judicial power may extend under Article III, § 2." *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000), as amended (Aug. 11, 2000) (emphasis added). Chase was involuntarily brought before this Court, and thus does not need "standing" to defend its interest in the Property. Plaintiff cannot assert a claim against Chase—and one where the requested declaratory relief, if granted, directly threatens Chase's legal interests—yet deny Chase any opportunity to defend against Plaintiff's claim. Second, even if a ***defendant's*** "standing" under TILA were somehow required, Plaintiff offers no authority to support his assertion that only an "original creditor," as defined by 15 U.S.C. § 1602(g), can contest a prior alleged rescission. Moreover, Plaintiff relies on 15 U.S.C. § 1602(g), but Plaintiff has repeatedly insisted that his claim is not one brought under TILA at all, and is instead a garden-variety declaratory judgment action. *See* Pl.'s Resp. in Opp'n. to Def.'s Mot. to Dismiss, ECF No. 8 (Sept. 25, 2015), p.1; Pl.'s Mem. at 16 ("Plaintiff has specifically disclaimed any intent to assert affirmative TILA claims in this lawsuit…."). If Plaintiff now contends his action *is* a TILA claim, then the Court should revisit its prior rulings premised on Plaintiff's express denial of that position. In any event, there is no question that Chase—or anyone with a legal interest in or a right to the Property—has "standing" to challenge or otherwise defend Plaintiff's claim.

19 – OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DWT 29285001v4 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

# V.    CONCLUSION

For all the reasons stated above, Chase respectfully requests that this Court deny

Plaintiff's motion for summary judgment.

DATED this 18th day of April, 2016.

**DAVIS WRIGHT TREMAINE LLP**


By  s/ Kaley L. Fendall
      Kevin H. Kono, OSB #023528
      Kaley L. Fendall, OSB # 093509
      Telephone: (503) 241-2300
      Facsimile: (503) 778-5299
      kevinkono@dwt.com
      kaleyfendall@dwt.com

      Frederick B. Burnside, OSB #096617
      Telephone: (206) 757-8016
      Facsimile: (206) 757-7016
      fredburnside@dwt.com

      Attorneys for JPMorgan Chase Bank NA

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax