**KEVIN H. KONO, OSB #023528**
kevinkono@dwt.com
**KALEY L. FENDALL, OSB # 093509**
kaleyfendall@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**FREDERICK B. BURNSIDE, OSB #096617**
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone:  (206) 757-8016
Facsimile:  (206) 757-7016

Attorneys for JPMorgan Chase Bank, NA

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| **WILLIAM J. PAATALO,**<br><br>        **PLAINTIFF**,<br><br>  v.<br><br>**WASHINGTON MUTUAL BANK, F.A.**<br>**JPMORGAN CHASE BANK NA,**<br><br>        **DEFENDANTS**. | Case No. 15-cv-01420-AA<br><br>**DEFENDANT JPMORGAN CHASE BANK NA'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Oral Argument Requested** |

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main ∙ (503) 778-5299 fax

**LR 7.1 CERTIFICATE OF CONFERRAL**

Defendant JPMorgan Chase Bank, N.A. ("Chase") conferred with counsel for Plaintiff William J. Paatalo ("Paatalo") regarding the subject of this motion via telephone on April 25, 2016, as required by LR 7-1(a), but the parties were unable to resolve the issues presented by Chase's motion.

**MOTION**

Chase moves for summary judgment under Fed. R. Civ. P. 56(a), against Paatalo's declaratory-judgment claim, because Chase's affirmative defenses of release (Third Affirmative Defense) and waiver (Fourth Affirmative Defense) bar Paatalo's claim.  In support of this motion, Chase submits the following Memorandum of Law, as well as the accompanying Declaration of Kaley L. Fendall with attached exhibits, and further relies on the records and files of this case.

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

Paatalo's declaratory judgment action arises out of a series of disputes between Paatalo and Chase concerning loans involving Washington Mutual Bank f/k/a Washington Mutual Bank, FA ("WaMu") and secured by Paatalo's property.  Those disputes include WaMu's alleged misapplication of payments, Paatalo's alleged notice of rescission of the loans, Paatalo's default on the loans, and Chase's subsequent foreclosure on the property.[1]  This, however, is not Paatalo's first attempt at bringing claims against Chase relating to his loans and property.  In fact, Paatalo brought numerous claims against Chase in 2010, all relating to Paatalo's same loans, property and related claims, and Chase's foreclosure on the property.  ███████

---

[1] As Paatalo alleges in his Complaint, Chase acquired certain of WaMu's assets in September 2008 through a "Purchase and Assumption Agreement" with the FDIC.  Compl., ¶28; https://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.

Page 1 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax



Paatalo now seeks a declaration from this Court that Chase's foreclosure of his property was null and void based on his alleged rescission of his loans in 2008. Even if Paatalo were able to show he provided to WaMu a timely and valid notice of rescission of his loans—and, for the reasons set forth in Chase's Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 23), Paatalo cannot do so—his rescission would not affect the validity of the prior settlement ▮▮▮ agreement between Paatalo and Chase. ▮▮▮

▮▮▮ the Court should enter judgment for Chase.

## II. BACKGROUND

### A. Paatalo's allegations and present litigation with Chase.

#### 1. Paatalo's purchase of the Property.

Paatalo alleges that, on June 23, 2004 he purchased real property located at 400 East 3rd Street, Yachats, Oregon 97498 (the "Property") for $449,500.00. Compl., ¶ 1.[2] Paatalo further alleges he refinanced the Property with WaMu on August 10, 2006. Compl., ¶ 2. Paatalo obtained an "Option Arm" loan in the amount of $880,000.00, which was secured by a Deed of Trust, dated August 10, 2006. Compl., ¶ 2, Ex. E, p. 2. Paatalo alleges he also obtained a home

---

[2] Although the allegations of Paatalo's Complaint are not material to the determination of Chase's motion, Chase cites to the allegations contained in Paatalo's Complaint in this Section II(A) solely for the purpose of providing background to the Court. By so doing, Chase does not agree or concede that any of Paatalo's allegations are true or undisputed, or that the Court needs to determine whether any issue of fact exists as to Paatalo's allegations.

Page 2 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

equity line of credit ("HELOC") from WaMu for $109,494.00, which was secured by a second Deed of Trust. Compl., ¶ 2. On September 14, 2007, Paatalo entered into a Modification Agreement with WaMu, which increased the credit limit on his HELOC account by $45,000.00, or from $109,494.00 to $154,889.00. Compl., ¶ 3, Ex. E, p. 19.

### 2. Paatalo's alleged notice of rescission of the loans.

Paatalo alleges that, shortly after he entered into a Modification Agreement with WaMu on September 14, 2007, Paatalo got into a dispute with WaMu regarding alleged misapplication of payments to his account. Compl., ¶ 5. Around the time of Paatalo's dispute with WaMu, Paatalo claims he learned of alleged violations of TILA by WaMu, including "failure to provide proper 'Notices of Rescission'" on Paatalo's August 10, 2006 loans, a "hyper-inflated 260% increase on the appraised valuation of Paatalo's [P]roperty, and the falsifying of Paatalo's income on his 'Residential Loan Application.'" Compl., ¶ 6. According to Paatalo, he sent a written "Notice of Rescission" by certified mail to WaMu on or about March 29, 2008, notifying WaMu that he was exercising his right to rescind both loans. Compl., ¶ 6. Paatalo has never produced any proof of mailing this purported letter, and Paatalo's loan files do not contain any such letter. Declaration of Jessica Dunn, ¶ 7 (Dkt. No. 24).

### 3. WaMu's failure.

On September 25, 2008, WaMu was placed in receivership with the Federal Deposit Insurance Corporation ("FDIC"). Compl., ¶ 8, 28. Under a Purchase and Assumption Agreement ("P&A Agreement") between the FDIC and Chase, the FDIC sold many of WaMu's assets to Chase. Compl., ¶ 28. After WaMu was placed into receivership with the FDIC, Paatalo's pending claims against WaMu "outside of the TILA violations went to the FDIC" under the Federal Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. §§ 1811, *et seq*. Compl., ¶ 8. Paatalo did not assert any TILA rescission claim in court or through the FDIC. Compl., ¶ 9.

Page 3 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### 4. Paatalo's default and sale of the Property.

Paatalo alleges that on April 2, 2009 a "Notice of Default and Election To Sell" was recorded on the Property. Compl., ¶ 10, Ex. A, p. 1. Thereafter, on July 31, 2009, Paatalo alleges that a "Notice of Foreclosure," "Trustee's Notice of Sale," and related pre-sale affidavits were recorded on the subject property. Compl., ¶ 11, Ex. B, pp. 3-17. On August 18, 2009, the Property was sold to Chase for $410,000.00. Compl., ¶ 13. A Trustee's Deed for the sale of the Property was issued on August 20, 2009, which was then recorded on August 24, 2009. Compl., ¶ 13, Ex. C. Paatalo alleges Chase sold the Property to a third-party purchaser for $285,000 on July 12, 2011. Compl., ¶ 16.

### 5. Paatalo's present claim against Chase.

Paatalo filed the present action against Chase on July 29, 2015. He seeks a declaration that, based on his purported notice of rescission allegedly sent to WaMu on March 29, 2008, (1) Paatalo is the sole owner of the Property; (2) the foreclosure of Paatalo's Deeds of Trust is null and void; and (3) all documents recorded on or against title to the Property after Paatalo's alleged notice of rescission on March 29, 2008 are null and void. Compl., ¶ 41.

## B. Paatalo's prior litigation and settlement with Chase.

### 1. Chase's claims and Paatalo's counterclaims.

On October 1, 2010 Chase filed an ejectment action against Paatalo in Lincoln County Circuit Court, styled *JPMorgan Chase Bank v. William John Paatalo*, Lincoln County Case No. 103837 (the "Lincoln County Action"), to remove Paatalo from the Property that Paatalo now makes the subject of the present action. *See* Declaration of Kaley L. Fendall ("Fendall Decl."), Ex. A. Chase alleged the Property was sold at a Trustee's Sale on August 18, 2009, and that Chase was the "legal owner of the Property and [was] entitled to immediate possession thereof." Fendall Decl., Ex. A, ¶ 5. Chase also alleged Paatalo had "remained in possession of the Property and [had] wrongfully refused to surrender possession" to Chase. Fendall Decl., Ex. A,

Page 4 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

¶ 6. Chase sought a judgment awarding it possession of the Property, and authorizing removal of Paatalo. Fendall Decl., Ex. A, p. 2.

Paatalo alleged several counterclaims in response to Chase's ejectment action, including claims for fraudulent misrepresentation, mail and wire fraud, breach of fiduciary duty, unjust enrichment, civil conspiracy, civil RICO, predatory lending, usury, intentional infliction of emotional distress, quiet title, and slander of title, as well as claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), Unfair Debt Collection Practices Act, and Oregon Unlawful Trade Practices Act. Fendall Decl., Ex. B. As a basis of his counterclaims, Paatalo alleged that Chase was not a "holder in due course of the note when it initiated foreclosure proceedings," and thus lacked authority to "foreclose on the subject [P]roperty." Fendall Decl., Ex. B, ¶¶ 9, 16. Paatalo asked for a declaration that he was "the rightful owner of title to the [P]roperty," that Chase "be declared to have no[ ] estate, right, title or interest in said [P]roperty," and that "the foreclosure be declared illegal and void." Fendall Decl., Ex. B, pp. 33, 35.

On June 2, 2011, the court entered an order in the Lincoln County Action, granting Chase's motion to dismiss Paatalo's counterclaims, and also granting Chase's motion to voluntarily dismiss its own action for ejection based on "Paatalo's representation of the vacancy" of the Property. Fendall Decl., Ex. C, p. 2. After dismissal of the claims and counterclaims, Paatalo filed a Notice of Appeal on June 28, 2011. Fendall Decl., Ex. E.

### 2. The parties' Settlement Agreement.

On November 14, 2012, and during the pendency of Paatalo's appeal of the dismissal of his counterclaims in the Lincoln County Action, Paatalo and Chase entered into a Settlement Agreement ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ("Settlement Agreement"). *See* Fendall Decl., Exs. F-

Page 5 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

G.[3] 

Fendall Decl., Ex. F, Ex. 1, p. 1.



Fendall Decl., Ex. F, Ex. 1, pp. 1-2 (emphasis added).

---

[3] Paatalo and Chase's November 14, 2012 Settlement Agreement is attached as Exhibit 1 to Exhibit F of the Declaration of Kaley L. Fendall, and has been filed under seal.

Page 6 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax



Fendall Decl., Ex. F, Ex. 1, pp. 2-3 (emphasis added).

### III.    LEGAL STANDARD

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Where the moving party has the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Once the moving party meets its burden, the burden then shifts to the opposing party to "go beyond the pleadings" and designate specific facts showing a "genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To establish the existence of a genuine issue of material fact, the evidence set forth by the non-moving party must

Page 7 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

be sufficient, taking the record as a whole, to allow a rational jury to find for the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV.    ARGUMENT

### A.    Chase is entitled to summary judgment on its affirmative defense of release

Paatalo seeks a declaration that, based on the notice of rescission of his loans he alleges he mailed to WaMu on March 29, 2008, every subsequent transaction related to the Property—including Chase's foreclosure and sale of the Property—is null and void. As the Court has noted, however, "[e]ven assuming the questions of fact related to rescission are resolved in [Paatalo's] favor"—*i.e.*, that Paatalo can prove that he provided a valid and timely notice of rescission of his loans to WaMu—Paatalo's claim still fail as a matter of law if a valid release between Paatalo and Chase "bar[s] [Paatalo] from asserting his claims in this action." Op. and Order, Dkt. No. 21 (Feb. 24, 2016), p. 6. Here, there is no question that Paatalo released the claim he now seeks to pursue.

Accordingly, even if Paatalo had sent a notice of rescission to WaMu on March 29, 2008, and even if that notice voided the security interest on the Property, Paatalo later entered into a Settlement Agreement with Chase ▮▮▮▮▮▮▮▮▮▮ on November 14, 2012, ▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮ The Settlement Agreement bars Paatalo's claim against Chase as a matter of law because (1) Paatalo and Chase entered into a Settlement Agreement ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and (2) Paatalo is unable to establish any ground upon which the Court should not enforce parties' Settlement Agreement ▮▮▮▮▮▮
▮▮▮▮▮▮.

Page 8 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

 Fendall Decl., Ex. 5,

p. 5. Moreover, and as this Court has recognized, "[c]ourts in the Ninth Circuit rely on local contract law to interpret release and settlement agreements." *Malmquist v. OMS National Insurance Co.*, Case No. CV-09-1309-PK, 2011 WL 3298900, at *4 (D. Or. June 14, 2011). Under Oregon law, "[a] release is a contract in which one or more parties agree to abandon a claim or right." *Lindgren v. Berg*, 307 Or. 659, 665, 772 P2d 1336 (1989). Accordingly, "[a] release, as a species of contract, is subject to the principles of contract construction and interpretation." *Pioneer Resources, LLC v. D.R. Johnson Lumber Co.*, 187 Or. App. 341, 361, 68 P.3d 233 (2003) (*citing Ristau v. Wescold, Inc.*, 318 Or. 383, 387, 868 P.2d 1331 (1994)).

Oregon courts consistently hold that "[i]f the terms of the release agreement are unambiguous, the construction of the contract is a question for the court and is treated as a matter of law." *Pioneer Resources, LLC*, 187 Or. App. at 361. Moreover, where the "terms of the release unambiguously express the intent of the parties, it must be enforced accordingly." *Patterson v. Am. Med. Sys., Inc.*, 141 Or. App. 50, 53, 916 P.2d 881 (1996); *see also Yogman v. Parrot*, 325 Or. 358, 361, 937 P.2d 1019 (1997) ("In the absence of an ambiguity, the court construes the words of a contract as a matter of law."); *McDonald-Marshall v. Dolphin Software, Inc.*, Case No. 09-1409-KI, 2010 WL 2817193, at *5 (D. Or. July 16, 2010) (applying Oregon law and holding that where the terms of a "release are unambiguous," a court "must enforce the release according to its terms."); *McFarlin v. Gormley*, Case No. CV-06-1594-HU, 2008 WL 410104, at *5 (D. Or. Feb. 12, 2008) (under Oregon law, "[u]nambiguous contracts must be enforced according to their terms."). Thus, where a court is confronted with a settlement

Page 9 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

■ agreement, a court must "enforce an unambiguous release that covers the claim at issue." *Ristau*, 318 Or. at 389.



Fendall Decl., Ex. F, Ex. 1, pp. 1-2.

Fendall Decl., Ex. F, Ex. 1, p. 1.



Page 10 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Fendall Decl., Ex. F, Ex. 1, pp. 1-3 (emphasis added).

███ Fendall Decl., Ex. F, Ex. 1, p. 2.

███ Fendall Decl., Ex. F, Ex. 1, pp. 1-3. ███

███ Accordingly, this Court should "enforce the release according to its terms" and dismiss Paatalo's claim as a matter of law. *McDonald-Marshall*, 2010 WL 2817193 at *5.

███ Fendall Decl., Ex. F, Ex. 1, pp. 2-3, ███

███ As the Oregon Supreme Court has held, "a general release from all claims and demands is sufficient to bar a specific claim, unless the claim is excepted from the release agreement." *Ristau*, 318 Or. at 389; *see also Wieck v. Hostetter*,

Page 11 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

274 Or. App. 457, 475, 362 P.3d 254 (2015) ("A general release is understood…to refer to a release of all then-existing claims within the contemplation of the parties in general, as opposed to a release of specific claims."). Thus, where a settlement ███████ agreement contains a release of "any and all claims," ████████████████████████ "[t]here [is] no need for the parties to offer a listing of what is included in 'any and all.'" *Ristau*, 318 Or. at 389 n. 6.

████████████████████████████████████████████████████

██████████ Fendall Decl., Ex. F, Ex. 1, p. 1, ████████████████████

████████████████████████████ *Ristau*, 318 Or. at 389 n. 6. (emphasis added).

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

Fendall Decl., Ex. F, Ex. 1, pp. 1-3. As set forth in Section II(A)(5) above, Paatalo specifically seeks a declaration that, based on his alleged rescission of his loans on March 29, 2008, (1) Paatalo is the sole owner of title to the Property; (2) that Chase's foreclosure of the Property is null and void; and (3) that all other actions taken against title to the Property are null and void. Compl., ¶ 41. Because Paatalo's requested relief relates entirely to his claimed interest in or title to the "Property," which arises out of Paatalo's alleged rescission of the "Account," his claim for declaratory relief ████████████████████████████████████████

████████████████████████████████████████

████████████████████████ Fendall Decl., Ex. F, Ex. 1, p. 1.

Further, Paatalo's present claim for declaratory relief was also "within the contemplation of the parties" at the time of the Settlement Agreement. *Wieck*, 274 Or. App. at 475. ████████

████████████████████████████████████████████████████

██████████████████████ In the Lincoln County Action, Paatalo sought a declaration that he was "the rightful owner of title to the [P]roperty," and that the "foreclosure be declared illegal

Page 12 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

and void." Fendall Decl., Ex. B, pp. 33, 35.  In the present action, Paatalo again seeks a declaration that he "be put back in title to the subject [P]roperty as sole owner," and that the "foreclosure of [Paatalo's] void Deeds of Trust be deemed null and void."  Compl., ¶ 41.  [redacted]



[redacted] and thus no material issue of fact regarding the effect of [redacted] on Paatalo's claim in this case.  Fendall Decl., Ex. F, Ex. 1, p. 1.  [redacted]

[redacted] Fendall Decl., Ex. F, Ex. 1, pp. 1-2.  At the time he entered into the Settlement Agreement with Chase on November 14, 2012, Paatalo had to be aware of any notice of rescission he had allegedly sent to WaMu.  [redacted] Fendall Decl., Ex. F, Ex. 1, pp. 1-2.  [redacted]

[redacted] Fendall Decl., Ex. F, Ex. 1, pp. 1-2.

[redacted]

    **2.**    **Paatalo is unable to set forth any valid reasons for why the Settlement Agreement should not be enforced.**

[redacted]

Page 13 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

████████████████████████████████████████████████████████████████████

██████████████     Fendall Decl., Ex. F, Ex. 1, p. 1.  Paatalo will be unable to establish the existence of any of the limited exceptions under which an unambiguous settlement ██████ agreement is not enforced.  Accordingly, this Court should enforce the parties' Settlement Agreement and grant summary judgment in Chase's favor.

As Oregon courts recognize, "[r]elease agreements are favored under the law because 'certainty and judicial economy are served when parties can negotiate settlement of their disputes with confidence that their settlement agreements will be upheld and enforced by the courts.'" *Graves v. Tulleners*, 205 Or. App. 267, 278, 134 P.3d 990 (2006) (citing *Lindgren*, 307 Or. at 278).  Accordingly, under Oregon law, a release must be enforced unless "the release was the product of a misrepresentation or unconscionable conduct."  *Davidson v. Deschutes Cnty.*, Case No. 6:15-CV-52-TC, 2015 WL 4464145, at *4 (D. Or. July 21, 2015).  Oregon courts identify three limited circumstances under which a court may refuse to enforce a release agreement:

> "(1) the release agreement was unilaterally coerced or imposed and was not the result of an arm's-length negotiations between the parties; (2) the party seeking to avoid the release did not have independent representation; or (3) the party seeking to enforce the release misrepresented the nature, effect, or scope of the release agreement, or misled the other party about the value or merit of an asserted legal claim."

*Pioneer Resources, LLC*, 187 Or. App. at 357.  None of these limited circumstances exists here.

Because the sole basis for declining to enforce a release agreement is that the release was the "product of a misrepresentation or unconscionable conduct," Paatalo is unable to argue that the U.S. Supreme Court's decision in *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015) is grounds to either unwind or refuse to enforce the parties' negotiated and final Settlement Agreement and release.  Indeed, courts consistently hold that a "change in law," or later clarification of law that was "uncertain," is an insufficient ground on which to invalidate or

Page 14 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

refuse to enforce a settlement agreement.[4]  *See Anita Foundations, Inc. v. ILGWU Nat'l Retirement Fund*, 902 F.2d 185, 189 (2d Cir. 1990) ("[A] settlement payment, made when the law was uncertain, cannot be successfully attacked on the basis of any subsequent resolution of the uncertainty."); *Holland v. Virginia Lee Co., Inc*,188 F.R.D.241 (W.D. Va. 1999) ("[A] supervening change in law will not alone suffice as a ground for invalidating a settlement agreement.").  Accordingly, whether the U.S. Supreme Court's decision in *Jesinoski* is construed as an "intervening change in the law" or clarification of "what the law has always meant," the *Jesinoski* decision is not one of the "limited circumstances" under which the Court may refuse to enforce the parties' Settlement Agreement under Oregon law.  Op. & Order, Dkt. No. 12 (Nov. 12, 2015), p. 13; Op. & Order, Dkt. No. 21 (Feb. 24, 2016), p. 5.

> **B.  Chase is entitled to summary judgment on its affirmative defense of waiver because Paatalo intentionally relinquished his claims against Chase by entering into the Settlement Agreement.**

Under Oregon law, "[w]aiver is an intentional relinquishment of a known right."  *Oracle America, Inc. v. Oregon Health Ins. Exchange Corp.*, ---- F. Supp. 3d ----, 2015 WL 7296233 , at *21 (D. Or. Nov. 18, 2015) (citing *Wood Park Terrace Apartments Ltd. P'ship v. Tri-Vest, LLC*, 254 Or. App. 690, 695, 297 P.3d 494 (2013).  Additionally, "waiver must be manifested in an unequivocal manner."  *Duncan v. Office Depot*, 973 F. Supp. 1171, 1177 (D. Or. 1997).

As set forth in Section IV(A) above, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ by entering into the Settlement Agreement.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[4] Chase respectfully disagrees that *Jesinoski* represents a "change in the law."  When the U.S. Supreme Court construes a statute, it is not "changing" the law, even if the applicable circuit authority previously construed the statute differently.  Instead, when the U.S. Supreme Court "construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law," and is thus announcing a final determination as to what the statute "had always meant." *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312-13 n. 12 (1994).

Page 15 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

███████████████████████████ Fendall Decl., Ex. F, Ex. 1, pp. 1-2. Further, and as also discussed in Section IV(A)(1)(c) above, ███████████████████████████████, *Oracle America, Inc.*, ---- F. Supp. 3d ----, 2015 WL 7296233 at *21. Indeed, at the time Paatalo entered into the Settlement Agreement with Chase, he not only was aware of his purported March 29, 2008 rescission of his loans—and thus any potential claim against Chase arising from his alleged prior rescission of his loans—████████████████████████████████

████████████████████████████████

███████████████████████████ Fendall Decl., Ex. B, p. 35. ██████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Paatalo cannot establish a triable issue of material fact on Chase's affirmative defense of waiver, thus entitling Chase to judgment as a matter of law.

## V.    CONCLUSION

Chase respectfully requests that this Court grant its motion for summary judgment on Paatalo's claim for declaratory relief based on ███████████████████████████████ ███████████ the November 14, 2012 Settlement Agreement between Paatalo and Chase.

DATED this 11th day of May, 2016.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ Kaley L. Fendall
    Kevin H. Kono, OSB #023528
    Kaley L. Fendall, OSB # 093509
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299
    kevinkono@dwt.com
    kaleyfendall@dwt.com

    Frederick B. Burnside, OSB #096617
    Telephone: (206) 757-8016
    Facsimile: (206) 757-7016
    fredburnside@dwt.com
    Attorneys for JPMorgan Chase Bank, NA

Page 16 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DWT 29147446v8 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax