**KEVIN H. KONO, OSB #023528**
kevinkono@dwt.com
**KALEY L. FENDALL, OSB # 093509**
kaleyfendall@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**FREDERICK B. BURNSIDE, OSB #096617**
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone:  (206) 757-8016
Facsimile:  (206) 757-7016

Attorneys for JPMorgan Chase Bank, N.A.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| **WILLIAM J. PAATALO,**<br><br>        **PLAINTIFF**,<br><br>  v.<br><br>**WASHINGTON MUTUAL BANK, F.A. JPMORGAN CHASE BANK NA,**<br><br>        **DEFENDANTS**. | Case No. 15-cv-01420-AA<br><br>**REPLY IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK N.A.'S MOTION FOR SUMMARY JUDGMENT** |

REPLY – JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

DWT 29626063v5 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## I.     INTRODUCTION

In his response to the motion for summary judgment filed by defendant JPMorgan Chase Bank, NA ("Chase") on its affirmative defenses of release and waiver, Paatalo relies on irrelevant arguments regarding "TILA Rescission," "bilateral mistake," and when his rights "accrued."  Paatalo's arguments are irrelevant because the undisputed facts show that, after challenging Chase's right to occupy the property at issue in this case (the "Property") and after seeking a declaratory judgment that, among other things, Paatalo was the rightful owner of the Property and Chase had no interest in the Property—the very declaratory judgment Paatalo seeks in this case—██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████ the Court should grant summary judgment in Chase's favor and dismiss Paatalo's complaint with prejudice.

## II.     ARGUMENT

### A.     Paatalo offers no evidence in opposition to Chase's motion.

Paatalo did not offer any evidence in response to Chase's motion for summary judgment and has not shown the existence of any issue of fact.  Paatalo does not (and cannot) dispute the subject matter or scope of Paatalo's counterclaims in the prior action (the "Lincoln County Action").  Paatalo does not dispute he executed the Settlement Agreement, ████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

Page 1 – REPLY – JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

DWT 29626063v5 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

██████.[1]  Declaration of Kaley L. Fendall ("Fendall Decl.") (Dkt. No. 38), Ex. F, Ex. 1, p. 1-3. There are no issues of fact. ████████████████████████████████████████

████████████████████████████████████████

███

█ ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ Paatalo's opposition focuses on the irrelevant argument that "TILA Rescission is not a cause of action."  Pl. Resp., pp. 2, 4. ████████████████████████████████████████

████████████████████████████ As Chase demonstrated in its motion for summary judgment—and which Paatalo does not directly dispute—Paatalo's "Complaint for Declaratory Judgment" in this case seeks a declaration that he "be put back in title to the subject property as sole owner as is his right," that "the foreclosure of Plaintiff's void Deeds of Trust be deemed null and void," and that "all documents recorded on or against title to the subject property…be declared null and void."  Compl., p. 9 (prayer).  Paatalo disclaims any intent to assert a TILA Rescission claim.  Pl. Resp., p. 3.  Either Paatalo's declaratory judgment action constitutes a "claim" or "cause of action," or Paatalo has no cognizable claim and the Court should dismiss his complaint for that reason.  ████████████████████████

████████████████████████████████████[2]

---

[1] Paatalo purports to "incorporate[] the arguments in its fully briefed motion for summary judgment in opposing Defendant's motion."  Pl. Resp., p. 1.  Those arguments fail for the reasons set forth in Chase's opposition and sur-reply to Paatalo's motion, but they are in any event irrelevant to Chase's motion for summary judgment.  The point of the present motion is that even if Paatalo otherwise could prevail on his affirmative claim (which is the subject of Paatalo's motion), ████████████████████████ Nonetheless, to the extent the Court deems any argument in connection with Paatalo's motion to be relevant to Chase's motion, Chase hereby incorporates its opposition and sur-reply to Paatalo's motion, and specifically notes that whereas Paatalo asserts rescission "indisputably occurred on March 29, 2008," Pl. Resp., p. 2, Paatalo has put forth *no evidence* of any failure to provide a material disclosure or accurate Notice of Right to Cancel with respect to Loan No. XXXXXX9299.  Chase Opp. to Pl. SJ, pp. 9-10.

[2] Paatalo says Chase "falsely asserts" Paatalo's present declaratory judgment action arises out of

Page 2 – REPLY – JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

DWT 29626063v5 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Indeed, this Court has already recognized the distinction between the underlying factual allegations relating to TILA rescission and Paatalo's ability to assert his present claims: "Even assuming the questions of fact related to rescission are resolved in plaintiff's favor, such a release might bar plaintiff *from asserting his **claims*** in this action." Opinion and Order (Dkt. No. 21), p. 6 (emphasis added). Moreover, it is beyond dispute that Paatalo's present claim for a declaratory judgment declaring that he "be put back in title to the subject property as sole owner as is his right" and that "the foreclosure of Plaintiff's void Deeds of Trust be deemed null and void," Compl., p. 9, was available to Paatalo prior to signing the Settlement Agreement—*Paatalo in fact actually sought the very same declaratory judgment in the prior action*. See Chase Mot., pp. 4-5. ████████████████████████████████████████

████████████████████████████████████████

████████████ Paatalo *did* allege the same claim in that action. ████████████

████████████████████ just because Paatalo thinks he now has better case law on which to base the claim.[3]

C.  **No exception to enforcement of the Settlement Agreement exists.**

As Chase set forth in its motion, releases are to be enforced in all but very limited

---

disputes with Chase regarding loans involving Washington Mutual Bank ("WaMu") in an "attempt to manufacture standing." Pl. Resp., p. 4. Of course, Paatalo has sued Chase here, sued Chase previously, and purported to "memorialize" his "formal rescission" with Chase ████████████████████████████████████████ Chase, as defendant, does not need to show "standing," but Paatalo's disputes are and have been with Chase, as reflected by Paatalo's Settlement Agreement with Chase.

[3] Paatalo asserts the "Court has already recognized that Plaintiff was barred from asserting the relief he now seeks prior to *Jesinoski*." Pl. Resp., p. 3. In its Opinion and Order denying Chase's motion to dismiss, the Court found that had Paatalo "made the arguments he now makes at the time of the trustee's sale, they would have been foreclosed by Ninth Circuit precedent." Dkt. No. 12, p. 17. The Court did not cite any such precedent, and in fact it was not until 2012—*years after the 2009 trustee's sale*—that the Ninth Circuit held a borrower had to file a lawsuit within three years of a purported rescission in order to enforce his rights. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1326 (9th Cir. 2012) (whether a borrower who gave "timely notice of rescission … was not required to bring suit within the three-year period … is a matter of first impression"). Prior Ninth Circuit precedent dealt with the situation where *no notice of rescission* was given within the three years following loan consummation. *McOmie-Gray*, 667 F.3d at 1329-30 (discussing *Miguel v. Country Funding Corp.*, 309 F.3d 1161 (9th Cir. 2002). Nothing prevented Paatalo from pursuing a TILA rescission claim after expiration of three years from the date of consummation, ████████████████████████████████████████

Page 3 – REPLY – JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 29626063v5 0036234-000408

circumstances.  Chase Mot., pp. 13-15.  Paatalo does not argue that any of those circumstances exists.  Instead, Paatalo argues the Settlement Agreement was based on a "bilateral mistake" consisting of the state of Ninth Circuit law prior to *Jesinoski* and the supposedly mistaken belief that Chase "had a legal interest in Plaintiff's property."  Pl. Resp., p. 3.  Although "mutual mistake" proven by clear and convincing evidence may be a ground to rescind a settlement agreement generally, *Union Cemetery Ass'n of Crawfordsville Linn Cty. Oregon v. Coyer*, 214 Or. App. 24, 30 (2007), "mutual mistake is not a basis on which to void a *release agreement*." *Graves v. Tulleners*, 205 Or. App. 267, 278-79 (2006) (emphasis added); *see also Raymond v. Feldmann*, 120 Or. App. 452, 455 (in banc), *opinion adhered to as mod. on recon.*, 124 Or. App. 543 (1993) ("In Oregon, mutual mistake is not a basis on which to void a release agreement.").



⁴ Pl. Resp., p. 3.

Fendall Decl., Ex. F, Ex. 1, pp. 1-3 (emphasis added).  The intervening U.S. Supreme Court opinion did not give rise to a "mistake."⁵

---

⁴ Paatalo offers only a single Montana case in support of his "mistake" argument.  Pl. Resp., p. 3. That involved a sale of property and a mutual mistake regarding when restrictions on subdividing and building on the property would be removed.  *Mitchell v. Boyer*, 237 Mont. 434, 437, 774 P.2d 384 (1989).  The case has no application here.

⁵ As Paatalo notes, in connection with denying Chase's motion to dismiss, this Court described *Jesinoski* as explaining what the law had always meant, and thus there was no retroactive application of the law.  Pl. Resp., p. 5; Opinion and Order (Dkt. No. 12), p. 13 (citing *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 313 n.12 (1994)).  In striking Chase's res judicata defense, however, the Court called *Jesinoski* "an intervening change in the law" which "bars a preclusion defense."  Opinion and Order (Dkt. No. 21), p. 5.  Either way, there was no "mistake" in the 2012 Settlement Agreement ▇▇▇ arising from the 2015 *Jesinoski* opinion.

Page 4 – REPLY – JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

DWT 29626063v5 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

██████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████  Just as Paatalo has never addressed whether and how he can return the nearly $1 million he received in connection with the loans he claims he rescinded, ██████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████  *See Union Cemetery*, 214 Or. App. at 29 (where an agreement is based on a mutual mistake that is fundamental to the agreement, the remedy is rescission); *Daugherty v. Young*, 47 Or. App. 585, 589 (1980) ("the purpose of rescission is to unwind the transaction and to put the parties in the same position they would have been in if the transaction had not been entered into"). ████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████

### D.     The Settlement Agreement does not "reverse" the alleged rescission.

Paatalo's argument that the Settlement Agreement cannot "reverse" or "negate" Paatalo's alleged prior rescission, Pl. Resp., pp. 3-4, is similarly irrelevant. ████████████ ██████████████████████████████  Chase does not seek to "reverse" or "negate" the alleged rescission.  When he signed the Settlement Agreement ████████████████ ███████, Paatalo would have known whether he sent a notice of rescission (if he did, in fact, do so).  Paatalo also knew when he signed the Settlement Agreement ████████████████ ███████ that Chase disagreed with Paatalo's contention that he had effectively rescinded his loans. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

Page 5 – REPLY – JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

DWT 29626063v5 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

███████████████████████████████████████████████████████████████

The following hypothetical demonstrates the point. Assume Paatalo timely and properly exercises his unconditional right to rescind, and WaMu refuses to honor the rescission and instead sued to foreclose. Assume Paatalo counterclaims for a declaration that WaMu has no interest in the Property. ███████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████ In that scenario, Paatalo's rescission was effective—███████████████████████████████████████

████████████████████

Likewise, here, even if Paatalo's rescission were effective as he asserts, ███████

███████████████████████████████████████████████████████████████

████████████████████ Regardless whether Chase had any interest to foreclose in light of the purported rescission, ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████

### E.  Paatalo's "counterclaim" argument is another red herring.

Paatalo appears to argue Chase had some burden to assert a counterclaim to "vacate or set-aside the rescission." Pl. Resp., p. 6. Paatalo again bases his argument on the incorrect premise that Chase must defeat Paatalo's TILA rescission arguments ███████████████

██████ As described above, that is plainly wrong. *See, e.g.*, Opinion and Order (Dkt. No. 21), p. 6 ("Even assuming the questions of fact related to rescission are resolved in plaintiff's favor, such a release might bar plaintiff from asserting his claims in this action.").

Page 6 – REPLY – JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

DWT 29626063v5 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### III.   CONCLUSION

For the foregoing reasons and the reasons set forth in Chase's opening memorandum, the Court should grant Chase's Motion for Summary Judgment and dismiss Paatalo's Complaint with prejudice.

DATED this 3rd day of June, 2016.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ Kaley L. Fendall
Kevin H. Kono, OSB #023528
kevinkono@dwt.com
Kaley L. Fendall, OSB # 093509
kaleyfendall@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Frederick B. Burnside, OSB #096617
fredburnside@dwt.com
Telephone: (206) 757-8016
Facsimile: (206) 757-7016

Attorneys for JPMorgan Chase Bank, NA

Page 7 – REPLY – JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

DWT 29626063v5 0036234-000408

DAVIS WRIGHT TREMAINE LLP
1300 S W  Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax